UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR **3 0** 2007

**NANCY MAYER WHITTINGTON, CLERK**
U.S. DISTRICT COURT

RHONDA N. BAIRD, Esquire )
13615 Layhill Road )
Silver Spring, MD 20906 )
)
PLAINTIFF, )
)
)                                       Case No.: **1:06CV01985**
)                                       Judge: **John D. Bates**
vs. )
)
David Holway, et al., )
President )
NAGE )
159 Burgin Parkway )
Quincy, MA 02169 )
)
DEFENDANTS. )
_____ )

## ANSWER TO COMPLAINT

Pro Se Defendant Dwayne Jeffers, Former Officer of NAGE Local R3-77 as of April 1, 2007, hereby answers the November 20, 2006 Complaint filed by Plaintiff Rhonda N. Baird as follows :

### First Defense

The Complaint is actually against NAGE and its agent, NAGE Local R3-77, for alleged nefarious acts committed in a union official capacity. The case against Pro Se Defendant Dwayne Jeffers, Individually, should be dismissed as the Plaintiff concedes that the nefarious acts as alleged against "Local officer's were done within the scope of their roles as officers of the Local [NAGE Local R3-77]" and NAGE is liable for purported acts alleged. (See District Court Case No. 03-2513).

## Second Defense

Pro Se Defendant Dwayne Jeffers, as an Officer of NAGE Local R3-77, should be dismissed as an improperly named defendant as of April 1, 2007, since his last day as a NAGE Local R3-77 union official in any capacity was March 31, 2007. On April 2, 2007, Plaintiff Rhonda N. Baird, Esq. became President of NAGE Local R3-77, as well as Defendant in this case, and inherited the duty to answer the complaint by the April 4, 2007 which she was very well aware of.

## Third Defense

The Complaint includes certain claims upon which relief cannot be granted. In particular, the Plaintiff has failed on numerous occasions to obtain a finding from Arbitrator Robert T. Moore of any kind of misconduct or violation of arbitrator's orders. Over the span of about March 2005 to June 2006, the Plaintiff has filed several motions before Arbitrator Robert T. Moore requesting sanctions for alleged misconduct and/or violation of arbitrator's orders on the part of the Pro Se Defendant as outlined in this Complaint. All attempts were fruitless and unsuccessful!

## Fourth Defense

The Court lacks subject matter jurisdiction over certain claims asserted in the Complaint because the Plaintiff has failed to appeal NAGE Local R3-77's findings of her NAGE complaint through NAGE, which encompassed a good part of the claims in this Complaint, as required by NAGE's Constitution and Bylaws that govern the Plaintiff as a union member as well as her NAGE complaint. (See

2

District Court Case No. 03-2513). NAGE Local R3-77 Officers during relevant time periods, Delarse Montgomery and Barry Greenhill, conducted an investigation that found absolutely no basis for the Plaintiff's claims. Pro Se Defendant produced several requests for sanctions by Plaintiff to Delarse Montgomery and Barry Greenhill. When the Plaintiff was asked to produce a finding of misconduct or violation of arbitrator's orders on the part of the Defendant by Delarse Montgomery and Barry Greenhill, the Plaintiff became enraged and failed to produce any such documentation as none exists. Delarse Montgomery and Barry Greenhill found that the Pro Se Defendant was in fact innocent due to the Plaintiff's failure to substantiate the false and nefarious charged alleged against the Pro Se Defendant.

<u>Fifth Defense</u>

The Plaintiff failed to preserve her claims by not filing an appeal through NAGE as required by NAGE's Constitution and Bylaws that govern the Plaintiff as a union member as well as her NAGE complaint. The Plaintiff later filed a May 17, 2006 Unfair Labor Practice (ULP) based on the claims of her NAGE complaint. These are the very same claims which are the basis for this present lawsuit. NAGE Deputy General Counsel, Gina Lightfoot-Walker, represented the Pro Se Defendant in the preliminary investigation of the ULP by the FLRA. To the best of the Pro Se Defendant's knowledge, the FLRA summarily dismissed the complaint and declined to issue charges against Pro Se Defendant.

## Sixth Defense

The purported claims in this matter constitute a frivolous and baseless complaint meant to run up huge legal fees for NAGE and affiliates such as Pro Se Defendant who may have to hire counsel to defend claims in the individual capacity as alleged by Plaintiff. I had an April 25, 2007 consultation with the law firm of Weinstock, Friedman & Friedman, PA about this Complaint in my individual capacity. Pro Se Defendant was given an estimate of a retainer fee of several thousand dollars. The Plaintiff, Rhonda Baird, has been working in concert with Stuart Bernsen and Valda Johnson in a campaign to persistently file knowingly false charges against NAGE and anyone associated who was willing to work in harmony with NAGE. On July 26, 2006, Judge Ellen Segal Huvelle issued an 81-page decision in the trial of <u>Stuart Bernsen, Esq. & Valda Johnson, et al., vs. David Holway, NAGE, et al.</u>, where she addressed the knowingly false charges made by Stuart Bernsen and Valda Johnson. (See District Court Case No. 03-2513). I testified at this trial in April 2006. The bill of costs and attorneys fees submitted by NAGE was about $600,000, but unfortunately NAGE was not awarded legal fees. Now Plaintiff, Rhonda Baird, purportedly on the behalf of members of NAGE Local R3-77, but most likely on behalf of Stuart Bernsen and Valda Johnson who seek to continue their vendetta against NAGE and affiliates. It should be no surprise that Stuart Bernsen, Esq. was the person who served the summons and complaint on Pro Se Defendant at PBGC on March 15, 2007.

### Seventh Defense

Plaintiff has failed to mitigate any purported damages. Any other purported damages are pre-existing conditions caused by other parties. See <u>Rhonda N. Baird vs. Pension Benefit Guaranty Corporation (PBGC), et al.</u> which is District Court Case No. 03-1759 before Judge Ellen Segal Huvelle. Pro Se Defendant recalls that the Plaintiff gave him a copy of a court filing in that case where she stated that PBGC has mentally, emotionally, and physically damaged her to the tune of about TEN MILLION DOLLARS. See <u>Stuart Bernsen, Esq. & Valda Johnson, et al., vs. David Holway, NAGE, et al.</u>, which is District Court Case No. 03-2513 before Judge Ellen Segal Huvelle. Pro Se Defendant recalls that the Stuart Bernsen, Esq. & Valda Johnson filed a charge that NAGE Defendants damaged them mentally, emotionally, and physically to the tune of about TWO MILLION DOLLARS a piece. Pro Se Defendant believes that Stuart Bernsen, Esq. is actually another Plaintiff (not members of NAGE Local R3-77) in this case despite him being expelled from NAGE Local R3-77 for financial malpractice of wrongfully converting union funds to his personal bank account.

### Eighth Defense

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise declares as follows :

### **Preliminary Statement**

1.    Paragraph 1 contains Plaintiff's characterization of her legal action and conclusions to which no response is required. However, it may contain allegations of fact that are expressly **DENIED**.

5

## Parties

2.    Paragraph 2 contains Plaintiff's characterization of her legal action and conclusions to which no response is required. However, it may contain allegations of fact that are expressly **DENIED**.

3.    Admits.

4.    Admits to the first sentence. Pro Se Defendant lacks sufficient knowledge and information to respond to the rest of the paragraph.

5.    Admits.

6.    Admits to the paragraph, but clarifies that as of April 1, 2007 Richard Petta is no longer President of NAGE Local R3-77. Plaintiff Rhonda N. Baird, Esq. became President of NAGE Local R3-77 on April 2, 2007 and was responsible for having this complaint answered by the April 4, 2007 due date.

