UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHONDA N. BAIRD, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>DAVID HOLWAY, et al., )<br>)<br>    Defendants. )<br>)<br>_____) | Case No. 1:06CV01985 (JDB) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Rhonda Baird has moved for reconsideration of this Court's March 7, 2008 Order, granting Defendants Holway and NAGE's Motion to Dismiss Plaintiff's Amended Complaint.[1] Because the Court did not commit any error of law in dismissing Plaintiff's Amended Complaint, let alone a clear error, and because the Plaintiff does not identify any intervening change in the controlling law or any new evidence, Plaintiff's Motion should be dismissed.

**Argument**

Reconsideration and amendment of a previous order under Federal Rule of Civil Procedure 59(e)[2] "is an extraordinary measure." *Zyko v. Dep't of Defense,* 180 F. Supp. 2d 89, 91 (D.D.C. 2001), *aff'd*, 64 Fed. Appx. 247 (D.C. Cir. 2003). "[A] Rule 59(e) motion to

---

[1] Plaintiff's Motion for Reconsideration implicates the Court's ruling only as to the LMRDA claims.

[2] Although Plaintiff brings her Motion "[p]ursuant to Rules 59 and 60," since it was filed within ten days of the entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e). *McMillian v. District of Columbia,* 233 F.R.D. 179, 179 n.1 (D.D.C. 2005).

reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier" . *See Kalodner v. Bodman,* 241 F.R.D. 6, 11 (D.D.C. 2006). Rather, Plaintiff here must demonstrate some "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or manifest injustice." *Bryson v. Gere,* 268 F. Supp. 2d 46, 53 (D.D.C. 2003). Accordingly, a motion for reconsideration will not be granted unless the moving party meets its burden of demonstrating "a meritorious claim or defense" to the motion upon which the Court originally dismissed the complaint. *Murray v. District of Columbia,* 52 F.3d 353, 355 (D.C. Cir. 1995).

Here, Plaintiff does not purport to identify any intervening change in the controlling law or any new evidence. Rather, Plaintiff contends that "Defendants lack of candor with the Court" somehow mislead the Court about the "relationship between NAGE and the Plaintiff." Mot. Recon. at 1.[3] More specifically, Plaintiff appears to be arguing Defendants had a duty or obligation to act on her complaints about Jeffers (1) because NAGE, not the Local, was the exclusive bargaining representative and (2) because such an obligation was created under NAGE's Constitution and By-laws. Neither argument is availing.

    1. As the Court correctly noted in its Memorandum Opinion, NAGE, not the Local is certified as the bargaining representative of employees at PBGC. Mem. Op. at 13. This does not mean, however, as Plaintiff would have it, that Defendants had a duty to respond to her complaints about Jeffers or to involve itself in Plaintiff's arbitration. As the Court correctly

---

[3] In fact, Plaintiff goes so far as to suggest that Defendants' conduct implicates Rule 11. Not only do Defendants' strongly dispute that their conduct has been anything less than forthright in this matter, but believe that the only party at risk by raising the specter of Rule 11 is Plaintiff.

noted, Plaintiff "has not shown that either NAGE or President Holway incurred any duty to respond to her complaints concerning Jeffers's conduct." Mem. Op. at 11.

Plaintiff, however, asserts that "[w]here a union is acting as the exclusive representative of its unit members, the activities of the union must be undertaken without discrimination," citing a FLRA case. Mot. Recon. at 6.[4] While that is certainly true, the question under the LMRDA remains whether Plaintiff has alleged facts supporting the existence of a causal connection between the alleged retaliation and the exercise of her protected speech rights. Mem. Op. at 11. This is not a case where Plaintiff is alleging facts suggesting that she has been treated differently than other members in similar circumstances. To the contrary, the Complaint does not contain any allegation "establishing either an obligation or a practice for Defendants to intervene in any dispute between a local union member and the local's officers." Mem. Op. at 12. The mere fact that NAGE is the certified bargaining representative does not obligate either Holway or NAGE to intervene in Plaintiff's dispute with another local member. Plaintiff neither can, nor does, cite any support for such an obligation.[5]

