UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RHONDA N. BAIRD, Pro Se            )
                                   )
            Plaintiff,             )            **RECEIVED**
                                   )
                                   )            APR - 9 2008
            v.                     )
                                   )    NANCY MAYER WHITTINGTON, CLERK
                                   )           U.S. DISTRICT COURT
DAVID HOLWAY, et al.               )
                                   )    Case No. 06-1985 (JDB)
            Defendants.            )
                                   )
_____    )

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO HER MOTION FOR
RECONSIDERATION OF THE COURT'S MARCH 7, 2008 MEMORANDUM OPINON**

There is clear error in the Court's ruling on Defendants' Motion to Dismiss caused by the

Defendants repeated claims that they had no duty to respond to Plaintiff Rhonda Baird's complaints.

NAGE did have an obligation to respond to Ms. Baird's complaints under its own Constitution and

Bylaws.  The Court should grant Ms. Baird's request to reconsider the March 7, 2008 Memorandum

Opinion and allow this case to proceed to discovery.

Analysis

The sum of Defendants' defense of their abject failure and refusal to respond to Ms. Baird's

complaints is that there was no duty or obligation to respond.  The Defendants find it acceptable

that in the face of serious allegations of the violation of privacy and confidentiality rules, neither

they nor the Local took any action to address, much less respond to, Ms. Baird's complaints.

Defendants would have the Court accept that it is the practice of NAGE to remain silent in the face

of serious complaints of misconduct by one of its local officers.

Defendants argue that this is not a case where Ms. Baird alleges that she is treated

differently than other members in similar situation.  Opposition Motion, p. 3.  Unfortunately, Ms.

Baird only has hearsay information about Defendants responding to a complaint by another member

of the Local. *See* Baird Declaration attached. Local officer and member Robert Perry was accused

on sexual harassment by another officer and member of the Local. According to Mr. Perry, he

sought *and* obtained a letter from President Holway in response to his request for an investigation of

the complaints made against him. *Id.* As Defendants rely on the issue of Ms. Baird's current

inability to plead allegations of disparate treatment without more credible information to base it on,

she should be allowed limited discovery to ascertain NAGE's practice regarding complaints made

by its members.

Additionally, Defendants' attempts to negate any duty and obligation to respond to Ms.

Baird's complaints undermine and contravene the clearly proscribed rules in NAGE's Constitution

and Bylaws that lay out the various charges that could be brought against local officers or members.

*See* Exhibit 1 to Plaintiff's Motion for Reconsideration, pgs. 28 – 34 (Section 1 outlines no less than

13 very broadly worded charges that could be brought against officers or members).

Contrary to Defendants' assertion in their Opposition Motion, they had an obligation to act

in response to Ms. Baird's repeated emails complaining about the dissemination of private

confidential information in NAGE Local R3-77's (the "Local") possession. That duty and

obligation flows from Sections 4 and 6 of Article XII of NAGE's Constitution and Bylaws. *See*

Exhibit 1 to Plaintiff's Motion for Reconsideration, pgs. 33 – 34. Section 6 requires the exhaustion

of any administrative remedies under, *inter alia*, NAGE's Constitution and Bylaws as a

precondition to filing suit in any court. *Id,* at p. 34. Indeed, this requirement is a "condition of

membership or affiliation and the continuation of membership or affiliation" in NAGE. *Id.* One

remedy in NAGE's Constitution and Bylaws that Ms. Baird had to exhaust prior to filing this action

was to appeal "charges that have been dismissed" to the National Executive Committee. *Id,* Section

4 of NAGE's Constitution and Bylaws, p. 33. While Section 4 has certain procedures for this

2

appeal, it states expressly that, "no specific form or formality shall be required" for the appeal. *Id.*

Furthermore, the SEIU/NAGE Member Bill of Rights and Responsibilities In the Union provide

members with the "right" to have their "concerns resolved in a fair and expeditious manner." *Id* at

p. 42.

As her Complaint states, Ms. Baird repeatedly sought relief from the Defendants. Ms. Baird

filed complaints about the unauthorized dissemination of her privacy protected information and the

personnel records of other employees with the Defendants, the Local and PBGC via email. *See*

Exhibit 4. Ms. Baird noted in her complaint, "it is clear from the information" that the conduct

complained of violated the Local's Bylaws as well as NAGE's own Constitution and Bylaws. *Id.*

During the next several months, Ms. Baird unsuccessfully beseeched Defendants and the Local to

take action to retrieve and redress the dissemination of the highly private information contained in

medical and personnel records. Am. Comp. at ¶ 28. Defendants failed to act in response to Ms.

Baird's complaints. *See* Am. Comp. at ¶ 40. This failure had the foreseeable result of causing Ms.

Baird emotional trauma.[1] *See* Am. Comp. at ¶ 41.

Ms. Baird has done all she could to internally seek a response to her complaint. Thus, her

next recourse was to seek relief in court. Notably, Defendants do not allege that Ms. Baird failed to

exhaust her administrative remedies, only that they had no duty or practice that obligated them to

respond to her complaints. Yet the requirement of a response is both explicit and implicit in Article

XII.

---

[1] The Court implicitly raised the issue of the harm suffered by Ms. Baird when it appeared to question her long period of employment with PBGC as an attorney.

## Conclusion

Based on the foregoing, Ms. Baird asks that this Court allow this action to proceed to discovery.

Respectfully submitted on April 9, 2008,

Rhonda Baird, Pro Se Plaintiff
13615 Layhill Road
Silver Spring, MD 20906
(301) 603-1641
rnbaird64@aol.com

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of April 2008, she filed a Reply to Defendant's

Opposition to Her Motion for Reconsideration and served copies on the following persons via first

class mail:


W. Gray Kohlman, Esq.
Dora V. Chen, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 15th street, N.W.
Suite 1000
Washington, D.C. 20005
Telephone: (202) 842-2600
Fax: (202) 842-1888
Counsel for David Holway and National Association of Government Employees


Dwayne Jeffers
NAGE Local R3-77
1200 K Street, NW
Washington D.C. 20005

_____
Rhonda Baird

## DECLARATION OF RHONDA BAIRD

I, Rhonda Baird, hereby declare the following:

1.      Former Local officer and member Robert Perry was accused on sexual harassment by another officer and member of the Local.

2.      I have seen a complaint of sexual harassment that was filed against Mr. Perry at the Local level.

3.      According to Mr. Perry, he sought *and* obtained a letter from President Holway in response to his request for an investigation of the complaint made against him.

      I declare under penalty of perjury under the laws of the United States of America and Washington D.C. that the foregoing is true and correct to the best of my knowledge.

_April 9, 2008_
Date

_Rhonda Baird_
Rhonda Baird