UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 1 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RHONDA N. BAIRD, *pro se*,

Plaintiff,

v.

DAVID HOLWAY, et al.,

Defendants.

Civil Action No. 06-1985 (JDB)

**MEMORANDUM AND ORDER**

On March 7, 2008, this Court dismissed all of plaintiff Rhonda Baird's claims against defendants David Holway and the National Association of Government Employees ("NAGE"). Baird timely filed a motion for reconsideration of that decision on March 21, 2008 pursuant to Fed. R. Civ. P 59(e). The facts of this case are set out in detail in Baird v. Holway, --- F. Supp. 2d ---, 2008 WL 615567 (D.D.C. Mar. 7, 2008), and need not be repeated here. After careful consideration, the Court concludes that Baird has failed to state a case for reconsideration of the Court's earlier decision. In addition, the Court will take this opportunity to order Baird to show cause why her remaining claims against the Local defendants should not also be dismissed for the reasons identified in this Memorandum Opinion as well as the opinion issued on March 7, 2008.

**STANDARD OF REVIEW**

"A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice.'" Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting Nat'l Trust v. Dep't of State, 834 F. Sup. 453, 455 (D.D.C. 1993), aff'd in part and rev'd in part on other grounds sub nom. Sheridan Kalorama Historical Ass'n v. Christopher, 49 F.3d 750 (D.C. Cir. 1995)). "[T]he reconsideration and amendment of a previous order is an extraordinary measure." Zyko v. Dep't of Defense, 180 F. Supp. 2d 89, 91 (D.D.C. 2001). Indeed, a "Rule 59(e) motion to reconsider is not . . . an opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle for presenting theories or arguments that could have been advanced earlier." Kalodner v. Bodman, 241 F.R.D. 6, 11 (D.D.C. 2006).

## DISCUSSION

### I.     Motion for Reconsideration

At the outset, it is important to note that Baird's motion for reconsideration appears to apply solely to her claims pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"). Those claims were dismissed, by and large, because Baird failed to demonstrate the required "'causal connection' between the alleged retaliation [that she suffered] and the exercise of protected speech rights" under the LMRDA. See Baird, 2008 WL 615567 at *6. Specifically, Baird did not demonstrate that "either NAGE or President Holway incurred any duty to respond to her complaints concerning Jeffers's conduct." Id. at *7. Her claims pursuant to state law, on the other hand, were dismissed because they were preempted by federal labor law. Id. at *12. Baird's present motion for reconsideration makes no mention of the Court's conclusions concerning the preemption of her state law claims. Indeed, her only argument here is that NAGE and Holway did indeed owe her a duty to respond to her complaints concerning the

Local officials. See, e.g., Pl.'s Mot. at 8. Hence, the Court will limit its discussion to that question, which implicates only Baird's LMRDA claims.

The crux of Baird's contention is that defendants' "lack of candor" in their filings "confused the Court about the relationship between NAGE and the Plaintiff." Id. at 1. That confusion, the argument goes, led the Court to base "its findings . . . largely on a misunderstanding of the relationship between NAGE, the Local and the Plaintiff." Id. at 5. Baird does not, however, identify any such confusion or error in this Court's prior decision. In fact, Baird has failed to demonstrate that any intervening law, new evidence, or clear error warrants granting reconsideration.

To begin with, all of the arguments presented in Baird's motion "could have been advanced earlier." Kalodner, 241 F.R.D. at 11. Indeed, many were. Baird's motion and accompanying briefing do not identify any newly available evidence or recent changes in case law. Instead, her premise for reconsideration rests upon rehashing arguments already made earlier in the proceeding and augmenting those positions with contentions that could have been raised previously but were not. There is a good case to be made, then, that none of Baird's arguments are appropriate for a motion for reconsideration. Nevertheless, even taken on their own terms, Baird's arguments do not warrant granting reconsideration.

The Court finds Baird's contentions entirely unpersuasive. Baird points out that NAGE is the "exclusive representative of the bargaining unit at PBGC," and insists that such status "leads to [NAGE's] fiduciary duty and responsibility to Plaintiff." Pl.'s Mot. at 6. She then endeavors to explain that notwithstanding the fact that NAGE disclaimed any interest or responsibility in her arbitration case against the Pension Benefit Guaranty Corporation, that decision did not

"modify the discipline procedures contained in NAGE's Constitution and Bylaws." Id. at 6-7. And, Baird maintains, she merely "sought assistance to address the misconduct of Mr. Jeffers related to his release of records," rather than "seeking to undo NAGE's decision denying any financial and legal support for her arbitration." Id. at 7. Thus, she argues that NAGE's disclaimer of any responsibility for her arbitration should not have precluded Holway and NAGE from rendering assistance to her in the dispute with Mr. Jeffers.

