# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RHONDA N. BAIRD**  )<br>  )<br> **Plaintiff**  )<br>  )<br> **v.**  )<br>  )<br> **DAVID HOLWAY, et al.,**  )<br>  )<br> **Defendants.**  )<br>  ) | **Civil Action No. 06CV01985 (JDB)** |

## ANSWER AND MOTION TO DISMISS AND MOTION TO SUBSTITUTE

Defendant Richard Petta, pro se, responds to the Complaint as ordered by the Court May 12, 2008, as follows:

1.     Defendant Petta denies all accusations of wrongdoing and complicity made by plaintiff Baird against defendant Petta in her initial Complaint filed November 20, 2006, as enumerated in counts II, III, and VI. Defendant Petta is not named in counts I, IV, V, VII, and VIII of the initial Complaint filed November 20, 2006. Defendant Petta denies all accusations of wrongdoing and complicity made by plaintiff Baird against defendant Petta in her amended Complaint filed June 19, 2007, as enumerated in counts II, III, V and VI. Defendant Petta is not named in counts I, IV, VII, and VIII of the amended Complaint filed November June 19, 2007. Defendant Petta is not an attorney nor has he had any formal legal education and therefore is not qualified to respond to the points of law raised by plaintiff Baird in both of her aforementioned filings. Defendant Petta relies on the arguments put forward by defendant Holway, defendant Jeffers, and the opinions thus far issued by this Court.

2.     Defendant Petta files this Motion to Dismiss based on the findings of the Court in its dismissal of defendant Holway and the National Association of Government Employees (NAGE) in its opinions dated March 7, 2008 and May 12, 2008.

RECEIVED

JUN 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3.    Should the Court decide to continue this Complaint, defendant Petta files this Motion to Substitute his successor as Local president, Rhonda Baird, as a named defendant in that defendant Petta is no longer an elected officer of NAGE Local R3-77 (Local).

4.    Defendant Petta apologizes to the Court for this delayed response. On June 8, 2007, defendant Petta consulted attorney Marshal Berman. Attorney Berman, observed that based on the notice of appearance filed May 2, 2007, (Exhibit "A") by Bredhoff & Kaiser, said firm was serving as counsel for all of the defendants. Defendant Petta assumed that for strategic purposes Bredhoff & Kaiser were pursuing defendant Holway's non-liability first. Defendant Petta, not being an attorney, does not understand the nuances of when attorneys file an appearance on behalf of defendants "et al.", it only means they are representing one of those defendants. Defendant Petta further apologizes to the Court for any inadequacies in this filing. Defendant Petta is not an attorney and is not familiar with the nuances of proper filings.

## BACKGROUND

Defendant Richard Petta is not an attorney. He has not taken any courses in law. In fact, he has only two years of college study. He is a Visual Information Specialist GS-11 employed full time by the Pension Benefit Guaranty Corporation (PBGC) since November 5, 1978. He has been a member of the Local since its election as the exclusive bargaining representative for bargaining unit employees at PBGC in 1999. From 1978 to 1999, defendant Petta held several appointed and elected positions in the predecessor union, the National Treasury Employees Union Chapter 211.

Defendant Petta was installed as president of the Local on February 2, 2005. At the same time, attorney Cynthia Greene, auditor and former defendant Robert Perry, and actuary and defendant Dwayne Jeffers, were also installed as executive vice president, treasurer, and vice president at large respectively. When these new officers assumed their offices as the new executive committee, the office

2

of secretary was vacant since no member had volunteered to serve. Because of the vacant office, the executive committee concurred that any actions by the executive committee would require three (3) affirmative votes as is required by the Local's bylaws when the full compliment of five (5) officers exists.

Among the first issues confronted by this new executive committee was the assignment of stewards to ongoing cases. Prior to the new officers assuming their offices defendant Jeffers had been serving as steward on behalf of plaintiff Baird in her arbitration against the PBGC. Defendant Jeffers advised the executive committee that arbitrator Robert Moore had place a strict protective order on the records in this case. The executive committee unanimously agreed that the best way to maintain the protective seal was to keep only one person responsible and therefore continued defendant Jeffers as the steward on the case.