7.    Admits that Dwayne Jeffers is an employee of PBGC. He is an Actuary at the PBGC. He has held this position with PBGC since August 1995, and has been employed by the PBGC since August 1995. He is assigned to the US Airways Flight Attendants and Certain Employees/Salaried, as well as Consolidated Freightways pension plans and works on the Ariel actuarial valuation system utilized by PBGC. He completed his tour of duty as Vice President at Large and Chief Steward of NAGE Local R3-77 on March 31, 2007. He is no longer a NAGE official in any capacity.

8.   Admits that Robert Perry was an employee of PBGC, but clarifies that he completed his tour of duty as Secretary of NAGE Local R3-77 on March 31, 2007. He is no longer a NAGE official in any capacity.

## Jurisdiction

9.   **DENIED**. See affirmative defenses above. The Court lacks subject matter jurisdiction over certain claims asserted in the Complaint because the Plaintiff has failed to appeal NAGE Local R3-77's findings of her NAGE complaint through NAGE, which encompassed a good part of the claims in this Complaint, as required by NAGE's Constitution and Bylaws that govern the Plaintiff as a union member as well as her NAGE complaint. (See District Court Case No. 03-2513).

## Venue

10.  Pro Se Defendant lacks sufficient knowledge and information to respond as the Plaintiff, who is a PBGC Attorney, noted Pro Se Defendant's lack of legal education in paragraph 25.

## Factual Statement

11.  Admits.

12.  Plaintiff's observations may be true or may not be true.

13.  Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph as it is vague and no timeframe is given.

7

14. Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph as it is vague and no timeframe is given.

15. Admits.

16. Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph as he was not present during testimony of Plaintiff.

17. The April 26, 2005 decision from Arbitrator Robert T. Moore corroborates paragraph 17.

18. The April 26, 2005 decision from Arbitrator Robert T. Moore corroborates paragraph 18.

19. The April 26, 2005 decision from Arbitrator Robert T. Moore corroborates paragraph 19.

20. Admits.

21. Admits.

22. Admits.

23. Admits. Rhonda Baird maintains extremely close ties and allegiance to the ousted officers, Stuart Bernsen and Valda Johnson.

24. **DENIED**. Richard Petta and Robert Perry were also in-house Stewards appointed by the Trustee during the trusteeship of NAGE Local R3-77. Dwayne Jeffers became Rhonda Baird's representative in the arbitration on or about August 2003 as she begged and pleaded with him for assistance. Dwayne Jeffers was a

Steward of NAGE Local R3-77 at the time. This is at a time when Rhonda Baird was at odds with Stuart Bernsen and Valda Johnson. The situation spurned Rhonda Baird to file an October 29, 2003 ULP against them alleging that "**Mr. Bernsen's attacks have escalated to include physical intimidation of me on several occasions**" and "<u>**deliberate and malicious breach of fiduciary duties and confidentiality in the dissemination of information about my case**</u> **by President Valda Johnson and Executive Vice President Stuart Bernsen**". (See attached Exhibit #1).

25.    **DENIED.** Rhonda Baird pleaded and begged the Trustee to appoint Dwayne Jeffers as a Steward for sole and limited purposes of representing her in the matter as he previously represented her before trusteeship. On or about February 2004, the Trustee appointed Dwayne Jeffers as a Steward for sole and limited purposes of representing Rhonda Baird in the matter. On or about May 2004, the Trustee appointed Dwayne Jeffers as a full Steward of NAGE Local R3-77 for the period of trusteeship. The situation spurned Rhonda Baird to file a June 11, 2004 ULP against the Trustee alleging that the Trustee "**repeated open and notorious** <u>**violations of my privacy interest**</u> **by publicly naming me and discussing my case without my consent**". (See attached Exhibit #2).

26.    Admits.

27.    Pro Se Defendant lacks sufficient knowledge and information to respond this paragraph. Pro Se Defendant needs to see a copy to admit or deny. **Pro Se Defendant has _never_ been found guilty of any misconduct or violation of arbitrator orders by Arbitrator Robert T. Moore.**

28.    Pro Se Defendant lacks sufficient knowledge and information to properly respond to this paragraph. Pro Se Defendant is aware that there is a dispute between Rhonda Baird and PBGC about alleged medical information being used from Rhonda N. Baird vs. Pension Benefit Guaranty Corporation (PBGC), et al. which is District Court Case No. 03-1759 before Judge Ellen Segal Huvelle. Allegedly PBGC violated court orders in that case and wrongfully used information obtained in the court case improperly in the arbitration. Both the Plaintiff and PBGC have tried to use the Pro Se Defendant as a pawn in their games to place blame on the Pro Se Defendant. Both the Plaintiff and PBGC have unsuccessfully filed numerous motions with Arbitrator Robert T. Moore to have blame put on the Pro Se Defendant. Pro Se Defendant is aware that PBGC has questioned the Plaintiff's fitness to serve as a licensed attorney because of her admissions that the "extremely egregious actions by PBGC management officials in the November 13, 2002 incident and subsequent events—actions which caused the **Plaintiff's [Rhonda N. Baird, Esq.] severe psychological injuries** and

10

emotional distress." This is a direct quote from a January 30, 2004

filing of Rhonda N. Baird, Esq. in District Court Case No. 03-1759

before Judge Ellen Segal Huvelle.

29.    **DENIED**. It was the Plaintiff who persistently tried to coerce and

pressure the Pro Se Defendant to sever his relationship with NAGE

and join Stuart Bernsen, Valda Johnson, and herself in their

vendetta with NAGE. Stuart Bernsen, Valda Johnson, and Rhonda

Baird rejoiced at the escalating bills for NAGE that was caused

through the trusteeship of NAGE Local R3-77 and legal bills from

the law firm of Bredhoff & Kaiser in District Court Case No. 03-2513

before Judge Ellen Segal Huvelle, not to mention the unpaid

arbitration bills NAGE had to pay which was part of the financial

malpractice of the ousted officers.

30.    **DENIED**. Pro Se Defendant was the representative in a 13-day

arbitration where Mr. Perry was considered the "star" witness by the

arbitrator. The matter had to do with PBGC's investigation of Mr.

Perry by a so-called outside and impartial investigative law firm of

Shaw, Bransford, Veillux, and Roth. The arbitrator described the

investigation as "**exhaustive and coercive**" and "**also one-sided**".

The arbitrator further stated that "**None of the potentially**

**exonerating witnesses Robert Perry requested to be**

**interviewed were contacted**". The arbitrator Robert T. Moore, a

retired Deputy Director of the Civil Rights division of the

11

Department of Justice, was outraged to find that PBGC conducted a false and corrupt investigation to use against Mr. Perry in his federal court lawsuit. Further, the arbitrator was outraged to find out that PBGC still continued to try to support the finding against Robert Perry while PBGC admitted that they took no action against Stacy Wilson, formerly Stacy Williams, who e-mailed Mr. Perry **the infamous Grandma's Doggy Style pornographic video clip . This pornographic video clip displayed a grandmother in a black sexual-clad outfit having sex with a big black dog in the doggy-style position with the grandmother moaning and screaming with joy. At the end of the video clip, the dog pulls out and shows that the dog was well endowed**. Ms. Wilson was one of the purported witnesses claiming that Robert Perry was sexually harassing her.

31.     Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph as he needs to see the particular e-mails being referred to by the Plaintiff. Pro Se Defendant has been called a "liar", "unethical", "immoral", and everything else but a child of God by the Plaintiff and her cohorts, Stuart Bernsen and Valda Johnson. Pro Se Plaintiff has been regularly attributed as a reputed member of the "Overthrowers" group by the Plaintiff and her cohorts, Stuart Bernsen and Valda Johnson, who alleged he conspired with NAGE, PBGC, and others to retaliate against Stuart

12

Bernsen and Valda Johnson and defame them with false financial malpractice charges. Pro Se Defendant does recall calling them "pathological liars" in defense to their onslaught of persistent false statements and innuendoes. Judge Ellen Segal Huvelle issued an 81-page decision in the trial of <u>Stuart Bernsen, Esq. & Valda Johnson, et al., vs. David Holway, NAGE, et al.</u>, where she addressed the knowingly false charges made by Stuart Bernsen and Valda Johnson. (See District Court Case No. 03-2513). Pro Se Defendant testified at this trial in April 2006. The decision affirmed that it was a bunch of persistent false statements and innuendoes. Plaintiff continues to perpetuate the false statements and innuendoes about this "Overthrowers" conspiracy. (See attached Exhibit #3).