2. Plaintiff also suggests in her Motion for Reconsideration that an obligation to intervene in her dispute with Jeffers is created under NAGE's Constitution and By-laws. Mot. Recon. at 6-8. Specifically, Plaintiff appears to be suggesting that because NAGE's Constitution identifies the "wrongful taking or retaining of 'papers or other property' belonging to NAGE or a NAGE Local," Mot. Recon. at 2, as a permissible ground for bringing internal union charges against a member, and because charges were brought against the plaintiffs' in the *Johnson v.*

---

[4] Whether Plaintiff has an actionable duty of fair representation claim against NAGE is beside the point—such a claim is within the jurisdiction of the FLRA. Moreover, as the Court noted, Plaintiff has already brought such a claim and the claim was rejected. Mem. Op. at 19 n.5.

[5] Indeed, with 45,000 members, it is not clear how either Holway or NAGE could carry out such an obligation. Mem. Op. at 16.

*Holway* litigation, Defendants were obligated to bring charges against Jeffers, Mem. Op. at 8. Plaintiff is mistaken.

First, even assuming Plaintiff's medical records are properly considered "property" of the Local, which is arguable, although NAGE's constitution permits a disciplinary action to be brought against an individual who is found to have taken property belonging to NAGE or a NAGE local, nothing in that section *obligates* such action. NAGE Const. Art. XIII, § 3(A) (at p. 30) ("When and if the National President finds that by action or inaction any individual officer(s) or member(s) have engaged in … conduct which constitutes one or more of the [listed] offenses, … he shall have the authority to take such action as is warranted….").

Second, Plaintiff's Amended Complaint fails to allege any evidence that NAGE or Holway have ever brought disciplinary charges against a member for actions similar to those allegedly undertaken by Jeffers. The only example of disciplinary charges proffered by Plaintiff are those that were brought against Johnson and Bernsen, the plaintiffs in *Johnson v. Holway*. The alleged conduct by Jeffers, however, is of an entirely different nature than the misconduct alleged in the charges against Bernsen and Johnson, which occurred in the context of NAGE's trusteeship over the Local. As the Court in *Johnson v. Holway* noted, Johnson was accused of changing the Local's bank address to her home and deliberately failing to notify the trustee of this fact, while Bernsen was charged with closing a bank account belonging to the Local and depositing the money in his personal account. 439 F. Supp. 2d 180, 219 (D.D.C. 2006). This alleged misconduct, unlike the alleged misconduct committed by Jeffers, implicated the rights of

every member of the bargaining unit and undermined NAGE's trusteeship.  In contrast, Jeffers' alleged actions "implicate *only* [Plaintiff's] rights" (emphasis by Court).  Mem. Op. at 13.[6]

Finally, we would note that although Plaintiff references NAGE's Constitution in her Amended Complaint, ¶ 72, in connection with her respondeat superior claim, she does not articulate any theory by which NAGE's Constitution obligates Holway or NAGE to intervene in her dispute with Jeffers.  Nor can she.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiff has not met her burden under Rule 59(e) and that her Motion for Reconsideration should be dismissed.

Respectfully submitted,

 /s/ 
W. Gary Kohlman (No. 177527)
Abigail V. Carter (No. 474454)
BREDHOFF & KAISER, P.L.L.C.
805 15th Street N.W., Suite 1000
Washington, D.C.  20005
Telephone:  (202) 842-2600
Fax:  (202) 842-1888

*Counsel for National Association of Government Employees and Defendant David Holway*

Dated: April 2, 2008

---

[6] It is entirely unclear what relevance, if any, Defendants' reliance upon NAGE's disciplinary proceeding exhaustion rules in the *Johnson v. Holway* matter has to this case.  Mot. Recon. at 7.  To the extent Plaintiff articulates such a connection in her Reply brief, Defendants would respectfully request the opportunity to respond.

5

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 2nd day of April, 2008, she filed the Defendants' Opposition to Plaintiff's Motion for Reconsideration through the Court's ECF system and served paper copies to the following parties via first-class U.S. Mail:

Rhonda N. Baird
13615 Layhill Road
Silver Spring, MD 20906

Dwayne Jeffers
1200 K Street, NW
Washington, DC 20005

Richard Petta
1200 K Street, NW
Washington, DC 20005

Robert Perry
1354 Monaco Drive
Severn, MD 21144

                                                                                      /s/
                                                              Abigail V. Carter