All that may be so, but Baird has not demonstrated that either Holway or NAGE had any obligation, either independent from the arbitration or otherwise, to take any action with respect to Mr. Jeffers in response to Baird's email complaint. Put another way, the fact that NAGE has an established procedure to deal with formal charges within the union does not indicate that it was required to utilize that process in this case. Baird evidently believes that Holway's admission during the proceedings in Johnson v. Holway, 439 F. Supp. 2d 180, 214 (D.D.C. 2006), that he has a fiduciary duty to the Local obligates Holway and NAGE to respond affirmatively to any allegation -- whether raised in a formal charge or merely by email, as here -- of misbehavior by Local officials. The Court has already rejected that proposition, see Baird, 2008 WL 615567 at *9, and Baird offers no persuasive reason to disturb that conclusion.

Similarly, Baird's attempt to draw support from the Johnson opinion is also unavailing. She argues that:

> The major difference between Defendants' acts in the instant action when contrasted with its acts in Johnson is that the Defendants were sued for their affirmative acts in Johnson and in this action they are being sued for failing to act when they had a duty and obligation to do so.

See Pl.'s Mot. at 8. But that assertion simply begs the question: what duty and obligation to act?

Moreover, Baird's characterization of the <u>Johnson</u> situation vis-a-vis her case is inaccurate. The major difference between the two scenarios is not, as Baird would have it, that <u>Johnson</u> involved affirmative acts while this case involves an alleged failure to act. Instead, as this Court has previously indicated, the affirmative acts of mismanagement and abuse of power that ultimately led to the trusteeship in <u>Johnson</u> jeopardized the Local's continued existence. See <u>Baird</u>, 2008 WL 615567 at *9. Indeed, Judge Huvelle found that:

> [I]t is clear that President Holway was confronted with a local in crisis. In the opening months of his tenure, Holway learned that Local R3-77 was failing to meet its financial obligations; that plaintiffs were withholding financial information from the membership; that the local's Executive Committee had not secured a CBA in the prior four years; and that [the Local officials] often operated independently of the local's bylaws while retaliating against those members who dared to question their leadership . . . [President Holway] had "no choice" but to place Local R3-77 under a trusteeship and thereby return it to functional governance.

<u>Johnson</u>, F. Supp. 2d at 226. Baird's complaint here, by contrast, asserts that Jeffers improperly surrendered her medical records (and perhaps the records of other Local members) in response to a subpoena. Quite frankly, the difference in importance between these two situations is obvious and the fact that Holway chose to become involved in the former and not the latter simply does not indicate that he violated any fiduciary duty that he may owe to Baird. It bears repeating that NAGE is a national union that has over 45,000 members. Although it certainly seems appropriate for the national president to become embroiled in a dispute, as in <u>Johnson</u>, that threatens the very viability of one of NAGE's local affiliates, that cannot imply that the national president thereby also incurs a duty to intervene in any dispute between two local members.

Baird now adds that certain portions of NAGE's constitution and by-laws obligated Holway and NAGE to assist her in the dispute with Jeffers. Section 1 of Article XII of those

provisions, for instance, outlines thirteen various charges that may be brought against officers or members of the union. See Pl.'s Mot. Ex. 1 at 28. Baird argues that one enumerated charge -- "(9) The wrongful taking or retaining of . . . papers or any other property belonging to the International Union, NAGE or Local Unit" -- is implicated by this case. Id. In addition, she argues that the duty to respond to her email complaints "flows from Sections 4 and 6 of Article XII of NAGE's Constitution and Bylaws." Pl.'s Reply at 2. The Court disagrees.

First of all, it is not clear that Baird's medical records qualify as "property" of the Local that would bring them within the purview of the charge that she identified. As the Court sees it, charge #9 is aimed at preventing members from converting union property for their private gain. Baird's medical records, however, were only in the possession of Jeffers because of his role in Baird's arbitration case; they did not "belong" to the Local but rather to Baird. Be that as it may, even if the records do constitute property of the Local, Baird's argument remains unpersuasive. As defendants correctly point out, Section 1 of Article XII authorizes NAGE to take action in response to the enumerated violations, but it does not obligate NAGE or its President to do so. Indeed, the relevant provisions are written in such a manner as to afford discretion to NAGE's President in determining whether to bring charges. See, e.g., Pl.'s Mot. Ex. 1 at 30 ("[The President] shall have the authority to take any and all acts he deems just and necessary, including but not limited to those found in Article XII, Section 2.") (emphasis added). In other words, although Holway and NAGE may have disciplined Jeffers for his disclosure of Baird's records (and taken steps to retrieve them), they were not required to do so in this case.