August 8, 2005, executive vice president Green resigned both from the PBGC and the Local to move with her family to Charleston, South Carolina. On December 7, 2005, auditor Barry Greenhill was elected treasurer replacing former defendant Perry who assumed the office of secretary. On January 12, 2006, Delarse Montgomery was elected executive vice president. Between the dates August 8, 2005, and December 7, 2005, the executive committee consisted of only three officers (defendant Petta, former defendant Perry, and defendant Jeffers) and could only take action by a unanimous vote.

Defendant Petta received an e-mail November 21, 2005, from plaintiff Baird alleging that:

> "Mr. Jeffers produced a great portion (if not all) of the evidentiary record
> from my arbitration to Robert Perry's private attorney, David Shapiro."

(Exhibit "B") This was the first that defendant Petta was made aware of the disclosure. Defendant Petta has not seen, nor has he had access to, any of the documents involved in plaintiff Baird's Complaint. Further, defendant Petta had no knowledge that defendant Jeffers had responded to a District Court subpoena until he received this e-mail from plaintiff Baird.

When plaintiff Baird e-mailed her charges November 22, 2005, defendant Petta immediately

sought assistance from the NAGE regional office and was advised on November 28, 2005, by regional

representative Susan Pooler-Johnson in an e-mail:

> "You should not respond to it because as she states she is filing anyway.
> Her complaint needs to be addressed to the National Office since she is
> charging all of you. The less all of you say, the better off you will be."

(Exhibit "B") On February 7, 2006, following an e-mail from plaintiff Baird on February 1, 2006,

defendant Petta forwarded plaintiff Baird's charges to NAGE national secretary Barbara Osgood

requesting:

> "that the national officers assume jurisdiction and proceed with any
> investigation, hearing or other action required to resolve this matter."

(Exhibit "B") At a meeting February 8, 2006, the executive committee, now at its full strength of five

(5) officers, voted to attempt to resolve this matter at the local level in accordance with the NAGE

National's bylaws and the Local's bylaws and designated executive vice president Montgomery and

treasurer Greenhill to establish an appropriate trial committee to hear the charges. On February 13, 2006,

executive vice president Montgomery notified national secretary Osgood and plaintiff Baird that the

Local would attempt to resolve the matter. In the notice, also sent to plaintiff Baird, executive vice

president Montgomery requested that plaintiff Baird provide specific charges stating:

> "As noted, you have charged three officers in your complaint; however,
> your charges lack specificity on the events or acts in which you believe
> constitutes a basis for your alleged charges. Please see National
> Constitution and By-Laws for the NAGE, Article XII, Section 2. If you
> wish to amend and process [sic] with your complaint so as be in
> compliance with proper filing, please let ME know."

(Exhibit "B") Executive vice president Montgomery and treasurer Greenhill met with plaintiff Baird on

April 6, 2006, and outlined the steps for properly filing charges.

Executive vice president Montgomery followed up with plaintiff Baird by e-mail on April 18,

2006, saying:

> "I do believe Barry and I expressed the steps that would be followed after
> we receive your complaint as explained in our meeting, i.e. an official
> charge outlining specificity of the violation(s) of Messieurs. Petta, Jeffers,
> and Perry., with supporting exhibits. Please refer to Article XII, Section 2.
> of The National Constitution & By-Laws of the NAGE, as well as Article
> XI of the Bylaws of Local R3-77. In all fairness to you, the alleged
> accused, and the potential trial body, you must ensure that strict
> procedures are followed; specifically, the charges must specify the events
> or acts which you believe constitute the basis for charges and must state
> which subsection(s) of Section 1 of the National Bylaws or Local Bylaws,
> and may be supported to the extend that would afford the hearing panel
> undisputed evidence.  Please do not layer your official charges with issues
> not related or have no bearing to the charges.

> 'Please be assured that oversight and due process will be afforded to you
> to the extend [sic] your charges are substantiated, and such remedial
> and/or punitive action will be taken as is justified and in the best interest
> of NAGE and its members. To give you assurance of an expeditious
> process would be committing to not allowing the process to run its full
> course as the panel may require in hearing the merits of your complaint
> and providing its recommendation. The sooner you provide your official
> charges, we can proceed to the next step as presented to you on April 6,
> 2006.  In any event, please provide Barry and me with your charges not
> later than April 26, 2006. Once we have received your official charges,
> you will be provided a list of the local membership, by name only, for the
> sole purpose of your constructing a potential list of proposed panel
> members."