32.   Pro Se Defendant lacks sufficient knowledge and information to respond this paragraph.

33.   Admits.

34.   **DENIED**. It is the Plaintiff who holds a hostility toward Robert Perry and Dwayne Jeffers. Robert Perry, Jason Weyand, Cynthia Greene, and Dwayne Jeffers were considered potential witnesses for the Defendants in District Court Case No. 03-2513 where Stuart Bernsen and Valda Johnson were Plaintiffs and Rhonda Baird considered intervening as a Plaintiff. Stuart Bernsen, Valda Johnson, and Rhonda Baird engaged in a pattern of intimidating

and hostile activities toward Robert Perry, Jason Weyand, Cynthia
Greene, and Dwayne Jeffers in an effort to dissuade them from
testifying for NAGE in District Court Case No. 03-2513.

35.   **DENIED**. It was Rhonda Baird who acted as the antagonist by
harassing Robert Perry and Dwayne Jeffers and calling them
names. PBGC unilaterally implemented an e-mail block to stop
Rhonda Baird from her campaign of terror against Robert Perry and
Dwayne Jeffers. Unfortunately, PBGC later removed the e-mail
block.

36.   **DENIED**. NAGE Local R3-77 investigated and found that Rhonda
Baird could not produce a finding of any misconduct or violation of
arbitrator orders on the part of Robert Perry and Dwayne Jeffers by
Arbitrator Robert T. Moore. Plaintiff filed a May 17, 2006 Unfair
Labor Practice with the same innuendoes and the FLRA has not
found anything. (See attached Exhibit #4).

37.   **DENIED**. Pro Se Defendant properly complied with the October
2005 federal court subpoena from Plaintiff, Robert Perry, in a case
before Judge Colleen Kollar-Kotelly.

38.   **DENIED**. Pro Se Defendant properly complied with the October
2005 federal court subpoena. Judge Colleen Kollar-Kotelly has
never made any findings of misconduct or improper compliance on
the part of the Pro Se Defendant with regard to the subpoena. The
Plaintiff's attorney Jonathan C. Puth of the law firm of Webster,

14

Fredrickson & Brackshaw contacted me on April 14, 2006 to confirm that the arbitration record was not under seal. I sent Robert Perry an e-mail on April 14, 2006 confirming that conversation. Plaintiff through her attorney stated "**At a hearing dated November 21, 2005.........Although on that date the Agency [PBGC] sought an order from you to seal the record in this case, Ms. Baird is certain that you ruled against the Agency on that very point. I have also spoken to Mr. Perry, and Mr. Perry is also certain that you denied the Agency's motion to place the record under seal. Mr. Perry recalls that you explicitly stated that the record was not under seal.**" (See attached Exhibit #5).

39. **DENIED**. Pro Se Defendant has <u>never</u> been found guilty of any misconduct or violation of arbitrator orders by Arbitrator Robert T. Moore.

40. **DENIED**. Pro Se Defendant has <u>never</u> been found guilty of any misconduct or violation of arbitrator orders by Arbitrator Robert T. Moore.

41. Pro Se Defendant lacks sufficient knowledge and information to respond this paragraph.

42. Pro Se Defendant lacks sufficient knowledge and information to respond this paragraph.

43.    **DENIED**. Pro Se Defendant has <u>never</u> been found guilty of any misconduct or violation of an arbitrator orders by Arbitrator Robert T. Moore.

44.    **DENIED**. A proper factual recitation can be obtained by reading Plaintiff Robert Perry's documents in District Court Case No. 06-1371 before Judge Colleen Kollar-Kotelly.

**Count I**
**Violation of Bill of Rights of Members of Labor Organizations**

45.    Allegations in the previous paragraphs have been answered.

46.    Pro Se Defendant lacks sufficient knowledge and information to respond this paragraph.

47.    **DENIED**.

48.    Admits.

49.    **DENIED**.

50.    **DENIED**.

51.    **DENIED**. It is the Plaintiff who has engaged in an egregious, malicious, reckless, and indifferent disregard for the truth. Plaintiff's bi-polar opposite representations through her attorney that stated **"you [Arbitrator Robert T. Moore] explicitly stated that the [arbitration] record was not under seal"**, defeats her purported "factual" representations in this present Complaint. (See attached Exhibit #5).

**Count II**
**Violation of Fiduciary Responsibilities of Officers of Labor Organizations**

16

52.    Allegations in the previous paragraphs have been answered.

53.    Pro Se Defendant lacks sufficient knowledge and information to
       respond this paragraph.

54.    **DENIED**. Pro Se Defendant has never made any purported
       statements as alleged by Plaintiff in paragraph 54. This is exactly
       why Pro Se Defendant was never sanctioned by Arbitrator Robert
       T. Moore, the FLRA has not found any proof to support her May 17,
       2006 ULP, and NAGE Local R3-77 has found no truth to her
       complaint.

55.    **DENIED**. Allegations such as these can only be characterized as
       **litigation induced hallucinations and delusions**.

56.    **DENIED**. Plaintiff engaged in a pattern and practice spreading false
       innuendoes about the Pro Se Defendant.

57.    **DENIED**. The only gross misconduct that occurred was on the part
       of the Plaintiff for failing to take proper care of "**Plaintiff's [Rhonda
       N. Baird, Esq.] severe psychological injuries**" in the amount of
       **TEN MILLION DOLLARS**.

58.    **DENIED**.  The only misconduct, failure, and lost of trust is on the
       part of the Plaintiff, Rhonda N. Baird, Esq., who is an officer of the
       court and has decided to use her legal knowledge to perpetuate
       false innuendoes against the Pro Se Defendant. Pro Se Defendant
       is aware that the Pension Benefit Guaranty Corporation (PBGC)
       has taken action against Stuart Bernsen, Esq., who holds legal

licenses in the District of Columbia and New Jersey, for violations of Rules of Professional Conduct & Code of Ethics for attorneys for his actions in Judge Ellen Segal Huvelle's 81-page decision in the trial of <u>Stuart Bernsen, Esq. & Valda Johnson, et al., vs. David Holway, NAGE, et al.</u>, where she addressed the knowingly false charges made by Stuart Bernsen and Valda Johnson. (See District Court Case No. 03-2513).

**Count III**
**Violation of D.C. Mental Health Information Act**

59.    Allegations in the previous paragraphs have been answered.

60.    Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph.

61.    **DENIED.**

62.    **DENIED.** Defendant is aware that PBGC has questioned the Plaintiff's fitness to serve as a licensed attorney because of her admissions that the "extremely egregious actions by PBGC management officials in the November 13, 2002 incident and subsequent events—actions which caused the **Plaintiff's [Rhonda N. Baird, Esq.] severe psychological injuries** and emotional distress." This is a direct quote from a January 30, 2004 filing of Rhonda N. Baird, Esq. in District Court Case No. 03-1759 before Judge Ellen Segal Huvelle. The only malicious acts committed were by Rhonda Baird who filed this Complaint with a total lack of foundation.

63.   **DENIED**. It is the Plaintiff who engaged in a campaign of putting out
      information about her situation on public court record and around
      PBGC. The Plaintiff attended union meetings stating that she even
      knows that she is "**CRAZY**". The Plaintiff spread her personal
      business around PBGC that she has some type of physical
      condition that she cannot give birth to a child and that the men in
      her life have historically abused her and have said that she is
      "**DAMAGED GOODS**". The Plaintiff further revealed her personal
      business around PBGC that she had planned to withhold
      information from Montgomery County Social Services of the state of
      Maryland in an effort to adopt children, but had to take a change of
      course when she went public by stating that she has "**severe
      psychological injuries**" to the tune of **TEN MILLION DOLLARS**.