Baird's reliance on Sections 4 and 6 of Article XII is also misplaced. Section 4 creates a mechanism for appeal to the National Executive Committee for "[a]ny person or body against

whom disciplinary action has been taken or whose charges have been dismissed in whole or in part." Id. Ex. 1 at 33.  And Section 6 requires that:

> [E]very Local Unit or member or officer thereof . . . who claims to be aggrieved as a result of adverse rulings or decisions rendered . . . [must] exhaust any remedies provided for in the Constitution and By-Laws . . . and further agrees not to file or prosecute any action in any court . . . until those remedies have been exhausted.

Id. Ex. 1 at 34.  Taken together, then, Sections 4 and 6 require that a union member must exhaust all internal appeals before filing a lawsuit.  Indeed, by Baird's own admission, one of the administrative remedies that she was required to exhaust before pursuing judicial relief was the appeals process laid out in Section 4.  See Pl.'s Reply at 2-3.  There is no evidence, however, that she complied with that requirement.

Presumably, plaintiff believes that her email to Holway on November 22, 2005 satisfied her obligations in this regard, see Pl.'s Mot. Ex. 4 at 1, but that belief is mistaken.  In the first paragraph, the email purports to be a "formal complaint" concerning the misconduct on the part of Jeffers and other Local officials.  Id.  In the concluding paragraph, however, Baird states: "I am going to file formal charges if I don't hear from you within a week."  Id.  Based on that representation, one might reasonably infer that Holway and NAGE took no action in response to the email because they were awaiting the filing of Baird's formal charges.  But it does not appear (on the basis of the record presently before the Court) that Baird ever did lodge a formal charge with NAGE.

In any event, however, it is apparent that Baird's email does not seek appeal of any decision.  To be sure, Section 4 states that "[n]o specific form or formality shall be required" to raise an appeal to the National Executive Committee, but it does at least require that "such appeal

. . . clearly set forth the <u>decision being appealed and the grounds for the appeal</u>." <u>Id.</u> Ex. 1 at 33 (emphasis added). Baird's November 22, 2005 email rather plainly fails to satisfy that requirement; in fact, it appears to be more in the nature of an initial complaint than an appeal of a prior decision. Given that Baird had only learned of Jeffers's disclosure on November 21, 2005, the day before she sent her "formal complaint" email, it is difficult to conceive of what decision she would be seeking to appeal. <u>See</u> <u>id.</u> Ex. 3 at 1. In her reply brief, Baird states: "One remedy in NAGE's Constitution and Bylaws that Ms. Baird had to exhaust prior to filing this action was to appeal 'charges that have been dismissed' to the National Executive Committee." <u>See</u> Pl.'s Reply at 2. Oddly enough, it does not seem that she took that very action.

In sum, Baird presents no persuasive reason to grant reconsideration of this Court's March 7, 2008 decision. The portions of NAGE's constitution and by-laws that she references have no bearing on this case and she has not offered any other arguments that would justify altering the decision to dismiss her claims against Holway and NAGE. Accordingly, upon consideration of [26] Baird's motion for reconsideration, the opposition and reply thereto, the entire record herein, and for the foregoing reasons, it is hereby **ORDERED** that the motion is **DENIED**.

### II.    Order to Respond to the Complaint and Order to Show Cause

Upon review of the record in this case, it appears that defendant Richard Petta was served with process on March 15, 2007. To date, he has not answered or otherwise responded to the complaint. Accordingly, it is hereby **ORDERED** that defendant Richard Petta shall answer or otherwise respond to the complaint. Failure to do so could subject Mr. Petta to the entry of default against him. <u>See</u> Fed. R. Civ. P. 55(a). The Court notes that the address listed for Mr.

Petta on his summons form appears to be the street address of Local R3-77. It is not apparent whether Mr. Petta still receives correspondence sent to that address. Given that the Court has no other way to obtain an alternate address for Mr. Petta, plaintiff, as the current president of the Local, is hereby instructed to ensure that Mr. Petta receives a copy of this Order. Mr. Petta shall answer or otherwise respond to the complaint within thirty (30) days of receipt of this order.

In light of the foregoing discussion and the Memorandum Opinion issued on March 7, 2008, it is further **ORDERED** that plaintiff Rhonda N. Baird shall show cause in a memorandum filed by not later than June 12, 2008 why the remaining claims against the remaining defendants should not also be dismissed for the reasons identified above and in the Memorandum Opinion issued on March 7, 2008.

/s/ John D. Bates
JOHN D. BATES
United States District Judge

Date: May 12, 2008

*Copies to*:

Rhonda N. Baird
13615 Layhill Road
Silver Spring, MD 20906

Richard Petta
NAGE Local R3-77
1200 K Street, NW
Washington, DC 2005
*Defendant*

Dwayne Jeffers
NAGE Local R3-77
1200 K Street, NW
Washington, DC 20005
*Defendant*