(Exhibit "B") Instead of responding or providing specific charges, plaintiff Baird filed unfair labor

practice charges with the Federal Labor Relations Authority (FLRA) on May 17, 2006, against the

Local. This is documented as FLRA Case No. WA-CO-06-0468. The FLRA ultimately dismissed this

cases on September 28, 2007, finding that there was "no basis for finding a violation of the Statute".

After May 18, 2006, defendant Petta has no record of any further communication from plaintiff

Baird regarding this matter until March 15, 2007. On March 15, 2007, the Local held a membership

meeting convened for the sole purpose of receiving nominations for new officers whose two-year terms

would commence April 1, 2007. Immediately following that meeting, attorney Stuart Bernsen, on behalf

of plaintiff Baird, handed defendant Petta a file folder containing the summons addressed to "Richard Petta (*AS AN OFFICER*)" (Exhibit "C"). The folder also contained the complaint filed with the Court on November 20, 2006. Defendant Petta immediately notified the NAGE regional office and, at their request, faxed them complete copies of the documents contained in the folder. On April 25, 2007, by telephone, defendant Petta was advised by Gina Lightfoot Walker, Deputy General Council of NAGE, that the national office would not be representing the Local's interests in this Complaint. Subsequently, on May 3, 2007, defendant Petta received via FEDEX a copy of the notices of appearance filed May 2, 2007, by W. Gary Kohlman and Dora Chen (Exhibit "A") both of Bredhoff & Kaiser saying they were serving as counsel "for the defendants in the above captioned matter". The package also contained their Motion to Dismiss.

On June 8, 2007, defendant Petta consulted attorney Marshal Berman. Attorney Berman, after reviewing all documents then served on defendant Petta observed that, based on the notice of appearances filed May 2, 2007, the attorneys from Bredhoff & Kaiser were serving as counsel for all of the defendants. Subsequently, attorney Abigail V. Carter of Bredhoff & Kaiser filed a notice of appearance as counsel for "Defendants David Holway, et al" (Exhibit "A"). She replaced Dora Chen.

On September 7, 2007, defendant Petta received a copy of plaintiff Baird's response to a Motion to Dismiss in an envelope postmarked September 6, 2007, and addressed to "Richard Petta (*FORMER OFFICIAL*)" (Exhibit "C").

## DISCUSSION

On November 21, 2005, defendant Petta was powerless to take any direct action. Formal action of any kind required an affirmative vote of three (3) officers of the executive committee, one of whose alleged actions triggered this Complaint. Any precipitous action would endanger the legitimate rights of all of the parties to a fair impartial airing of the matter. Defendant Petta chose the next best possibility

6

which was to request assistance from the NAGE regional office. As noted above, their response was "The less all of you say, the better off you will be." (Exhibit "B")

When the full compliment of five (5) officers existed, the executive committee made available to plaintiff Baird an opportunity to have her charges adjudicated in accordance with the NAGE National bylaws and the Local's bylaws. Plaintiff Baird chose instead to file charges with the FLRA. She made a "forum shopping" decision as to her best opportunity to receive vindication. When she was apparently dissatisfied with the lengthy process of the FLRA she "shopped" for another forum in which to continue to harass officials of the Local by filing this Complaint November 20, 2006.

When serving defendant Petta, plaintiff Baird made clear her Complaint was against defendant Petta as an officer of the Local (Exhibit "C"). Since defendant Petta has not held any elective office of the Local since April 1, 2007, his name should be removed from the Complaint. Plaintiff Bard failed to do this in her amended complaint filed June 19, 2007. Apparently plaintiff Baird is attempting to hide the fact that her complaint is actually against the Local and its officers.

If plaintiff Baird was in such a hurry to receive vindication, why did she delay serving this Complaint on the defendants for nearly four (4) months? Plaintiff Baird timed delivery to coincide with the conclusion of the nomination of officers for the two-year term commencing April 1, 2007. This may have been an attempt to intimidate candidates and supporters of candidates. Defendant Petta was not a candidate for any office nor did he take any part in the election process other than to vote.