64.   **DENIED**. The only misconduct is on the part of the Plaintiff. Her
      allegations can only be characterized as **litigation induced
      hallucinations and delusions**.

65.   **DENIED**. Plaintiff's intentional, malicious, and reckless conduct in
      failing to procure an arbitrator's finding of wrongdoing before
      proceeding with this Complaint is part of a campaign of terror on
      the part of the Plaintiff. Plaintiff has publicly made known her
      dissatisfaction with Judge Ellen Segal Huvelle's 81-page decision in
      the trial of Stuart Bernsen, Esq. & Valda Johnson, et al., vs. David
      Holway, NAGE, et al., where she addressed the knowingly false

19

charges made by Stuart Bernsen and Valda Johnson. (See District Court Case No. 03-2513). To the best of the Pro Se Defendant's knowledge, Rhonda Baird testified in that matter on behalf of Stuart Bernsen and Valda Johnson with false and nefarious allegations against the Pro Se Defendant. I testified at this trial in April 2006. The Plaintiff continues to attack the Pro Se Defendant for providing testimony in that matter.

**Count IV**
**Invasion of Privacy**

66.    Allegations in the previous paragraphs have been answered.

67.    Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph.

68.    **DENIED**. Plaintiff's intentional lack of regard for a factual basis for this Complaint could be viewed as highly offensive to a reasonable person.

69.    **DENIED**. As a result of the Plaintiff's misconduct, the Pro Se Defendant lives in fear of what is going to be the next set of delusions and innuendoes from the Plaintiff. (See attached Exhibit #3).

70.    **DENIED**. Plaintiff's intentional, malicious, and reckless conduct in failing to procure an arbitrator's finding of wrongdoing before proceeding with this Complaint is part of a campaign of terror on the part of the Plaintiff.

## Count V
### Intentional Infliction of Emotional Distress

71.    Allegations in the previous paragraphs have been answered.

72.    **DENIED**. It was in fact the Plaintiff who released arbitration records into the public court record. An example is exhibits 2 & 3 from a January 30, 2004 filing of Rhonda N. Baird, Esq. in District Court Case No. 03-1759 before Judge Ellen Segal Huvelle. The Plaintiff also engaged in a public campaign of informing PBGC employees about the matter. Plaintiff took a big box of pills containing the different types of medications that she was taking for her mental problems and publicly took it around to PBGC employees telling them look what PBGC did to me.

73.    **DENIED**. The only outrageous conduct is on the part of the Plaintiff. Rhonda Baird, Esq. has displayed an outrageous conduct by theses allegations that can only be characterized as **litigation induced hallucinations and delusions**.

74.    **DENIED**. The Plaintiff attended union meetings stating that she even knows that she is "**CRAZY**". The Plaintiff spread her personal business around PBGC that she has some type of physical condition that she cannot give birth to a child and that the men in her life have historically abused her and have said that she is "**DAMAGED GOODS**". Any alleged damage is pre-existing conditions.

21

75. **DENIED.** Plaintiff's intentional, malicious, and reckless conduct is absolutely ludicrous and outrageous. Plaintiff decided to embark on her campaign of publicly broadcasting her mental problems and now has to backtrack on her position as there is an outstanding question of her mental competency to operate as a licensed attorney. Plaintiff seeks a scapegoat in the Pro Se Defendant. Arbitrator Robert T. Moore scoffed at the Plaintiff's numerous requests for sanctions against the Pro Se Defendant and verbally ordered Dwayne Jeffers not to respond to any more of the motions for sanctions by the Plaintiff as he was well aware of her vendetta against NAGE.

### Count VI
### Negligence

76. Allegations in the previous paragraphs have been answered.

77. Pro Se Defendant lacks sufficient knowledge and information to respond to this paragraph.

78. **DENIED.** Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

79. **DENIED.** Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

### Count VII
### Respondent Superior

80. Allegations in the previous paragraphs have been answered.

81.    **DENIED**. There was no conduct or misconduct that would imply liability for NAGE.

82.    Pro Se Defendant lacks sufficient knowledge and information to respond this paragraph.

83.    **DENIED**. Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

84.    **DENIED**. Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

<u>**Count VIII**</u>
**Defamation**

85.    Allegations in the previous paragraphs have been answered.

86.    **DENIED**. Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

87.    **DENIED**. Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

88.    **DENIED**.

89.    **DENIED**. Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

90.    **DENIED**. Allegations such as these can only be characterized as **litigation induced hallucinations and delusions**.

<u>**Relief Requested**</u>

The allegations contained in sub-paragraphs (a) through (f) following paragraph 90 of the Complaint constitute Plaintiff's prayer for relief and as such require no answer. Insofar as a response is required, Pro Se Defendant **DENIES**

that Plaintiff is entitled to the relief requested or to any relief whatsoever. Except to the extent expressly admitted or qualified above, Pro Se Defendant **DENIES** each and every allegation in the Complaint.

### Jury Demand

Plaintiff's demand for a trial by jury does not require a response from Pro Se Defendant.

### PRO SE DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Pro Se Defendant Dwayne Jeffers prays this Court grant the following relief :

> (a) This action be expeditiously <u>dismissed with prejudice</u> in its entirety as it relates to the Pro Se Defendant;

> (b) A declaratory judgment that Plaintiff, who is a **PBGC Attorney and holds her legal license in the state of Maryland**, willfully filed a frivolous lawsuit in bad faith against the Pro Se Defendant;

> (c) An injunction enjoining Plaintiff from engaging in such conduct in the future;

> (d) A recommendation from the Court that the Maryland State Bar Association take disciplinary action against the Plaintiff for any significant misconduct found on the part of the Plaintiff in this proceeding;

> (e) Award Pro Se Defendant any costs and attorney's fees if legal counsel is retained for this matter; and

> (f) Grant such other and further relief as may be appropriate.

## EXHIBIT LIST

Exhibit #1 : October 29, 2003 Unfair Labor Practice (ULP) from Rhonda Baird (1 page)

Exhibit #2 : June 11, 2004 Unfair Labor Practice (ULP) from Rhonda Baird (1 page)

Exhibit #3 : February 28, 2007 6:25pm e-mail string from Dwayne Jeffers (3 pages)

Exhibit #4 : May 17, 2006 Unfair Labor Practice (ULP) from Rhonda Baird (1 page)

Exhibit #5 : April 14, 2006 memorandum from Rhonda Baird attorney, Jonathan C. Puth, of the law firm of Webster, Fredrickson & Brackshaw (3 pages)


## VERIFICATION OF ANSWER BY DWAYNE JEFFERS

I, Pro Se Defendant Dwayne Jeffers, hereby verify this answer by stating that I declare under penalty of perjury that the factual statements contained in this answer are true and correct.