7

## CONCLUSION

Based of the foregoing, the Complaint against defendant Petta should be dismissed. In the alternative, the Complaint should be amended to substitute defendant Petta's successor as Local president, Rhonda Baird.

Respectfully submitted,

Richard V. Petta,
Defendant Pro Se
Pension Benefit Guaranty Corporation
1200 K Street, N.W., Room 12605
Washington, D.C. 20005-4026
Telephone: (202) 326-4343 x3026
Fax: (202) 326-4344

Dated: June 10, 2008

## CERTIFICATE OF SERVICE

Defendant Petta certifies that on this the 10th day of June, 2008, he served a true and correct copy

of his Answer and Motion to Dismiss and Motion to Substitute via First Class mail postage prepaid to

the following parties:

Rhonda N. Baird, Esq.
13615 Layhill Road
Silver Spring, MD 20906

W. Gray Kohlman, Esq.
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, DC 20005
Counsel for David Holway and National Association of Government Employees

Dwayne Jeffers
Pension Benefit Guaranty Corporation
1200 K Street, NW, Room 8749
Washington, DC 2005-4026

_____
Richard V. Petta

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHONDA N. BAIRD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )    Case No. 1:06CV01985 (JDB) |
| | ) |
| DAVID HOLWAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>NOTICE OF APPEARANCE</u>

Pursuant to Local Rule 83.6, the undersigned attorney hereby submits notice of

appearance as counsel for the defendants in the above-captioned matter.

Respectfully submitted,

_____/s/_____

W. Gary Kohlman (No. 177527)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, D.C.  20005
(202) 842-2600

Dated: May 2, 2007

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHONDA N. BAIRD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 1:06CV01985 (JDB) |
| | ) |
| DAVID HOLWAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF APPEARANCE

Pursuant to Local Rule 83.6, the undersigned attorney hereby submits notice of appearance as counsel for the defendants in the above-captioned matter.

Respectfully submitted,

_____/s/_____
Dora V. Chen (No. 485200)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, D.C. 20005
(202) 842-2600

Dated: May 2, 2007

AO 458 (Rev. 11/04 DC)-Appearance

# United States District Court
# For the District of Columbia

Rhonda N. Baird

|  |  |
|---|---|
| Plaintiff(s) | ) |
|  | ) |
|  | ) |
| vs. | ) |
| David Holway, et al. | ) |
|  | ) |
| Defendant(s) | ) |

**APPEARANCE**

CASE NUMBER   06-1985

To the Clerk of this court and all parties of record:

Please enter the appearance of   Abigail V. Carter   as counsel in this
                          (Attorney's Name)

case for:   Defendants David Holway, et al.
                          (Name of party or parties)

October 3, 2007
_____
Date

474454
_____
BAR IDENTIFICATION

_____
Signature

Abigail V. Carter
_____
Print Name

805 15th Street, N.W.  Suite 1000
_____
Address

Washington, D.C.   20005
_____
City          State          Zip Code

202-842-2600
_____
Phone Number

# EXHIBIT "B"

**Petta Richard**

| | |
|---|---|
| **From:** | spooler@mx1.nage.org |
| **Sent:** | Monday, November 28, 2005 4:58 PM |
| **To:** | Petta Richard |
| **Subject:** | Re: Formal Complaint Against Robert Perry and Dwayne Jeffers |

Dear Rich: It appears as though she is charging the whole Ex BD in this notice. You should not respond to it because as she states she is filing anyway. Her complaint needs to be addressed to the National Office since she is charging all of you.
The less all of you say, the better off you will be.
Susanne

**Quoting Petta Richard <Petta.Richard@PBGC.GOV>:**

Susan, Can you assist me in this?