Date : April 30, 2007

Dwayne Jeffers
Pro Se Defendant
1200 K Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2007, I served copies of the Pro Se Defendant's Answer by first class mail or hand delivery on the following persons :

Rhonda N. Baird
13615 Layhill Road
Silver Spring, MD 20906
     *Plaintiff &*
     *Defendant as current President of NAGE Local R3-77*

David Holway
National Association of Government Employees
159 Burgin Parkway
Quincy, MA 02169
     *Defendant*

Richard Petta
NAGE Local R3-77
1200 K Street, NW
Washington, DC 20005
     *Defendant (former President of NAGE Local R3-77)*

Dwayne Jeffers
Pro Se Defendant
1200 K Street, NW
Washington, DC 20005

# EXHIBIT   1

Form Exempt Under 44 U.S.C. 3512



| UNITED STATES OF AMERICA **FEDERAL LABOR RELATIONS AUTHORITY** **CHARGE AGAINST A LABOR ORGANIZATION** | **FOR FLRA USE ONLY** |
|---|---|
| | Case No. |
| | Date Filed |

Complete instructions are on the back of this form.

| **1. Charged Labor Organization** | **2. Charging Party (Individual, Labor Organization, Activity, or Agency)** |
|---|---|
| Name: Nat'l Ass'n of Gov't Employees, Local R3-77 | Name: RHONDA BAIRD |
| Address: 1200 K Street, NW Washington DC 20005 | Address: 13615 LAYHILL ROAD SILVER SPRING, MD 20906 |
| Tel.#: (202) 326-4020    Ext. 4145 | Tel.#: (301) 603-1641    Ext. |
| Fax#: (  ) | Fax#: ((202) 722-8501 |
| **3. Charged Labor Organization Contact Information** | **4. Charging Party Contact Information** |
| Name: VALDA JOHNSON | Name: RHONDA BAIRD |
| Title: PRESIDENT | Title: MEMBER, LOCAL R3-77 |
| Address: 1200 K Street, NW Washington DC 20005 | Address: SAME AS ABOVE |
| Tel.#: (202) 326-4100    Ext. 3481 | Tel.#: (  )    Ext. |
| Fax#: | Fax#: (  ) |

5. Which subsection(s) of 5 U.S.C. 7116(b) and/or (c) do you believe have been violated? [See reverse]  **(b)(1)**

6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.

In February 2003, NAGE Local R3-77 invoked arbitration for an unresolved grievance I brought against my employer, the Pension Benefit Guaranty Corporation ("PBGC"). The Executive Committee of the Local worked with me to prepare for the arbitration, until Friday, September 12, 2003. On that day, I informed the Executive Vice President/Chief Steward of the Local, Stuart Bernsen, that I wanted another member of the Local, attorney and former steward Jason Weyand, to work on the case and represent me at the hearing. I also asked to be reinstated as a steward to work on my case. Mr. Bernsen and the Union President immediately began acting in bad faith and interfering with my arbitration by sending e-mails attacking and defaming me. Mr. Bernsen's attacks have escalated to include physical intimidation of me on several occasions. The worst act of intimidation by Mr. Bernsen occurred on October 20, 2003 in the Local's office when Mr. Bernsen came around the table to make accusations in my face. The act was witnessed by the Local's President Valda Johnson, Secretary Elizabeth Baker, and Steward Delarse Montgomery. Other acts committed by the Local's Executive Committee, especially the President Valda Johnson and Executive Vice President/Chief Steward Stuart Bernsen in retaliation for my request for someone other than Mr. Bernsen to represent me at my arbitration include, among other things:

1.  Postponing my arbitration from October 2 and 3, 2003 despite my and others ability to prepare to conduct the arbitration;
2.  Failure to reappoint me as a steward for over a month after my request;
3.  Ordering me to work on my arbitration without allowing me official time to do so;
4.  Excluding me from a telephonic status call on September 30, 2003 regarding the arbtiration;
5.  The sole representative for the Local and me at the teleconference, President Valda Johnson, admitted after the call that she was not familiar with the issues in my case so she did not prepare to adequately represent my interest in the call;
6.  Presdient Valda Johnson and Executive Vice President and Chief Steward Stuart Bernsen refusal to recuse themselves from my case after I filed complaints against them with the Naitonal Union and PBGC;
7.  Executive Committee's deliberate delay in convening a special membership meeting in accordance with the Local's Bylaws after it received a petition to allow the Local's members to decide if my arbitration should go forward on October 2 and 3;
8.  Deliberate and malicious breach of fiduciary duties and confidentiality in the dissemination of information about my case by President Valda Johnson and Executive Vice President Stuart Bernsen; and
9.  Malicious and bad faith interference with my private attorney David Shapiro and his law firm.

For relief I ask:
a.  To be reimbursed for all costs, expenses and legal fees I incurred as a result of the Local's multiple violations;
b.  Appropriate notices posted and distributed; and
c.  All other relief that is just and proper.

7. Have you or anyone else raised this matter in any other procedure?  ✓ No  ___ Yes    If yes, where? [see reverse] _____

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY (check "x" box)  ☐ Fax  ☐ 1st Class Mail  ☑ In Person
☐ Commercial Delivery  ☐ Certified Mail

| RHONDA BAIRD | | 10/29/2003 |
|---|---|---|
| Type or Print Your Name | Your Signature | Date |

FLRA Form 23 (Rev. 1/99)

# EXHIBIT 2

Form Exempt Under 44 U.S.C. 3512



| UNITED STATES OF AMERICA<br>**FEDERAL LABOR RELATIONS AUTHORITY**<br>**CHARGE AGAINST A LABOR ORGANIZATION** | **FOR FLRA USE ONLY** |
|---|---|
| | Case No. |
| | Date Filed |

**Complete instructions are on the back of this form.**

| 1. Charged Labor Organization | 2. Charging Party (Individual, Labor Organization, Activity, or Agency) |
|---|---|
| Name: Nat'l Ass'n of Gov't Employees, Local R3-77 | Name: Rhonda Baird |
| Address: 1200 K Street, NW<br>Washington, D.C. 20005 | Address: 13615 Layhill Road<br>Silver Spring, MD 20906 |
| Tel.#: (202) 326-4100    Ext. 4145 | Tel.#: (301) 603-1641    Ext. |
| Fax#: (   ) | Fax#: ((202) 722-6901 |
| **3. Charged Labor Organization Contact Information** | **4. Charging Party Contact Information** |
| Name: Stephanie Zaiser | Name: Rhonda Baird |
| Title: Trustee, NAGE Local R3-77 | Title: Member of NAGE Local R3-77 |
| Address: 1200 K Street, NW<br>Washington, D.C. 20005 | Address: |
| Tel.#: (202) 326-4100    Ext. 4145 | Tel.#: (   )    Ext. |
| Fax#: | Fax#: (   ) |

5. Which subsection(s) of 5 U.S.C. 7116(b) and/or (c) do you believe have been violated? [See reverse] ___ **(b)(1), (3), (4), (8)** ___

6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.

By letter dated January 12, 2004, Ms. Zaiser removed Local R3-77 from representing and paying for an arbitration that was properly invoked under the rules of the Local. Since that time, Ms. Zaiser has commited multiple violations of federal labor laws to include:
1. violating the duty of fair representation by failing to prosecute my claims of discrimination and violations of the CBA:
2. failure to contact and discuss my case with me despite repeated communication informing Ms. Zaiser and the National Office of NAGE that there were errors in the decisions that were being issued by representatives of the National Office'
3. Failure to explain the basis for her decision;
4. Stating, in a public Local meeting, that she made her decision in reliance on the National Union's decision, which implied that she did not independently review the record of the case;
5. Retaliating against me with the National Union because I spoke out on the failure of National to adequately represent members of the Local and failure to work with the Local to address serious workplace issues, among other things;
6. Disparate treatment of black employees who try to address discrimination issues through arbitration compared to non-blacks;
7. Repeated open and notorious violations of my privacy interest by publicly naming me and discussing my case without my consent;
8. Failure to provide me with a critical November 2003 document in my arbitration despite repeated requests;
9. Failure to grant my request to use official time to work on the arbitration myself;
10. Lying to Local members about her handling of my case;
11. Deliberately communication her position about my case to the arbitrator that caused the agency defendant to challenge to my standing to proceed;
12. Failure to provide representatives after trusteeship of the Local and then only appointing stewards from the Local when forced to do so;
13. Micromanaging the time my representative has been allowed to use to work on my arbitration;
Trying to settle an arbitration over the improper EEO structure of the agency I work for, PBGC, in a manner that is not in the bargaining units best interest and seems only intended to help PBGC avoid responsibility for its actions.