-----Original Message-----
**From:** RNBaird64@aol.com [mailto:RNBaird64@aol.com]
**Sent:** Tuesday, November 22, 2005 1:31 PM
**To:** Petta Richard
**Cc:** Montgomery Delarse; Greenhill Barry
**Subject:** Formal Complaint Against Robert Perry and Dwayne Jeffers

This e-mail serves as a formal complaint about the misconduct committed by NAGE Local R3-77 officers Robert Perry and Dwayne Jeffers, which was communicated to you by e-mail dated November 21, 2005. I am expressly requesting an investigation into the matter and disciplinary action for their conduct. The Local has horribly abused its authority and committed misfeasance, malfeasance and nonfeasance through the conduct of these officers, among other violations. Frankly, I am also making a complaint against you, Mr. Petta for failing to protect the information despite repeated requests for you to do so.

Not only are my privacy rights horribly violated, but so are those of other bargaining unit members. You know the Local's Bylaws provides that officers have the following responsibilities:

Duty to Maintain and Turn Over Records. Each officer who has access to or custody over records of the Local will maintain them with due care. Upon vacating an office or at the end of a term, an officer will turn over records to the President and Executive Committee or the respective successors. Where records to be turned over contain confidential or privacy information pertaining to individuals, the records will be sanitized to remove identifying information unless the affected individual in writing authorizes the records to be turned over with the identifying information.

Additionally, Article VII, Section 1 provides that "the Chief Steward coordinates the efforts of all the Stewards. Oversees the performance of

the Stewards, keeps track of the status of all grievances and deadlines, and ensures privacy and confidentiality."

It is clear from the information shared with you yesterday that these Bylaws were violated in the most egregious manner.  Not only did Mr. Jeffers admit the subpoena he received was sent in his individual capacity, but Mr. Perry admitted that the same request was made of PBGC and the agency did not provide the information.  Therefore, the actions of Mr. Perry and Mr. Jeffers acted intentionally.

Please contact me at your earliest convenience to discuss this matter.  I am going to file formal charges if I don't hear from you within a week, and reserve the right to do so anyway because you are ultimately responsible for the protection of the records in the Local's possession.

Thank you for your attention to this complaint.

Rhonda Baird
Dues Paying Member NAGE Local R3-77

This email has been scanned by the SEIU/NAGE/IBPO Email Security System for viruses and spam.

## Petta Richard

**From:** Montgomery Delarse
**Sent:** Monday, February 13, 2006 1:18 PM
**To:** Petta Richard
**Subject:** FW: Formal Complaint Against Robert Perry and Dwayne Jeffers

Dick,
For your information. I inadvertently left you off the cc: of the below communication with Rhonda.

Monty

-----Original Message-----
**From:** Montgomery Delarse
**Sent:** Thursday, February 09, 2006 4:42 PM
**To:** Baird Rhonda
**Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Perry Robert; 'dholway@nage.org'; 'rbarry@nage.org'; 'Bosgood@nage.org'
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

Ms. Baird:
Having read the string of communiqué regarding your charges against officers of NAGE Local R3-77, I, as Executive VP, and Barry Greenhill, Treasurer, wish to meet with you to discuss the proper forum in which to address your complaint. Please be advised that by copy of this email, Ms. Barbara Osgood, esquire, National, is requested to hold the email she received from the Local President, Richard (Dick) Petta on February 2, 2006, in abeyance and not pursue any action, pending the Local's exercising due process in accordance with both Local By-laws and the National Constitution and By-laws of the NAGE. Specifically, Article XII, Section 2.D describes the process for handling this matter.

It is the Local's desire to have the parties (you as charging party, and the three officers of NAGE Local R3-77 the accused parties) express if in fact this matter can be resolved at the Local level, and to identify the required forum. In that the nature of your complaint(s) center around unauthorized disclosure (as well as protection) of confidential and private information (see your email of November 22, 2005 below, with highlighted red section) should be brought before the Local. As noted, you have charged three officers in your complaint; however, your charges lack specificity on the events or acts in which you believe constitutes a basis for your alleged charges. Please see National Constitution and By-Laws for the NAGE, Article XII, Section 2. If you wish to amend and process with your complaint so as be in compliance with proper filing, please let ME know. If you do not have a copy of either referenced By-Laws, you may contact me for a copy. Please be assured the Local is committed to a finding and resolution in this matter.