Ms. Zaiser's actions are malicious and deliberate. She has acted in a manner that signalled her intent to harm me and my case and to punish me. For relief I ask that the Local reimburse me for all costs and expenses incurred as a result of the conduct of Ms. Zaiser and for the stress her behavior has caused. Additionally, I request that the FLRA order the Local to post a notice about the misconduct of the Local and corrective measures that would be taken to address them. I also request all other just and proper remedies available in this case.

7. Have you or anyone else raised this matter in any other procedure?    ✓ No    ___ Yes    If yes, where? [see reverse] ___

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box]  ☐ Fax  ☐ 1st Class Mail  ☑ In Person
☐ Commercial Delivery  ☐ Certified Mail

| RHONDA BAIRD | [signature] | 6/11/04 |
|---|---|---|
| Type or Print Your Name | Your Signature | Date |

FLRA Form 23 (Rev. 1/99)

# EXHIBIT   3

## Jeffers Dwayne

| | |
|---|---|
| **From:** | Jeffers Dwayne |
| **Sent:** | Wednesday, February 28, 2007 6:25 PM |
| **To:** | Baird Rhonda |
| **Cc:** | 'Robert Perry'; Jeffers Dwayne |
| **Subject:** | Innuendoes & Related Matters |

**Attachments:** RE: Membership List; Phone Call With Jonathan Puth; RE: Harassement by a Federal Employee (Rhonda Baird); RE: Local Elections Committee

Ms. Baird,

I made no attempts to delude or obfuscate in my e-mail below.
Your attached Fri 2/9/2007 9:22 AM e-mail explicitly states :
**"Let's be clear, the delayed announcement for the election, has already compromised the process for me!  With Dick and PBGC likely to campaign against me, I needed all the time possible to unseat any incumbent who may run for President.  We all know that all but a few of the members left in the Local are Dick's cronies."**
Thus, your e-mail below represents nothing more than the usual delusions and innuendoes that have become the norm.

I am aware of the November 20, 2006 United States District Court for the District of Columbia lawsuit that you filed where I am an explicitly and prominently named Defendant. It is case number 1:06CV01985 jury action before Judge John D. Bates. I would say that the brunt of the attack of delusions and innuendoes contained in that lawsuit were directed at myself. It is quite interesting to note that you stated in the lawsuit **"Jeffers became Ms. Baird's assistant despite his lack of experience and legal education.** " The bottom line is that the arbitration decision clearly notes that I was the duly appointed NAGE Representative in the arbitration before Arbitrator Robert T. Moore. Furthermore, at this particular time I am glad that I do not have a formal legal education or hold a legal license.

PBGC acknowledges that as a PBGC Attorney you are held to very high standards due to your formal legal education the fact that your legal license requires higher ethical standards. From you and your attorney's own admissions, the arbitration transcripts and exhibits were not under seal. Please see attached Fri 4/14/2006 10:24 AM e-mail. Your attorney contacted me trying to get you out of sanctions requested by PBGC as PBGC even wanted to know where you stood on the issue. It would be quite interesting to see how you (a PBGC Attorney) would convince a judge that the arbitration transcripts and exhibits were under seal as deemed confessions by you and your attorney seem to contradict the polar opposite assertions that were made in the November 20, 2006 lawsuit you filed. I apologize for my **"lack of experience and legal education"**, but I am doing the best that I can trying to comprehend this matter.

Dick Petta informed NAGE officials at a meeting with NAGE Deputy General Counsel earlier this month about the November 20, 2006 United States District Court for the District of Columbia lawsuit that you filed. Dick Petta stated that PBGC management officials told him about the lawsuit and the fact that Dick Petta was an explicitly named Defendant.

**This e-mail serves as fair warning to you if you choose to persist with these actions,**

**then I will contact the PBGC General Counsel and Senior Ethics Official.** If you continue to try to use your knowledge of the legal system to continue your campaign of intimidation and innuendoes then I will be forced to take action. Despite my "**lack of experience and legal education**", I am aware of PBGC citing another PBGC Attorney for legal/ethical impropriety regarding a lawsuit against NAGE somewhat similar to what you filed.

**The only true statement in your e-mail below is that I am scared of what is next for me (Jeffers). I am scared of what the next set of delusions and innuendoes will be about.**

Thank you,
Dwayne Jeffers
Federal Employee

---

**From:** Baird Rhonda
**Sent:** Sunday, February 18, 2007 3:59 PM
**To:** Yamaoka Craig; Jeffers Dwayne; 'Robert Perry'; Greenhill Barry
**Cc:** Petta Richard
**Subject:** RE: Election committee

Craig, don't let Mr. Jeffers affect you in the fulfillment of your role. His allegations are just that-- allegations. If you'r're comfortable that reasonable effort was made to impanel a committee, then the Board simply needs to give the volunteers the power to do its job. I know the difference between Dick's incompetence, other Board members attempt to obfuscate and delude versus your efforts.

I encourage you not to get caught up in the blight and stain that is the legacy of the Overthrowers who worked to put Stuart and Valda out of office and then either ran from PBGC (Weyand, Greene, Wolf), buckled under management pressure to leave (Perry), or are afraid of what's next for them (Petta and Jeffers). Just say no to the mischief of persons who you common sense warns you to be wary of....

**Rhonda Baird**

---

**From:** Yamaoka Craig
**Sent:** Fri 2/16/2007 7:17 PM
**To:** Jeffers Dwayne; 'Robert Perry'; Greenhill Barry
**Cc:** Petta Richard; Baird Rhonda
**Subject:** RE: Election committee

Rhonda,

Do you have any suggestions that I should factor in? Thanks.

---

**From:**   Jeffers Dwayne
**Sent:**   Friday, February 16, 2007 12:21 PM
**To:**   Yamaoka Craig; 'Robert Perry'; Greenhill Barry; Jeffers Dwayne
**Cc:**   Petta Richard; Baird Rhonda

**Subject:**   RE: Election committee

I think that Ms. Baird's input should be solicited as she is claiming harm from Mr. Petta's actions.
Ann Davis is a new union member that I signed up about two weeks ago.
I believe that Ms. Baird may classify Dale Granata and Michael O'Connell as Mr. Petta's **"cronies"**.

Thank you,
Dwayne Jeffers
Vice President at Large, NAGE Local R3-77

---

**From:**  Yamaoka Craig
**Sent:**  Friday, February 16, 2007 11:07 AM
**To:**   Jeffers Dwayne; 'Robert Perry'; Greenhill Barry
**Cc:**   Petta Richard
**Subject:**    RE: Election committee

Ok. I have no new volunteers. We could send out another email to union members or vote for the three below.
Any suggestions?

---

**From:**  Jeffers Dwayne
**Sent:**  Tuesday, February 13, 2007 10:41 AM
**To:**   Yamaoka Craig; 'Robert Perry'; Greenhill Barry
**Subject:**    RE: Election committee

I would recommend leaving it open until 12:00pm on Thurs, Feb 15 to give the membership a chance to volunteer.

---

**From:**  Yamaoka Craig
**Sent:**  Monday, February 12, 2007 2:48 PM
**To:**   Jeffers Dwayne; 'Robert Perry'; Greenhill Barry
**Subject:**    Election committee

So far we have the following volunteers for the election committee. Unless there are objections, I would suggest
we wait till Tues 12:00 pm and then vote for the three positions. Friday is a flex day for some, so I would like to
give union members at least 1 1/2 days to decide.