Sincerely,

DeLarse (Monty) Montgomery,Jr.
Executive VP, NAGE, Local R3-77
-----Original Message-----
**From:** Baird Rhonda
**Sent:** Thursday, February 09, 2006 6:56 AM
**To:** Petta Richard; 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; 'dholway@nage.org'; 'rbarry@nage.org'; Bernsen Stuart
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers
**Importance:** High


**I promised to share with you the complaint made to National that they have not bothered to respond to. A copy of that complaint is attached to this message. Note that it too was made over two months ago.**

**Absolutely no one from National has ever contacted me about this issue. Based on this information you should understand why I expressly request that the Local—and you—fulfill your responsibilities independent of National. President Holway and Chief Counsel Barry have done nothing but retaliate against me for pursuing my arbitration and fighting the civil rights violations committed by PBGC. Their attempt to undermine my case in the Trusteeship action shows that they have no vested interest in either truth or justice. You see, Mr. Petta, while you begged the arbitrator to keep the decision alive in my case because of its benefit to the entire bargaining unit, NAGE was in District Court undermining the decision. Isn't that right Mr. Bernsen?**

**Please do not leave this complaint up to National. You needed to act on it two months ago.**

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Wednesday, February 08, 2006 9:30 AM
**To:** Petta Richard; 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; dholway@nage.org; rbarry@nage.org
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

I think it is clear that I meant that as a seperate complaint. If it wasn't, well let me state now that it is. To me, unless you acted in concert with Messers. Perry and Jeffers, the complaint of what they did vis-a-vis the records is different from what you did-- or failed to do-- in response to my complaint about Messers. Perry and Jeffers. So, are you saying you were involved in the acts taken by Messers. Perry and Jeffers in releasing the records? I thought you told me otherwise, but if that is your claim, then you are right the complaint should include you. Otherwise, it is a separeate complaint for a different wrong. Thank you.

-----Original Message-----
From: Petta Richard
Sent: Wed 2/8/2006 9:09 AM
To: Baird Rhonda; 'Bosgood@nage.org'
Cc: 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; dholway@nage.org; rbarry@nage.org
Subject: RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

The last sentence of your first paragraph in your original message says "Frankly, I am also making a complaint against you, Mr. Petta for failing to protect the information despite repeated requests for you to do so."

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Wednesday, February 08, 2006 8:39 AM
**To:** Petta Richard; 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Petta Richard; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; dholway@nage.org; rbarry@nage.org
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

Wait one minute, Mr. Petta. Why are you claiming that the complaint is against "three" officers? It is clear from the Subject line to the text of the complaint that it is a complaint against TWO officers. So, it looks like the remaining THREE Local officers have the ability to follow the Local's rules and institute a trial body (hopefully an objective one) to hear this complaint.

In fact, National had it's own seperate complaint that it hasn't addressed so I don't see how sending another one to them could be beneficial. When I return to the office I will share with you the complaint sent to National. I'm out of the office today.

Please no more politics, Mr. Petta. You continue to fail this Local in the manner in which you try to shirk and shift your duties and responsibilities. This should not turn into another circus, like the attempt to get you to bring the CBA to us for ratification.

Thank you.

-----Original Message-----
**From:** Petta Richard
**Sent:** Tue 2/7/2006 4:22 PM
**To:** 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Baird Rhonda; Petta Richard; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert
**Subject:** FW: Formal Complaint Against Robert Perry and Dwayne Jeffers

Ms. Osgood, We are forwarding this complaint to you because this complaint is against three of the five officers of Local R3-77's Executive Committee. In complaining against three of our Executive Committee members, Ms. Baird has prevented the Executive Committee from acting since with only two non-accused members left, the committee has no quorum to take any action. We request that the national officers assume jurisdiction and proceed with any investigation, hearing or other action required to resolve this matter.