Dale Granada
Michael O'Connell
Ann Davis

4/26/2007

# EXHIBIT   4

Form Exempt Under 44 U.S.C. 3512

| | | FOR FLRA USE ONLY |
|---|---|---|
| **UNITED STATES OF AMERICA** **FEDERAL LABOR RELATIONS AUTHORITY** **CHARGE AGAINST A LABOR ORGANIZATION** | | Case No. |
| | | Date Filed |

Complete instructions are on the back of this form.

| 1. Charged Labor Organization | 2. Charging Party (Individual, Labor Organization, Activity, or Agency) |
|---|---|
| Name: NAGE LOCAL R3-77 | Name: RHONDA BAIRD |
| Address: SAME AS ABOVE | Address: 13615 LAYHILL ROAD   SILVER SPRING |
| Tel.#: (202) 326-4020   Ext. 4145 Fax#: ( ) | Tel.#: (301) 603-1641   Ext. Fax#: ( ) |
| **3. Charged Labor Organization Contact Information** | **4. Charging Party Contact Information** |
| Name: RICHARD PETTA | Name: SAME AS ABOVE |
| Title: PRESIDENT | Title: |
| Address: SAME AS ABOVE | Address: |
| Tel.#: ( )   Ext. Fax#: ( ) | Tel.#: ( )   Ext. Fax#: ( ) |

5. Which subsection(s) of 5 U.S.C. 7116(b) and/or (c) do you believe have been violated? [See reverse]   (1), (2), (3), (4), and (8)

6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.

This complaint seeks redress for violations of an arbitrator's protective order, a District Court protective order, and violations of other confidentiality and privacy protections committed by members of the Executive Board of NAGE Local R3-77 (the "Local"), Robert Perry and Dwayne Jeffers. It also seeks to redress the failure of the Local to address the complaints I made to them starting in early 2005 about the ongoing misconduct of these two officers. The Local has failed to fulfill its duty of fair representation to me and its failure has been, and continues to be, harmful to me and other Pension Benefit Guaranty Corporation ("PBGC") employees whose rights were unlawfully violated. The Local is interfering, restraining, and coercing me with respect to my rights, including my right to proceed with an arbitration case. The Local is attempting to cause the PBGC to further discriminate against me such as by publicizing false health information to PBGC. The Local is discriminating against me with respect to my union membership such as by failing and refusing to process my complaints and by failing to provide proper representation and financial support in my arbitration.

Beginning in early 2005, I started complaining about Mr. Jeffers' misconduct, who served as a representative of the Local in an ongoing arbitration brought on my behalf (the "Arbitration"). Mr. Jeffers falsely referred to me as a "pathological liar" and "psychotic" in e-mails that included PBGC management officials; Mr. Jeffers even went so far as to accuse me of making "terrorist style" threats. Due to my concern that the breakdown of the relationship between these Local officers and myself could lead to misuse of the record in my Arbitration, I began in early 2005 to ask the Local to protect the record and return it to me because it contained sensitive private and/or confidential information. Furthermore, I asked the Local to remove Mr. Jeffers from serving in any capacity in the Arbitration due to the conflicts of interests between us and the disturbing names Mr. Jeffers called me in writing.

Not only did the Local fail to take any action in response to my complaints about Mr. Jeffers, but on November 21, 2005, during a conference in the Arbitration, Mr. Jeffers informed the Arbitrator, with myself and representatives of PBGC present, that he had provided large amounts of the record in the arbitration to Mr. Perry. Though the subpoena Mr. Jeffers was responding to only sought information in the record related to Mr. Perry, Mr. Jeffers acknowledged producing protected personnel information on other PBGC employees and my medical information from the record. Despite the order of the Arbitrator that the medical and personnel information be retrieved and destroyed, Mr. Jeffers and Mr. Perry continued to conduct more violations of the Arbitrator's confidentiality order by again disseminating information from the record. Despite being immediately informed of the ongoing violations by both Mr. Perry and Mr. Jeffers, the Local has not yet acted to protect my interest or that of the other affected employees. Therefore, I request that the FLRA promptly investigate this matter and issue an injunction against the Local, as well as any and all other relief that could be granted.

7. Have you or anyone else raised this matter in any other procedure?   ✓ No   ___ Yes   If yes, where? [see reverse] _____

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box]   ☐ Fax   ☐ 1st Class Mail   ☑ In Person   ☐ Commercial Delivery   ☐ Certified Mail

| Rhonda Baird | | 5/17/06 |
|---|---|---|
| Type or Print Your Name | Your Signature | Date |

# EXHIBIT 5

# WEBSTER, FREDRICKSON & BRACKSHAW
### ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KEIRSTON R. WOODS

April 14, 2006

Arbitrator Robert T. Moore
311 5th Street, SE
Washington, DC 20003

Re:  *Rhonda Baird, NAGE Local R3-77 v. Pension Benefit Guaranty Corporation*

Dear Arbitrator Moore:

I write in response to your letter dated April 5, 2006 and your request for input regarding the various parties' requests for sanctions concerning certain disclosures made in connection with this matter. Ms. Baird's response follows.

<u>Disclosure by Grievant</u>

At a hearing dated November 21, 2005, Ms. Baird had informed you and the Agency of the subpoena for documents in the Bernsen matter (EEOC No. 100-2005-00648X; Agency No. 04-05) and her intent to respond to the subpoena. Although on that date the Agency sought an order from you to seal the record in this case, Ms. Baird is certain that you ruled against the Agency on that very point. I have also spoken with Mr. Perry, and Mr. Perry is also certain that you denied the Agency's motion to place the record under seal. Mr. Perry recalls further that you stated explicitly that the record was not under seal. Consequently, Ms. Baird believes that you may be mistaken in your suggestion that the records in this matter are to be kept under seal.[1]

With a letter dated December 5, 2005, after determining that no order to quash had been entered, Ms. Baird responded to subpoena by attaching certain redacted transcript pages from the hearings in this matter. (Attachment 1.) As you can see from the attached documents, Ms. Baird carefully redacted each

---

[1] Indeed, you may recall that in ruling on Mr. Jeffers' production of documents in response to a subpoena from Mr. Perry, you ordered that all *medical and personnel* documents only be returned (and not all the documents that had been produced). Had you ordered the entire record be placed under seal, no such distinction would have been made.

Arbitrator Robert T. Moore
April 14, 2006

p -2-

applicable page to conform to your orders and to prevent revelation of any identifying or personal information. There has been no further dissemination of the documents.

In short, there has been no violation of any order in this matter. The documents were redacted to conform to your orders. The Agency does not possess an unfettered right to secrecy over testimony in this case, and no harm as ensued due to any disclosure by Ms. Baird. There is no cause for sanctions.

Disclosures by PBGC

The Agency obtained through Ms. Baird's district court case certain highly confidential and sensitive medical records that it then disclosed in this proceeding (inaccurately, since the disclosures were made selectively). Those disclosures were in violation of public policy that places a high degree of protection on confidential medical information. *See, e.g.,* Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. 1320d to 1320d-8 (2000) (enacted to prevent, among other things, unnecessary and unwanted disclosures of medical records). Indeed, HIPPA prevents the very sorts of disclosures made here by the Agency *See* 45 C.F.R Subtitle A, §164.512(e) (restricting to tightly defined circumstances not present here the disclosure and redisclosure of medical information in proceedings.). *See also In Re: Sealed Case,* 381 F.3d 1205 (D.C. Cir. 2004)(explaining the importance and breadth of the patient-psychotherapist privilege.).

Moreover, the Agency's disclosure resulted in the unfettered re-disclosure of the information by Mr. Jeffers and Mr. Perry, addressed below. The disclosures involved the most sensitive of medical records and disseminated throughout the Agency's workplace inaccurate information concerning Ms. Baird's medical condition. Although on notice of those re-disclosures, the Agency failed to take action calculated to end them. Indeed, the Agency had called three times for sanctions against Ms. Baird prior to suggesting that any Agency employee should be sanctioned or disciplined in any manner for disclosing the most personal of records.