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Wednesday, February 01, 2006 10:47 AM
**To:** Petta Richard
**Cc:** Montgomery Delarse; Greenhill Barry; 'dholway@nage.org'; 'rbarry@nage.org'
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers
**Importance:** High

**Mr. Petta, it has been over two months since I made this complaint to you. Yet, to date, I have had no response from you on it. It is readily obvious that this is a time sensitive matter—in addition to being a sensitive matter period. So, let me know whether or not you intend to address this. According to the Bylaws, there should be a hearing on this matter. I look forward to an opportunity to have a full and fair airing of the misconduct of both Mr. Perry and Mr. Jeffers.**

**Thank you for your response in this serious matter. I really don't want to have to go to the FLRA or the EEOC because you know the Local doesn't have the ?resources to address an adverse decision. Please don't force my hand.**

-----Original Message-----
**From:** RNBaird64@aol.com [mailto:RNBaird64@aol.com]
**Sent:** Tuesday, November 22, 2005 1:31 PM
**To:** Petta Richard
**Cc:** Montgomery Delarse; Greenhill Barry
**Subject:** Formal Complaint Against Robert Perry and Dwayne Jeffers

This e-mail serves as a formal complaint about the misconduct committed by NAGE Local R3-77 officers Robert Perry and Dwayne Jeffers, which was communicated to you by e-mail dated November 21, 2005. I am expressly requesting an investigation into the matter and disciplinary action for their conduct. The Local has horribly abused its authority and committed misfeasance,

malfeasance and nonfeasance through the conduct of these officers, among other violations. Frankly, I am also making a complaint against you, Mr. Petta for failing to protect the information despite repeated requests for you to do so.

Not only are my privacy rights horribly violated, but so are those of other bargaining unit members. You know the Local's Bylaws provides that officers have the following responsibilities:

Duty to Maintain and Turn Over Records. Each officer who has access to or custody over records of the Local will maintain them with due care. Upon vacating an office or at the end of a term, an officer will turn over records to the President and Executive Committee or the respective successors. Where records to be turned over contain confidential or privacy information pertaining to individuals, the records will be sanitized to remove identifying information unless the affected individual in writing authorizes the records to be turned over with the identifying information.

Additionally, Article VII, Section 1 provides that "the Chief Steward coordinates the efforts of all the Stewards. Oversees the performance of the Stewards, keeps track of the status of all grievances and deadlines, and ensures privacy and confidentiality."

It is clear from the information shared with you yesterday that these Bylaws were violated in the most egregious manner. Not only did Mr. Jeffers admit the subpoena he received was sent in his individual capacity, but Mr. Perry admitted that the same request was made of PBGC and the agency did not provide the information. Therefore, the actions of Mr. Perry and Mr. Jeffers acted intentionally.

Please contact me at your earliest convenience to discuss this matter. I am going to file formal charges if I don't hear from you within a week, and reserve the right to do so anyway because you are ultimately responsible for the protection of the records in the Local's possession.

Thank you for your attention to this complaint.

Rhonda Baird
Dues Paying Member NAGE Local R3-77

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | Montgomery Delarse |
| **Sent:** | Tuesday, April 18, 2006 1:55 PM |
| **To:** | Baird Rhonda |
| **Cc:** | Greenhill Barry |
| **Subject:** | RE: Complaint |

Ms. Baird,

I do believe Barry and I expressed the steps that would be followed after we receive your complaint as explained in our meeting, i.e. an official charge outlining specificity of the violation(s) of Messieurs. Petta, Jeffers, and Perry., with supporting exhibits. Please refer to Article XII, Section 2. of The National Constitution & By-Laws of the NAGE, as well as Article XI of the Bylaws of Local R3-77. In all fairness to you, the alleged accused, and the potential trial body, you must ensure that strict procedures are followed; specifically, the charges must specify the events or acts which you believe constitute the basis for charges and must state which subsection(s) of Section 1 of the National Bylaws or Local Bylaws, and may be supported to the extend that would afford the hearing panel undisputed evidence. Please do not layer your official charges with issues not related or have no bearing to the charges.

Please be assured that oversight and due process will be afforded to you to the extend your charges are substantiated, and such remedial and/or punitive action will be taken as is justified and in the best interest of NAGE and its members. To give you assurance of an expeditious process would be committing to not allowing the process to run its full course as the panel may require in hearing the merits of your complaint and providing its recommendation. The sooner you provide your official charges, we can proceed to the next step as presented to you on April 6, 2006. In any event, please provide Barry and me with your charges not later than April 26, 2006. Once we have received your official charges, you will be provided a list of the local membership, by name only, for the sole purpose of your constructing a potential list of proposed panel members.