Disclosures by Robert Perry and Dwayne Jeffers

Following a subpoena issued by the attorney for these individuals, Mr. Jeffers gratuitously produced personnel and medical information concerning Ms. Baird. Mr. Perry obtained the documents, including the key of identities of witnesses in this matter, and then further disseminated those documents. Strikingly, the documents produced were not even responsive to the subpoena. (*See* subpoena, at Attachment 2.) Moreover, Mr. Jeffers was subpoenaed in his individual capacity, and not as a union representative. Simply put, Mr. Jeffers did not possess these documents in an individual capacity, and his disclosures were made -- at Ms. Baird's expense -- to serve his purely personal interests. Nonetheless, as an agent of the union (a party to the proceeding), the union may be held responsible for those acts. Mr. Perry's and Mr. Jeffers' disclosures were contrary to your orders in this case.

Arbitrator Robert T. Moore
April 14, 2006

p -3-


    While the limited disclosure by Ms. Baird was in conformance with your orders and resulted in no harm, the disclosures by Agency and Union officials involved highly sensitive information concerning Ms. Baird. Ms. Baird would therefore asked that these parties by sanctioned. While no sanction can undo the harm that was imposed on Ms. Baird, she does seek to recover any attorneys' fees, costs, and arbitration costs associated with this aspect of her case. Ms. Baird further seeks injunctive relief so that she may gain certainty that all wrongfully disclosed material has been returned, and appropriate apologies and notices from the Agency and the Union.

    Thank you for your consideration and assistance.


        Sincerely,

        Jonathan C. Puth


cc:    (Without attachment 1)
       Abbey G. Hairston, Esq.
       Rhonda Baird, Esq.
       Raymond Forster, Esq.
       Karen Esser, Esq.
       Stewart Bernsen, Esq.
       Dwayne Jeffers, Esq.

RECEIVED

APR **3 0** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RHONDA N. BAIRD, Esquire )
13615 Layhill Road )
Silver Spring, MD 20906 )
)
PLAINTIFF, )
)
)  Case No.: **1:06CV01985**
)  Judge: **John D. Bates**
)
vs. )
)
David Holway, et al., )
President )
NAGE )
159 Burgin Parkway )
Quincy, MA 02169 )
)
DEFENDANTS. )
_____ )

## NOTICE OF FILING

Pro Se Defendant Dwayne Jeffers, <u>Former Officer of NAGE Local R3-77</u>

<u>as of April 1, 2007,</u> hereby issues a sincere apology to the Court for failure to

answer the summons and complaint served on March 15, 2007. Pro Se

Defendant who is employed at the Pension Benefit Guaranty Corporation

(PBGC) was served the summons and complaint by Stuart Bernsen, PBGC

Attorney, on March 15, 2007 at approximately 12:25pm.

Pro Se Defendant was well aware of this Complaint filed on November 20,

2006 by Rhonda Baird since about the early December 2006 when he received a

copy from Robert Perry.  On or about early December 2006 Pro Se Defendant

faxed a copy of the complaint to the NAGE Alexandria office and was informed to

notify them immediately if properly served the summons and complaint as NAGE

1

always represented NAGE Local R3-77 officers in the various litigation matters
(mostly ULPs) from Stuart Bernsen and Rhonda Baird since the time of entering
as officers on February 2, 2005.

Pro Se Defendant, Dwayne Jeffers, and Defendant, Richard Petta, both
faxed their summons to NAGE Alexandria Office on March 15, 2007 and followed
up with e-mails to NAGE. Pro Se Defendant followed up with an e-mail on March
16, 2007. Pro Se Defendant served his last day as a union official in any capacity
for NAGE Local R3-77 on March 31, 2007. Plaintiff believed that the NAGE
Deputy General Counsel of the Alexandria office would have answered the
summons and complaint as was customary throughout his term of office.

Pro Se Defendant left for training at the PBGC Kingstowne, VA office on
April 2, 2007 thru April 5, 2007, April 9, 2007 thru April 10, 2007, and April 16,
2007 thru April 23, 2007. Pro Se Defendant was in shock when he returned to
PBGC's main office in Washington, DC on April 24, 2007 to find a notice in his
PBGC inbox that an answer to the complaint was due on April 4, 2007 and
neither an answer was not filed nor extension sought. Pro Se Defendant made a
phone call to the NAGE Alexandria office and faxed them the April 12, 2007
Court Order to answer the Complaint. Pro Se Defendant later received a phone
call on April 24, 2007 from the NAGE Deputy General Counsel of the Alexandria
office stating that representation in the matter was being declined.

Pro Se Defendant Dwayne Jeffers, as an Officer of NAGE Local R3-77,
should be dismissed as an improperly named defendant as of April 1, 2007,
since his last day as a NAGE Local R3-77 union official in any capacity was

2

March 31, 2007. On April 2, 2007, Plaintiff Rhonda N. Baird, Esq. became

President of NAGE Local R3-77, as well as Defendant in this case, and inherited

the duty to answer the complaint by the April 4, 2007 which she was very well

aware of.

Pro Se Defendant recommends that this case be transferred to Judge

Ellen Segal Huvelle as it relates to matters regarding previous District Court

Case Nos. 03-1759 (ESH) and 03-2513 (ESH). These aforementioned cases will

be cited continuously by the Pro Se Defendant if this case proceeds.

Pro Se Defendant maintains his sincere apology to the Court, but

respectfully cites the problems that caused this unfortunate situation.

### Liberal Pleading Standard To Which Pro Se Litigants Are Entitled

The Pro Se Defendant, Dwayne Jeffers, is not an attorney and lacks a

legal education as noted by the Plaintiff, Rhonda Baird, Esq., in her Complaint.

**There are five major federal decisions which offer the Pro Se Litigant considerable protection. These cases are :**

☐ **Picking v. Pennsylvania Railway , (151 F2d. 240) Third Circuit Court of Appeals. In Picking, the plaintiffs civil rights claim was 150 pages and described by a federal judge as "inept."**

**Nevertheless, it was held:**

**"Where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiffs pleading without regard to technicalities."**

☐ **Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief (see Conley vs. Gibson).**

☐ **Puckett v. Cox** , it was held that a pro-se complaint requires a less stringent reading than one drafted by a lawyer*(456* F2d 233 (1972 Sixth Circuit USCA)

☐ **Conley v. Gibson** . 355 U.S. 41 at 48(1957) Justice Black said, "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to rule 8(f) FRCP all pleadings shall be construed to do substantial justice."

☐ **Trinsey v Pagliaro** D.C.Pa. 1964, 229 F. Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment." Pro Per and pro se litigants should therefore always remember that the majority of the time, the motion to dismiss a case is only argued by the opposing attorney, who is not allowed to testify on the facts of the case, the motion to dismiss is never argued by the real party in interest.

It can also be argued that to dismiss a filing in which a serious factual pattern has been made would itself be violative of procedural due process as it would deprive a pro per or pro se litigant of equal protection of the law compared to a party who is represented by counsel or a party who is an attorney with superior legal knowledge proceeding as a pro per or pro se litigant.


### VERIFICATION OF NOTICE OF FILING BY DWAYNE JEFFERS

I, Pro Se Defendant Dwayne Jeffers, hereby verify this notice of filing by stating that I declare under penalty of perjury that the factual statements contained in this answer are true and correct.

Date : April 30, 2007

Dwayne Jeffers
Pro Se Defendant
1200 K Street, NW
Washington, DC 20005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 30, 2007, I served copies of the Pro Se Defendant's Notice Of Filing by first class mail or hand delivery on the following persons :

Rhonda N. Baird
13615 Layhill Road
Silver Spring, MD 20906
        *Plaintiff &*
        *Defendant as current President of NAGE Local R3-77*

David Holway
National Association of Government Employees
159 Burgin Parkway
Quincy, MA 02169
        *Defendant*

Richard Petta
NAGE Local R3-77
1200 K Street, NW
Washington, DC 20005
        *Defendant (former President of NAGE Local R3-77)*

Dwayne Jeffers
Pro Se Defendant
1200 K Street, NW
Washington, DC 20005

5