Sincerely,

Monty

-----Original Message-----

| | |
|---|---|
| **From:** | Baird Rhonda |
| **Sent:** | Tuesday, April 18, 2006 10:40 AM |
| **To:** | Montgomery Delarse; Greenhill Barry |
| **Subject:** | RE: Complaint |
| **Importance:** | High |

I've not gotten a response to this message. Can you please respond and help to move this forward. Time is really of the essence. I would need a list of members in order to come up with my proposed panel. So, please forward that to me ASAP. Thanks.

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Thursday, April 06, 2006 3:49 PM
**To:** Montgomery Delarse; Greenhill Barry
**Subject:** RE: Complaint
**Importance:** High

Thank you both for meeting with me to discuss the issue of my year long complaints about Messrs. Jeffers' and Perry's misconduct, particularly as it relates to the violations of the Local's Bylaws as well as the confidentiality order of Arbitrator Moore vis-à-vis the information from my arbitration. In reviewing the plan for the Local's long overdue

response to my complaints, my concern, as expressed in the meeting, is that the timetable may result in further undue delay that continues the damage I and other PBGC employees have suffered as a result of the gross violations of our right to privacy and confidentiality that continue to occur.

There is a desperation at this point to get some action ASAP. Not only does the Local's Board have a responsibility to address the violations that have already occurred, there is a more urgent need for you to act to stop any further violations especially with Robert Perry's imminent departure from the agency.

Anything I can do at this point I will, which includes seeking FLRA and/or EEOC help, and yes, still hoping the Board do something *about* this issue. Therefore, I will proceed with all avenues now including your proposal with the proviso that it must be expedited.

Thanks again for your time. I understand that both of you were not Board members at the time this all began, but as Board members now, you do have a responsibility to act.

Rhonda Baird
Frustrated *Dues-Paying* Member

> -----Original Message-----
> **From:** Montgomery Delarse
> **Sent:** Monday, April 03, 2006 10:48 AM
> **To:** Baird Rhonda
> **Subject:** RE: Complaint
>
> Ronda,
> As requested.
> << File: HANDLING OF COMPLAINT.doc >>
>
> > -----Original Message-----
> > **From:** Baird Rhonda
> > **Sent:** Monday, April 03, 2006 10:30 AM
> > **To:** Montgomery Delarse
> > **Subject:** RE: Complaint
> >
> > Monty, can you send the attachment from your previous message separately. It disappeared when I sent my response. Sorry for the confusion!
> >
> > > -----Original Appointment-----
> > > **From:** Baird Rhonda
> > > **Sent:** Monday, April 03, 2006 10:29 AM
> > > **To:** Montgomery Delarse
> > > **Subject:** Accepted: Complaint
> > > **When:** Thursday, April 06, 2006 10:00 AM-11:00 AM (GMT-05:00) Eastern Time (US & Canada).
> > > **Where:** Union Office

EXHIBIT "C"

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RHONDA BAIRD,

PLAINTIFF PRO SE

**SUMMONS IN A CIVIL CASE**

V.

*DAViD HOLWAY, ETAL*

RICHARD PETTA, PRESIDENT NATIONAL
ASSOCIATON OF GOVERNMENT
EMPLOYEES LOCAL R3-77

CASE NUMBER  1:06CV01985

JUDGE: John D. Bates

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 11/20/2006

TO: (Name and address of Defendant)

RICHARD PETTA
NAGE LOCAL R3-77
1200 K STREET, NW
WASHINGTON D.C. 20005
( AS AN OFFICER)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ▮▮▮▮▮ *Pro se* (name and address)

RHONDA BAIRD
13615 LAYHILL ROAD
SILVER SPRING, MD 20906

an answer to the complaint which is served on you with this summons, within _____ **20** _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

**NOV 2 0 2006**

DATE

_Laurence Higgins_
(By) DEPUTY CLERK



U.S. POSTAGE
PAID
WASHINGTON, DC
SEP 05, '07
AMOUNT
$1.14
0003701415

0000    20005

UNITED STATES
POSTAL SERVICE

RICHARD PETTIT
WAGE [HOUR] DIVISION
1300 K ST, NW
WASHINGTON DC 20005