UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RHONDA N. BAIRD, Esquire )<br><br>PLAINTIFF, )<br>)<br>)<br>vs. )<br>)<br>David Holway, et al., )<br>)<br>DEFENDANTS. )<br>) | Case No.: 06-1985 (JDB) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
## AND REASONS FOR DEFENDANT'S PRAYER FOR RELIEF

Pro Se Defendant Dwayne Jeffers, <u>Former Officer of NAGE Local R3-77 as of April 1, 2007</u>, hereby opposes Plaintiff's June 11, 2008 response to the court's order to show cause and provides a factual basis for the court to grant Defendant's Prayer For Relief in Defendant's April 30, 2007 Answer to this lawsuit.

Plaintiff does <u>not</u> need discovery in this case. Plaintiff needs to discover her own documents as well as other documents in her own possession! A casual review of Plaintiff's own documents by a reasonable person would have forced the Plaintiff to withdraw this lawsuit as required by Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff has proceeded with these meritless and baseless claims in a whopping 5 different arenas and now has proceeded to a 6th arena. The arenas are as follows:



RECEIVED

JUN 2 0 2008

Clerk, U.S. District and
Bankruptcy Courts

1

1) Request for sanctions by Arbitrator Robert T. Moore,

2) NAGE complaint under NAGE Constitution & By-Laws,

3) PBGC EEO complaint number 06-09,

4) FLRA complaints against NAGE National and Local R3-77,

5) United States District Court for DC lawsuit, and

6) United States Court of Appeal for DC Circuit.

Such "forum shopping" on such frivolous claims are just another opportunity for Plaintiff to harass and intimidate. Most of Plaintiff's claims have already been tossed out of 4 of the 6 arenas listed above. Specifically, arenas (1), (2), (4), & (5) have bounced out Plaintiff's claims.

Plaintiff does not offer anything new as she proceeds with her "forum shopping" to the United States Court of Appeal for DC Circuit. In fact, the Plaintiff has "spit in the face" of this present court in her June 11, 2008 Response To Order To Show Cause. Plaintiff proffered absolutely nothing in her filing except to dare this court to dismiss the remaining claims as she will just append them to the appeal.

Defendant supplements the record with several documents to obliterate any possibility of the Plaintiff being able to show cause or having any chance in appeals. These documents also show why this lawsuit can only be characterized as the **vexatious pack of lies, false innuendoes, propaganda, and politically motivated malice**.

On September 28, 2007 the FLRA dismissed Plaintiff's claims against NAGE National and Local R3-77 in a joint decision. (See Exhibits 1, 2, & 3).

Defendant's last day as a NAGE Local R3-77 union official in any capacity was March 31, 2007. On April 2, 2007, Plaintiff Rhonda N. Baird, Esq. became President of NAGE Local R3-77, and should have substituted herself as the Defendant in this case when she filed her June 19, 2007 amended complaint in this case. (See Exhibits 4 & 5). Defendant cancelled his union dues as of February 4, 2008 and is no longer bound by NAGE Constitutional & By-Laws. (See Exhibit 6). Plaintiff failed to properly follow NAGE Constitutional & By-Laws by properly filing her complaint and never went through the Local trial procedure. (See Exhibits 7 & 8). Thus, this court properly concluded that she never appealed her claims in accordance with NAGE Constitutional & By-Laws. Plaintiff's September 24, 2003 complaint against former officers shows that Plaintiff has experience in filing complaints that comply with NAGE Constitutional & By-Laws. (See Exhibit 9). Plaintiff also filed an October 29, 2003 FLRA complaint against Local R3-77 officers. (See Exhibit 10). While Plaintiff has alleged violation of an arbitrator's orders, she has failed to proffer any documentation of a finding of violation of arbitrator's orders. (See Exhibit 11). The court can only conclude that there is no finding of wrongdoing by an arbitrator. Plaintiff is very well aware of the need to comply with a subpoena as she produce the arbitration files which are allegedly under seal. (See Exhibits 12 & 13). Plaintiff has a long standing hatred for NAGE as documented in her June 11, 2004 FLRA complaint. (See Exhibit 14). Plaintiff threatened to join in District Court Case No. 03-2513 against NAGE National while suing the NAGE Trustee for claims of defamation. (See Exhibit 15). Plaintiff is prosecuting these same claims in this present lawsuit

3

through PBGC EEO Complaint Number 06-09 against NAGE and PBGC. (See Exhibit 16). It appears that Plaintiff may have been using this litigation as a political ploy in the April 2, 2007 Local R3-77 elections. Defendant was served his summons on March 15, 2007 immediately after a nomination meeting for the April 2, 2007 elections. Stuart Bernsen served the summons on myself as well as Richard Petta. (See Exhibits 17 & 18). Plaintiff has received several e-mails from myself after April 2, 2007 outlining that I am no longer a Local R3-77 official. (See Exhibits 19 & 20). Plaintiff has served summons to both Richard Petta and myself "**AS AN OFFICER**" of NAGE Local R3-77. (See Exhibits 21 & 22). Plaintiff has also accused former Defendant Robert Perry of violating arbitrator orders but has not proffered any such findings from the arbitrator. (See Exhibit 23). On October 11, 2007, Defendant contacted Plaintiff along with NAGE Local R3-77 about handling this litigation as they would be the proper defendants. (See Exhibit 24). To date neither Plaintiff nor Local R3-77 has responded in writing. Plaintiff has initially filed this action on behalf of herself and NAGE Local R3-77 members but has made no attempts to certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure. (See Exhibit 25).

## CONCLUSION

Plaintiff Rhonda N. Baird is a GS-14 Attorney with over 10 years of experience in the practice of law. In fact, she also holds an inactive Certified Public Accountant (CPA) license and the PBGC was paying for her to take classes towards a Master of Law (L.L.M) degree at Georgetown University. There is no excuse for Plaintiff's **misbehavior**, **misconduct**, and **unprofessional antics** before this court. Based on the court's decisions, Defendant should be granted relief as cited in Defendant's April 30, 2007 Answer and as clarified and amended below.

## PRO SE DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Pro Se Defendant Dwayne Jeffers prays this Court grant the following relief :

- (a) This action be expeditiously <u>dismissed with prejudice</u> in its entirety as it relates to the Pro Se Defendant;

- (b) A declaratory judgment that Plaintiff, who is an **<u>Attorney and holds her legal license in the state of Maryland</u>**, willfully filed a frivolous lawsuit in bad faith against the Pro Se Defendant;

- (c) An injunction enjoining Plaintiff from engaging in such conduct in the future;

- (d) A recommendation from the Court that the Maryland State Bar Association take disciplinary action against Plaintiff for the blatant misconduct on the part of the Plaintiff during this proceeding;

(e) Rule 11 finding against Plaintiff based on court's initiative as the court has already moved to dismiss this case on the court's own initiative,

(f) Award Pro Se Defendant reasonable costs and attorney's fees under Rule 11 [See "Awarding Attorney's Fees to Pro Se Litigants Under Rule 11," 95 Mich. L. Rev. 2308 (1997)]; and

(g) Grant such other and further relief as may be appropriate.

## VERIFICATION OF FILING BY DWAYNE JEFFERS

I, Pro Se Defendant Dwayne Jeffers, hereby verify this filing by stating that I declare under penalty of perjury that the factual statements contained in this answer are true and correct.

Date : June 20, 2008

Dwayne Jeffers
Pro Se Defendant
1200 K Street, NW
Washington, DC 20005

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 20, 2008, I served copies of this filing by first class mail or hand delivery on the following persons :

Rhonda N. Baird
13615 Layhill Road
Silver Spring, MD 20906
    *Plaintiff &*
    *Defendant as current President of NAGE Local R3-77*

Bredhoff & Kaiser, LLC
805 15th Street, NW
Suite 1000
Washington, DC 20005
    Counsel for David Holway and NAGE

Richard Petta
1200 K Street, NW
Washington, DC 20005
    *Defendant (former President of NAGE Local R3-77)*

Dwayne Jeffers
Pro Se Defendant
1200 K Street, NW
Washington, DC 20005

# EXHIBIT   1



UNITED STATES OF AMERICA
### FEDERAL LABOR RELATIONS AUTHORITY
**SAN FRANCISCO REGION**
901 Market Street, Suite 220
San Francisco, California 94103-1791
(415) 356-5000  Fax:(415) 356-5017

September 28, 2007

Rhonda Baird
13615 Layhill Road
Silver Spring, MD  20906

Re:    National Association of Government
          Employees, SEIU
          Case No. WA-CO-06-0467
          -and-
          National Association of Government Employees,
          Local R3-77, SEIU
          Case No. WA-CO-06-0468

Dear Ms. Baird:

The unfair labor practice charges in these cases were filed with the Washington Regional Office on May 18, 2006 and were transferred to the San Francisco Regional Office on May 9, 2007. After investigation, consideration of the evidence, and application of the law to the facts, issuance of a complaint is not warranted.

As clarified in the investigation, the charge in Case No. WA-CO-06-0467 alleges that the National Association of Government Employees, SEIU, AFL-CIO (NAGE National) violated section 7116(b)(1)(2)(3) and (4) of the Federal Service Labor-Management Relations Statute (Statute) by acts in derogation of the duty of fair representation, by failing to fulfill obligations under the union's constitution and bylaws, and by discriminating against Charging Party.

The charge in Case No. WA-CO-06-0468, as clarified, alleges that the National Association of Government Employees, Local R3-77, SEIU, AFL-CIO (Local Union) violated section 7116(b)(1)(2)(3) and (4) of the Statute by violating orders of an Arbitrator and District Court, failing to investigate alleged misconduct of certain union representatives, interfering with the Charging Party's right to arbitrate a grievance, attempting to cause Charging Party's employer to discriminate against her; and discriminating against Charging Party with respect to union membership by refusing to fund her arbitration, process her complaints and/or provide her with proper representation. The FLRA has jurisdiction over the matters raised in these charges.

Charging Party works as an attorney for the Pension Benefit Guarantee Corporation (PBGC). At the time of the events involved in these cases, the Local Union held exclusive recognition for a unit of PBGC employees. Charging Party was included in the unit of exclusive recognition and was a member of the Local Union at all times relevant to the events involved in these cases.

By way of background, Charging Party filed a grievance with the Local Union's assistance in late 2002. The grievance was not resolved and, on February 20, 2003, the Local Union invoked arbitration. In accordance with existing policy, NAGE National then determined whether or not to proceed to arbitration. On January 12, 2004, the NAGE National President issued a final

1

decision to deny both representation and financial support for the arbitration of Charging Party's grievance.

The Local Union then notified Charging Party that although neither NAGE National nor the Local Union would represent her in arbitration, she could proceed at her own expense if she wished. Charging Party elected to proceed. On February 24, 2004, the Local Union agreed to Charging Party's request that her representative for the arbitration proceeding be authorized to receive official time for that purpose. The Charging Party had designated as her representative a unit employee who was also a Local Union Representative.

The arbitrator initially made a determination that the case could proceed on the merits. He then conducted 13 days of hearing. On April 20, 2005, the arbitrator issued a 90 page decision on the merits of the grievance. The arbitrator retained certain remedy issues for future proceedings. Thus, at the time of the events involved in these cases, the arbitration of the grievance had not been completed.

As a preliminary matter, to the extent that the allegations raised are based on conduct and actions that occurred prior to November 17, 2005, they are untimely raised in these charges and must be dismissed. In this regard, section 7118(a)(4)(A) of the Statute requires that any charge must be filed within six months of the alleged unfair labor practice. *U.S. Dep't of Labor*, 20 FLRA 296, 297 (1985) *(DOL)*. Thus, a charge must be "based on events occurring within the six-month period preceding the original charge[.]" *U.S. Penitentiary, Florence, Colo.*, 53 FLRA 1393, 1402 (1998).

Section 7118(a)(4)(B) provides an exception to this six month rule, where the charging party does not learn of the alleged unfair labor practice immediately, either due to a respondent's failure to perform a duty owed to the charging party, or because of concealment of the alleged unfair labor practice. *Dep't of the Treasury, U.S. Customs Serv., El Paso, Tex.*, 55 FLRA 43, 46 (1998); *U.S. Dep't of the Air Force, Williams Air Force Base, Chandler, Ariz.*, 38 FLRA 549, 560-61 (1990) (failure of agency to provide union with notice of change in working conditions warranted suspension of six month filing deadline for unfair labor practice charge). *See also, Veterans Admin. and Veterans Admin. Med. Ctr., Lyons, N.J.*, 24 FLRA 255 (1986)(breach of duty alone, is not enough to warrant exception; the failure to perform a duty must have prevented the discovery of the unfair labor practice within six months of its occurrence).

In these cases, there is no contention that NAGE National or the Local Union concealed alleged unfair labor practice conduct from the Charging Party. In addition, that the Charging Party was prevented from raising her allegations within six months based on failure by NAGE National or the Local Union to perform a duty owed her. In these circumstances, it is concluded that all allegations raised in these charges that are based on conduct that occurred on or before November 17, 2005 are untimely filed. *DOL.*

Further, no evidence was presented in either case to support a finding that NAGE National or the Local Union discriminated against the Charging Party in terms and conditions of membership in the labor organization.

With respect to Case No. WA-CO-06-0467, the Charging Party contends that in its treatment of her, NAGE National failed to comply with federal labor and civil rights laws. To the extent that these contentions involve alleged breaches of the standards of conduct for labor organizations set out in section 7120(a) through 7120(d) of the Statute, the issues must be raised with the Assistant

2

Secretary of Labor. Such allegations do not involve unfair labor practice conduct. Similarly, issues related to rights and obligations under civil rights laws, must be raised through the statutory or administrative procedures established for addressing such matters. These allegations also do not involve unfair labor practice conduct.

Charging Party also alleges that NAGE National failed to comply with its constitution and bylaws, to investigate her complaints against the Local Union, and to take action against either the Local Union or a Local Union Representative. To the extent any of these allegations are timely raised in Case No. WA-CO-06-0467, the issues involve matters internal to the union and must be raised through whatever internal process NAGE has established for addressing such matters and/or through a complaint to the Assistant Secretary of Labor. *See, Am. Fed. of Gov't. Employees*, 8 FLRA 718 (1982)(*AFGE*). These allegations do not involve unfair labor practice conduct.

In addition, the charge alleges that NAGE National's treatment of the Charging Party was an attempt to retaliate and discriminate against her for giving declarations in legal actions and for filing and pursuing unfair labor practice charges against both NAGE National and the Local Union. To the extent this allegation is timely raised, the investigation revealed that Charging Party provided declarations on behalf of plaintiffs in a lawsuit challenging NAGE National's imposition of a trusteeship on the Local Union. In addition, Charging Party filed unfair labor practice charges against NAGE National and the Local Union. She provided evidence in the investigations of the charges she filed. evidence that she had for testifying in court

While the Charging Party supported the lawsuit and filed charges against the union, the evidence fails to establish that NAGE National failed to comply with its constitution and bylaws, to investigate her complaints or to take action against the Local Union because she had done so. Further, there is no evidence to suggest that NAGE National engaged in violations of federal labor or civil rights laws because of Charging Party's support of the lawsuit and pursuit of unfair labor practice charges.

No evidence was presented of any attempt by NAGE National to cause or attempt to cause PBGC to discriminate against Charging Party or to coerce, discipline, fine or attempt to coerce Charging Party as punishment, reprisal or for the purpose of hindering or impeding her work performance, productivity or discharge of duties. Thus, there is no evidence in this case that of a violation of section 7116(b)(1)(2) and/or (3) of the Statute.

In Case No. WA-CO-06-0468, the Charging Party contends that the Local Union violated the Statute when a Union Representative released information concerning her in response to a subpoena in a U.S. District Court action. In this regard, the Charging Party alleges that the Local Union's conduct violated both an Arbitrator's order and a court order. To the extent these allegations are timely raised, it is concluded that no violation of the Statute occurred. First, an alleged failure to comply with a court order must be addressed through the court and does not involve unfair labor practice conduct.

As to the alleged violation of the Arbitrator's order, the investigation revealed that the Charging Party's grievance was subject to a bifurcated arbitration process. At the time the alleged release of information occurred, no final arbitration decision had been issued because the remedy portion of the case had not been heard. Therefore, there was no final and binding arbitration award. However, Charging Party contends that the Arbitrator made statements about release of information related to the arbitration and that the Local Union acted contrary to these instructions by providing such information in connection with the court proceeding.

3

It is an unfair labor practice to refuse to comply with a final and binding arbitration award. *See,* e.g., *Dep't. of the Treasury, U.S. Customs Svce., New York Region, New York, N.Y.,* 21 FLRA 119 (1986). In this case, there was no arbitration award that addressed the issue of the release of information and documents in connection with the Charging Party's case. Therefore, at the time the alleged improper release of information in the court proceeding occurred, there was no final and binding award. Thus, to the extent the Local Union released improperly released information related to the arbitration, this conduct did not violate the Statute.

The charge also alleges that the Union Representative made statements in a PBGC investigation in April 2006 that improperly released and falsely portrayed Charging Party's private medical information. In this regard, Charging Party asserts that the Union Representative informed her that he had been directed by agency management to release her medical diagnosis in an agency investigation into claims he had made against her. Charging Party contends that the release of this information was improper and constituted an attempt to cause the agency to discriminate against her. She notes that her appraisal has been lowered since the time that the Union Representative made these remarks to agency representatives.

Section 7114(a)(1) of the Statute imposes on federal sector unions a duty to fairly represent employees. In accordance with section 7114(a)(1), where a union is acting as the exclusive representative of its unit members, the activities of the union must be undertaken without discrimination and without regard to union membership. *See, Fort Bragg Ass'n of Educators, Nat'l Educ. Ass'n, Fort Bragg, N.C.,* 28 FLRA 908, 918 (1987) (*Fort Bragg*).

In addition, where union membership is not an issue, the test is whether the union deliberately and unjustifiably treated one or more bargaining unit employees differently from other employees in the unit. The union's actions must amount to more than mere negligence or ineptitude; the union must have acted arbitrarily and in bad faith, and the action must have resulted in disparate or discriminatory treatment of a bargaining unit employee. *Nat'l Fed'n of Fed. Employees, Local 1453,* 23 FLRA 686 (1986) (*NFFE*). A failure of the duty of fair representation is a violation of section 7116(b)(1) and (8) of the Statute and this charge has been considered as if it had alleged violations of section 7116(b)(1) and (8) of the Statute.

There is no evidence in this case that the Local Union directly sought to influence agency management to take an action against the Charging Party or to otherwise discriminate against her in violation of section 7116(b)(1) and (2) of the Statute. Rather, this allegation raises issues of whether the Local Union failed in its duty to fairly represent the Charging Party.

As regards the conduct of the Union Representative in the 2006 investigation, the evidence does not establish that a violation of the Statute occurred. Without regard to whether or not the Union Representative properly or improperly released information regarding Charging Party, this alone is insufficient to demonstrate a breach of the duty of fair representation. *Ft. Bragg; NFFE.*

With respect to the allegation that the Local Union failed to address her complaint about the alleged misconduct of certain union representatives, like the similar allegations against NAGE National, this allegation involves matters internal to the union and must be raised through whatever process NAGE has established for addressing such matters and/or through a complaint to the Assistant Secretary of Labor. *AFGE.* The allegation does not involve unfair labor practice conduct.

4

The charge also alleges that the Local Union discriminated against Charging Party with respect to her membership in the labor organization by failing to address her complaints about internal union matters and by failing to provide proper representation and financial support in her arbitration. To the extent these allegations are timely raised, the investigation revealed that the Charging Party has continued to attempt to secure union financial assistance in covering thousands of dollars of arbitration expenses.

Following the determination in January 2004 that the union would not provide representation or financial assistance in arbitration, neither NAGE National nor the Local Union has ever reversed this decision. No evidence was presented to suggest that the failure to change position on providing representation and/or funding the arbitration was discriminatory or that other unit employees were treated differently in similar circumstances. Thus, there is insufficient evidence to establish that the Local Union's conduct violated section 7116(b)(1) and (4) of the Statute.

Finally, the charge alleges that the Local Union's conduct amounted to interference, restraint or coercion with respect to the exercise of protected rights, including her right to proceed to arbitration. The evidence fails to establish that any of the conduct discussed above violated Charging Party's rights under the Statute. Further, there is no evidence of any independent interference with statutory rights in this matter or any statement made by any Local Union representative that interfered with protected rights. In particular, there is no evidence that the Local Union interfered with Charging Party's right to arbitrate her grievance.

The Charging Party has no independent right to arbitrate a grievance, only the parties to exclusive recognition have this right. In this case, the Local Union refused to arbitrate the grievance in 2004, but permitted Charging Party to proceed to arbitration without union representation and at her own expense. The statements and conduct of Local Union representatives between November 17 and May 18, 2006 do not change the union's 2004 denial of representation and refusal to pay for the arbitration. Therefore, the evidence fails to establish that the Local Union denied the Charging Party any right to arbitration as alleged in the charge.

Based on the foregoing, there is no basis for finding a violation of the Statute in either of these charges. Therefore, the charges are dismissed. An appeal may be filed by mail or hand delivery with the Office of the General Counsel at the following address:

> Federal Labor Relations Authority
> Office of the General Counsel
> 1400 K Street N.W., 2nd Floor
> Attention: Appeals
> Washington, D.C. 20424-0001

Whichever method is chosen, please note that the last day for filing an appeal of the dismissal (Case Nos. WA-CO-06-0467 and WA-CO-06-0468) is **October 29, 2007**. This means that an appeal that is mailed must be postmarked, or an appeal must be hand delivered, no later than , **October 29, 2007**. Please send a copy of your appeal to the Regional Director.

If more time is needed to prepare an appeal, a motion to request an extension of time may be filed. Mail or hand deliver the request for an extension of time to the Office of the General Counsel at the address listed above. Because requests for an extension of time must be **received** at least five days before the date the appeal is due, any request for an extension of time in this case must be **received** at the above address no later than **October 24, 2007**.

The procedures, time limits and grounds for filing an appeal are set forth in the Authority's Regulations, contained in Volume 5 of the Code of Federal Regulations at section 2423.11. The regulations may be found at any Authority Regional Office, public law library, some large general purpose libraries, Federal Personnel Offices and the Authority's Internet site: **www.flra.gov.** I have also enclosed a document that summarizes commonly-asked questions and answers regarding the Office of the General Counsel's unfair labor practice appeals process.

Sincerely,

*Gerald M. Cole*

Gerald M. Cole
Regional Director


Enclosures:    Certificate of Service
               Questions and Answers About Appeals


cc:    Gina Lightfoot Walker, Deputy General Counsel, National Association of Government Employees, SEIU, 601 North Fairfax Street, Suite, 125, Alexandria, VA 22314

       Colleen Duffy Kiko, General Counsel, Office of the General Counsel, Federal Labor Relations Authority, 1400 K Street NW, Second Floor, Washington, D.C. 20424-0001

# EXHIBIT  2

Form Exempt Under 44 U.S.C. 3512

| | FOR FLRA USE ONLY |
|---|---|
| **UNITED STATES OF AMERICA**<br>**FEDERAL LABOR RELATIONS AUTHORITY**<br>**CHARGE AGAINST A LABOR ORGANIZATION** | Case No. |
| | Date Filed |

Complete instructions are on the back of this form.

| 1. Charged Labor Organization | 2. Charging Party (Individual, Labor Organization, Activity, or Agency) |
|---|---|
| Name: **NAGE**<br>Address: 159 Burgin Parkway<br>Quincy, MA 02169<br>Tel.#: (617) 376-0220    Ext.<br>Fax#: ( ) | Name: **RHONDA BAIRD**<br>Address: 13615 LAYHILL ROAD<br>SILVER SPRING<br>Tel.#: (301) 603-1641    Ext.<br>Fax#: ( ) |
| 3. Charged Labor Organization Contact Information | 4. Charging Party Contact Information |
| Name: DAVID HOLWAY<br>Title: PRESIDENT<br>Address: 159 Burgin Parkway<br>Quincy, MA 02169<br>Tel.#: Ext.<br>Fax#: ( ) | Name: SAME AS ABOVE<br>Title:<br>Address:<br>Tel.#: ( )    Ext.<br>Fax#: ( ) |

5. Which subsection(s) of 5 U.S.C. 7116(b) and/or (c) do you believe have been violated? [See reverse]    (1), (2), (3), (4), and (8)

6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.

This complaint seeks redress for the intentional failure of the National Association of Government Employees ("NAGE") to fulfill the duties and obligations it owes me under its own Constitution and Bylaws, under federal labor and civil rights laws, and other applicable rules and laws. This failure stems from NAGE's attempts to retaliate and discriminate against me for testifying and engaging in other protected activities that reflected negatively on NAGE.

Beginning in early 2005, I started complaining to NAGE about Mr. Jeffers' misconduct, a representative of the Local in an ongoing arbitration brought on by itself (the "Arbitration"). Mr. Jeffers falsely referred to me as a "pathological liar" and "psychotic" in e-mails that included PBGC management officials; Mr. Jeffers even went so far as to accuse me of making "terrorist style" threats. Due to my concern that the breakdown of the relationship between these Local officers and myself could lead to misuse of the record in my Arbitration. In April 2005, I made a complaint to NAGE about the misconduct of Mr. Jeffers specifically. I asked NAGE repeatedly to help secure information in Mr. Jeffers' possession that was confidential and privacy protected because it was apparent there was a conflict of interest between myself and Mr. Jeffers. NAGE received complaints that made it aware that: (1) the Local had failed to fulfill its duty of fair representation to me and its failure had been, and continues to be, harmful to me and other Pension Benefit Guaranty Corporation ("PBGC") employees whose rights were unlawfully violated; (2) the Local was interfering, restraining, and coercing me with respect to my rights, including my right to proceed with an arbitration case; 3) the Local was attempting to cause the PBGC to further discriminate against me such as by publicizing false health information to PBGC; and (4) NAGE was aware that the Local was discriminating against me with respect to my union membership such as by failing and refusing to process my complaints and by failing to provide proper representation and financial support in my arbitration. Despite being aware of all this, NAGE failed and refused to investigate and/or take any other action to address the flagrant misconduct of the Local.

On November 21, 2005, this situation became dire when during a conference in the Arbitration, Mr. Jeffers informed the Arbitrator, with myself and the representatives of PBGC who were present, that he had provided large amounts of the record in the Arbitration to Mr. Perry. Though the subpoena Mr. Jeffers was responding to only sought information in the record related to Mr. Perry, Mr. Jeffers acknowledged producing protected personnel information on other PBGC employees and my medical information from the record. Despite the order of the Arbitrator that the medical and personnel information be retrieved and destroyed, Mr. Jeffers and Mr. Perry continued to conduct more violations of the Arbitrator's confidentiality order by again disseminating information from the record. NAGE was timely informed of the facts above and despite repeated attempts to get them to act, they have failed to do so. Therefore, I request that the FLRA promptly investigate this matter and issue an injunction against NAGE, as well as any and all other relief that could be granted.

7. Have you or anyone else raised this matter in any other procedure?   ✓ No    Yes    If yes, where: [see reverse]

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box] ☐ Fax ☑ 1st Class Mail ☐ In Person ☐ Commercial Delivery ☐ Certified Mail

| Rhonda Baird | | 5/17/06 |
|---|---|---|
| Type or Print Your Name | Your Signature | Date |

# EXHIBIT 3

Form Exempt Under 44 U.S.C. 3512

| UNITED STATES OF AMERICA<br>**FEDERAL LABOR RELATIONS AUTHORITY**<br><br>**CHARGE AGAINST A LABOR ORGANIZATION** | **FOR FLRA USE ONLY** |
|---|---|
| | Case No. |
| | Date Filed |

Complete instructions are on the back of this form.

| 1. Charged Labor Organization | 2. Charging Party (Individual, Labor Organization, Activity, or Agency) |
|---|---|
| Name: NAGE LOCAL R3-77 | Name: RHONDA BAIRD |
| Address: SAME AS ABOVE | Address: 13615 LAYHILL ROAD<br>SILVER SPRING |
| Tel.#: (202) 326-4020    Ext. 4145<br>Fax#: ( ) | Tel.#: (301) 603-1641    Ext.<br>Fax#: ( ) |

| 3. Charged Labor Organization Contact Information | 4. Charging Party Contact Information |
|---|---|
| Name: RICHARD PETTA | Name: SAME AS ABOVE |
| Title: PRESIDENT | Title: |
| Address: SAME AS ABOVE | Address: |
| Tel.#: ( )    Ext.<br>Fax#: ( ) | Tel.#: ( )    Ext.<br>Fax#: ( ) |

**5. Which subsection(s) of 5 U.S.C. 7116(b) and/or (c) do you believe have been violated? [See reverse]** __(1), (2), (3), (4), and (8)__

**6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.**

This complaint seeks redress for violations of an arbitrator's protective order, a District Court protective order, and violations of other confidentiality and privacy protections committed by members of the Executive Board of NAGE Local R3-77 (the "Local"), Robert Perry and Dwayne Jeffers. It also seeks to redress the failure of the Local to address the complaints I made to them starting in early 2005 about the ongoing misconduct of these two officers. The Local has failed to fulfill its duty of fair representation to me and its failure has been, and continues to be, harmful to me and other Pension Benefit Guaranty Corporation ("PBGC") employees whose rights were unlawfully violated. The Local is interfering, restraining, and coercing me with respect to my rights, including my right to proceed with an arbitration case. The Local is attempting to cause the PBGC to further discriminate against me such as by publicizing false health information to PBGC. The Local is discriminating against me with respect to my union membership such as by failing and refusing to process my complaints and by failing to provide proper representation and financial support in my arbitration.

Beginning in early 2005, I started complaining about Mr. Jeffers' misconduct, who served as a representative of the Local in an ongoing arbitration brought on my behalf (the "Arbitration"). Mr. Jeffers falsely referred to me as a "pathological liar" and "psychotic" in e-mails that included PBGC management officials; Mr. Jeffers even went so far as to accuse me of making "terrorist style" threats. Due to my concern that the breakdown of the relationship between these Local officers and myself could lead to misuse of the record in my Arbitration, I began in early 2005 to ask the Local to protect the record and return it to me because it contained sensitive private and/or confidential information. Furthermore, I asked the Local to remove Mr. Jeffers from serving in any capacity in the Arbitration due to the conflicts of interests between us and the disturbing names Mr. Jeffers called me in writing.

Not only did the Local fail to take any action in response to my complaints about Mr. Jeffers, but on November 21, 2005, during a conference in the Arbitration, Mr. Jeffers informed the Arbitrator, with myself and representatives of PBGC present, that he had provided large amounts of the record in the arbitration to Mr. Perry. Though the subpoena Mr. Jeffers was responding to only sought information in the record related to Mr. Perry, Mr. Jeffers acknowledged producing protected personnel information on other PBGC employees and my medical information from the record. Despite the order of the Arbitrator that the medical and personnel information be retrieved and destroyed, Mr. Jeffers and Mr. Perry continued to conduct more violations of the Arbitrator's confidentiality order by again disseminating information from the record. Despite being immediately informed of the ongoing violations by both Mr. Perry and Mr. Jeffers, the Local has not yet acted to protect my interest or that of the other affected employees. Therefore, I request that the FLRA promptly investigate this matter and issue an injunction against the Local, as well as any and all other relief that could be granted.

**7. Have you or anyone else raised this matter in any other procedure?** ✓ No ___ Yes    If yes, where? [see reverse] _____

**8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box]** ☐ Fax ☐ 1st Class Mail ☑ In Person
☐ Commercial Delivery ☐ Certified Mail

| Rhonda Baird | | 5/17/06 |
|---|---|---|
| Type or Print Your Name | Your Signature | Date |

# EXHIBIT 4

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | O'Connell Michael |
| **Sent:** | Monday, April 02, 2007 2:49 PM |
| **To:** | O'Connell Michael |
| **Subject:** | Election Results & Local R3-77 Board |

President:  Rhonda Baird

Executive Vice President:  Craig Yamaoka

Vice President At-Large:  Steve Stroik

Treasurer:  Steven Baird

Secretary:  Wayne Reed

# EXHIBIT  5

NAGE Union Officers and Stewards

PBGC **net**

April 30, 2008

FIND AN EMPLOYEE    First Name    Last Name    SEARCH

Advanced Search    GO    GO

Home > About PBGC > Community Support & Employee Organizations > **Recreation Association**

## NAGE Union Officers and Stewards

| POSITION | NAME | PBGC EXTENTION | OFFICE |
|---|---|---|---|
| President | Rhonda Baird | 3880 | 3409 |
| Vice President | Craig Yamaoka | 3614 | 2539 |
| Secretary | Wayne Reed | 3976 | 6207 |
| Treasurer | Steven Baird | 3952 | 6813 |
| Vice-President At-Large | Steve Stroik | 5129 | 9093 |
| Chief Steward of the Local | Mischelle Awkward-Marshall | 3874 | 3219 |
| Steward | Richard Anderson | 3051 | 6705 |
| Steward | Kim Blair | 6731 | 9701A |
| Steward | Dale Granata | 3467 | 8704 |
| Steward | Karen MacDonald | 3304 | 8559 |
| Steward | Richard Petta | 3026 | 12605 |
| Steward | Steven Shore | 6368 | 8703A |
| Steward | Hedrick "Ric" Mitchell | 3309 | 4215 |

Home
About PBGC
Benefit Payments & Processing
Buildings & Facilities
Computer Support
Corporate Groups
Directives & Policies
Equal Employment Opportunities (EEO)
Ethics Resources
Finance, Budget Purchasing & Auditing
OIG Reports
Human Resources
Library
News & Events
Records Management
Standards, Manuals & User Guides
Strategic Planning
Training
Travel / Payroll

# EXHIBIT  6

## Jeffers Dwayne

**From:** Jeffers Dwayne
**Sent:** Monday, February 04, 2008 4:59 PM
**To:** Washington Destiney
**Subject:** RE: Union Dues Withholding

Good Afternoon,

I would like to thank you for your outstanding customer service in processing this matter so quickly.
I am happy to know that my union dues have been cancelled as of today.
I will wait to see the results on my leave and earnings statements.
I want you to know that your efforts are greatly appreciated!!!!!

:-)

Thanks,
Dwayne

---

**From:** Washington Destiney
**Sent:** Monday, February 04, 2008 3:01 PM
**Subject:** Union Dues Withholding

Please be advised that your union dues have been cancelled as of Monday, February 4, 2008. Feel free to contact me if you have any further questions and have a marvelous Monday.

*Destiney Washington*
Labor, Employee & Performance Division
Human Resources Department
Pension Benefit Guaranty Corporation
1200 K Street NW, Suite 2120
Washington, DC 20005
202.326.4110 Ext. 6283
202.326.4142

Confidentiality Notice: The information contained in this email and any attachments may be legally privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this email is strictly prohibited. If you receive this email in error, please notify the sender and permanently delete this email and any attachments immediately. You should not retain, copy or use this email or any attachment for any purpose, nor disclose all or any part of the contents to any other person.

4/23/2008

# EXHIBIT   7

## Jeffers Dwayne

**From:** Montgomery Delarse

**Sent:** Thursday, February 09, 2006 4:42 PM

**To:** Baird Rhonda

**Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Perry Robert; 'dholway@nage.org'; 'rbarry@nage.org'; 'Bosgood@nage.org'

**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

Ms. Baird:
Having read the string of communiqué regarding your charges against officers of NAGE Local R3-77, I, as Executive VP, and Barry Greenhill, Treasurer, wish to meet with you to discuss the proper forum in which to address your complaint. Please be advised that by copy of this email, Ms. Barbara Osgood, esquire, National, is requested to hold the email she received from the Local President, Richard (Dick) Petta on February 2, 2006, in abeyance and not pursue any action, pending the Local's exercising due process in accordance with both Local By-laws and the National Constitution and By-laws of the NAGE. Specifically, Article XII, Section 2.D describes the process for handling this matter.

It is the Local's desire to have the parties (you as charging party, and the three officers of NAGE Local R3-77 the accused parties) express if in fact this matter can be resolved at the Local level, and to identify the required forum. In that the nature of your complaint(s) center around unauthorized disclosure (as well as protection) of confidential and private information (see your email of November 22, 2005 below, with highlighted red section) should be brought before the Local. As noted, you have charged three officers in your complaint; however, your charges lack specificity on the events or acts in which you believe constitutes a basis for your alleged charges. Please see National Constitution and By-Laws for the NAGE, Article XII, Section 2. If you wish to amend and process with your complaint so as be in compliance with proper filing, please let ME know. If you do not have a copy of either referenced By-Laws, you may contact me for a copy. Please be assured the Local is committed to a finding and resolution in this matter.

Sincerely,

DeLarse (Monty) Montgomery,Jr.
Executive VP, NAGE, Local R3-77

> -----Original Message-----
> **From:** Baird Rhonda
> **Sent:** Thursday, February 09, 2006 6:56 AM
> **To:** Petta Richard; 'Bosgood@nage.org'
> **Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; 'dholway@nage.org'; 'rbarry@nage.org'; Bernsen Stuart
> **Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers
> **Importance:** High
>
>
> **I promised to share with you the complaint made to National that they have not bothered to respond to. A copy of that complaint is attached to this message. Note that it too was made over two months ago. Absolutely no one from National has ever contacted me about this issue. Based on this information you should understand why I expressly request that the Local—and you—fulfill your responsibilities independent of National. President Holway and Chief Counsel Barry have done nothing but retaliate against me for pursuing my arbitration and fighting the civil rights violations committed by PBGC. Their attempt to undermine my case in the Trusteeship action shows that they have no vested interest in either truth or justice. You see, Mr. Petta, while you begged the arbitrator to keep the decision alive in my case because of its benefit to the entire bargaining unit,**

**NAGE was in District Court undermining the decision. Isn't that right Mr. Bernsen?**

**Please do not leave this complaint up to National. You needed to act on it two months ago.**

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Wednesday, February 08, 2006 9:30 AM
**To:** Petta Richard; 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; dholway@nage.org; rbarry@nage.org
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

I think it is clear that I meant that as a seperate complaint. If it wasn't, well let me state now that it is. To me, unless you acted in concert with Messers. Perry and Jeffers, the complaint of what they did vis-a-vis the records is different from what you did-- or failed to do-- in response to my complaint about Messers. Perry and Jeffers. So, are you saying you were involved in the acts taken by Messers. Perry and Jeffers in releasing the records? I thought you told me otherwise, but if that is your claim, then you are right the complaint should include you. Otherwise, it is a separeate complaint for a different wrong. Thank you.

-----Original Message-----
**From:** Petta Richard
**Sent:** Wed 2/8/2006 9:09 AM
**To:** Baird Rhonda; 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; dholway@nage.org; rbarry@nage.org
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

The last sentence of your first paragraph in your original message says "Frankly, I am also making a complaint against you, Mr. Petta for failing to protect the information despite repeated requests for you to do so."

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Wednesday, February 08, 2006 8:39 AM
**To:** Petta Richard; 'Bosgood@nage.org'
**Cc:** 'spooler@mx1.nage.org'; Petta Richard; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert; dholway@nage.org; rbarry@nage.org
**Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers

Wait one minute, Mr. Petta. Why are you claiming that the complaint is against "three" officers? It is clear from the Subject line to the text of the complant that it is a complaint against TWO officers. So, it looks like the remaining THREE Local officers have the ability to follow the Local's rules and institute a trial body (hopefully an objective one) to hear this complaint.

In fact, National had it's own seperate complaint that it hasn't addressed so I don't see how sending another one to them could be beneficial. When I return to the office I will share with you the complaint sent to National. I'm out of the office today.

Please no more politics, Mr. Petta. You continue to fail this Local in the manner in which you try to shirk and shift your duties and responsibilities. This should not

turn into another circus, like the attempt to get you to bring the CBA to us for ratification.

Thank you.

> -----Original Message-----
> **From:** Petta Richard
> **Sent:** Tue 2/7/2006 4:22 PM
> **To:** 'Bosgood@nage.org'
> **Cc:** 'spooler@mx1.nage.org'; Baird Rhonda; Petta Richard; Greenhill Barry; Jeffers Dwayne; Montgomery Delarse; Perry Robert
> **Subject:** FW: Formal Complaint Against Robert Perry and Dwayne Jeffers
>
> Ms. Osgood, We are forwarding this complaint to you because this complaint is against three of the five officers of Local R3-77's Executive Committee. In complaining against three of our Executive Committee members, Ms. Baird has prevented the Executive Committee from acting since with only two non-accused members left, the committee has no quorum to take any action. We request that the national officers assume jurisdiction and proceed with any investigation, hearing or other action required to resolve this matter.
>
> -----Original Message-----
> **From:** Baird Rhonda
> **Sent:** Wednesday, February 01, 2006 10:47 AM
> **To:** Petta Richard
> **Cc:** Montgomery Delarse; Greenhill Barry; 'dholway@nage.org'; 'rbarry@nage.org'
> **Subject:** RE: Formal Complaint Against Robert Perry and Dwayne Jeffers
> **Importance:** High
>
> **Mr. Petta, it has been over two months since I made this complaint to you. Yet, to date, I have had no response from you on it. It is readily obvious that this is a time sensitive matter—in addition to being a sensitive matter period. So, let me know whether or not you intend to address this. According to the Bylaws, there should be a hearing on this matter. I look forward to an opportunity to have a full and fair airing of the misconduct of both Mr. Perry and Mr. Jeffers.**
>
> **Thank you for your response in this serious matter. I really don't want to have to go to the FLRA or the EEOC because you know the Local doesn't have the ?resources to address an adverse decision. Please don't force my hand.**
>
>> -----Original Message-----
>> **From:** RNBaird64@aol.com [mailto:RNBaird64@aol.com]
>> **Sent:** Tuesday, November 22, 2005 1:31 PM
>> **To:** Petta Richard
>> **Cc:** Montgomery Delarse; Greenhill Barry
>> **Subject:** Formal Complaint Against Robert Perry and Dwayne Jeffers
>>
>> This e-mail serves as a formal complaint about the misconduct committed by NAGE Local R3-77 officers Robert Perry and Dwayne Jeffers, which was communicated to you by e-mail dated November 21, 2005. I am expressly requesting an investigation into the matter and disciplinary action for their conduct. The

Local has horribly abused its authority and committed misfeasance, malfeasance and nonfeasance through the conduct of these officers, among other violations. Frankly, I am also making a complaint against you, Mr. Petta for failing to protect the information despite repeated requests for you to do so.

Not only are my privacy rights horribly violated, but so are those of other bargaining unit members. You know the Local's Bylaws provides that officers have the following responsibilities:

Duty to Maintain and Turn Over Records. Each officer who has access to or custody over records of the Local will maintain them with due care. Upon vacating an office or at the end of a term, an officer will turn over records to the President and Executive Committee or the respective successors. Where records to be turned over contain confidential or privacy information pertaining to individuals, the records will be sanitized to remove identifying information unless the affected individual in writing authorizes the records to be turned over with the identifying information.

Additionally, Article VII, Section 1 provides that "the Chief Steward coordinates the efforts of all the Stewards. Oversees the performance of the Stewards, keeps track of the status of all grievances and deadlines, and ensures privacy and confidentiality."

It is clear from the information shared with you yesterday that these Bylaws were violated in the most egregious manner. Not only did Mr. Jeffers admit the subpoena he received was sent in his individual capacity, but Mr. Perry admitted that the same request was made of PBGC and the agency did not provide the information. Therefore, the actions of Mr. Perry and Mr. Jeffers acted intentionally.

Please contact me at your earliest convenience to discuss this matter. I am going to file formal charges if I don't hear from you within a week, and reserve the right to do so anyway because you are ultimately responsible for the protection of the records in the Local's possession.

Thank you for your attention to this complaint.

Rhonda Baird
Dues Paying Member NAGE Local R3-77

# EXHIBIT 8

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | Montgomery Delarse |
| **Sent:** | Tuesday, April 18, 2006 1:55 PM |
| **To:** | Baird Rhonda |
| **Cc:** | Greenhill Barry |
| **Subject:** | RE: Complaint |

Ms. Baird,
I do believe Barry and I expressed the steps that would be followed after we receive your complaint as explained in our meeting, i.e. an official charge outlining specificity of the violation(s) of Messieurs. Petta, Jeffers, and Perry., with supporting exhibits. Please refer to Article XII, Section 2. of The National Constitution & By-Laws of the NAGE, as well as Article XI of the Bylaws of Local R3-77. In all fairness to you, the alleged accused, and the potential trial body, you must ensure that strict procedures are followed; specifically, the charges must specify the events or acts which you believe constitute the basis for charges and must state which subsection(s) of Section 1 of the National Bylaws or Local Bylaws, and may be supported to the extend that would afford the hearing panel undisputed evidence. Please do not layer your official charges with issues not related or have no bearing to the charges.

Please be assured that oversight and due process will be afforded to you to the extend your charges are substantiated, and such remedial and/or punitive action will be taken as is justified and in the best interest of NAGE and its members. To give you assurance of an expeditious process would be committing to not allowing the process to run its full course as the panel may require in hearing the merits of your complaint and providing its recommendation. The sooner you provide your official charges, we can proceed to the next step as presented to you on April 6, 2006. In any event, please provide Barry and me with your charges not later than April 26, 2006. Once we have received your official charges, you will be provided a list of the local membership, by name only, for the sole purpose of your constructing a potential list of proposed panel members.

Sincerely,

Monty

    -----Original Message-----
| | |
|---|---|
| **From:** | Baird Rhonda |
| **Sent:** | Tuesday, April 18, 2006 10:40 AM |
| **To:** | Montgomery Delarse; Greenhill Barry |
| **Subject:** | RE: Complaint |
| **Importance:** | High |

**I've not gotten a response to this message. Can you please respond and help to move this forward. Time is really of the essence. I would need a list of members in order to come up with my proposed panel. So, please forward that to me ASAP. Thanks.**

        -----Original Message-----
        **From:** Baird Rhonda
        **Sent:** Thursday, April 06, 2006 3:49 PM
        **To:** Montgomery Delarse; Greenhill Barry
        **Subject:** RE: Complaint
        **Importance:** High

        **Thank you both for meeting with me to discuss the issue of my year long complaints about Messrs. Jeffers' and Perry's misconduct, particularly as it relates to the violations of the Local's Bylaws as well as the confidentiality order of Arbitrator Moore vis-à-vis the information from my arbitration. In reviewing the plan for the Local's long overdue**

response to my complaints, my concern, as expressed in the meeting, is that the timetable may result in further undue delay that continues the damage I and other PBGC employees have suffered as a result of the gross violations of our right to privacy and confidentiality that continue to occur.

There is a desperation at this point to get some action ASAP. Not only does the Local's Board have a responsibility to address the violations that have already occurred, there is a more urgent need for you to act to stop any further violations especially with Robert Perry's imminent departure from the agency.

Anything I can do at this point I will, which includes seeking FLRA and/or EEOC help, and yes, still hoping the Board do something *about* this issue. Therefore, I will proceed with all avenues now including your proposal with the proviso that it must be expedited.

Thanks again for your time. I understand that both of you were not Board members at the time this all began, but as Board members now, you do have a responsibility to act.

Rhonda Baird
Frustrated *Dues-Paying* Member

-----Original Message-----
**From:** Montgomery Delarse
**Sent:** Monday, April 03, 2006 10:48 AM
**To:** Baird Rhonda
**Subject:** RE: Complaint

Ronda,
As requested.
<< File: HANDLING OF COMPLAINT.doc >>

-----Original Message-----
**From:**        Baird Rhonda
**Sent:**        Monday, April 03, 2006 10:30 AM
**To:**          Montgomery Delarse
**Subject:**     RE: Complaint

**Monty, can you send the attachment from your previous message separately. It disappeared when I sent my response. Sorry for the confusion!**

-----Original Appointment-----
**From:** Baird Rhonda
**Sent:** Monday, April 03, 2006 10:29 AM
**To:** Montgomery Delarse
**Subject:** Accepted: Complaint
**When:** Thursday, April 06, 2006 10:00 AM-11:00 AM (GMT-05:00) Eastern Time (US & Canada).
**Where:** Union Office

# EXHIBIT  9

13615 Layhill Road
Silver Spring, Maryland 20906

September 24, 2003

**VIA FAX AT 617 376-0285**

David J. Holway,
National President
National Association of Government Employees
159 Burgin Parkway
Quincy, MA 02169-4213

RE: **Complaint of Violations of NAGE National Constitution and Bylaws by Local R3-77
President and Executive Vice President**

Dear Mr. Holway:

As you know, I have a pending grievance concerning violations of various provisions of the CBA,
PBGC policies and directive and EEO laws. The National Union is currently reviewing it's denial of my
request for the payment of a portion of fees and costs associated with the arbitration over this matter.
Unfortunately, the Local leadership, specifically, Stuart Bernsen and Valda Johnson, have now delayed the
two day arbitration scheduled for October 2 and 3, 2003 because of their indefensible refusal to allow a
competent Local member, Jason Weyand, from serving as my representative in this matter. The actions by
Ms. Johnson and Mr. Bernsen over the past few weeks, as reflected in the attached emails, violate Article
XII, section (1)(A)(1),(2), (4),and (8) of the NAGE Constitution and Bylaws. Though I would have
preferred to resolve these issues at the Local level and have worked to avoid any disruption in the Local
leadership for fear of the eventual total loss of any representational body, the potential injury to the Local
for these actions prompts me to file this complaint and request your immediate attention to this matter.

As the emails show, I hired private counsel to represent me in filing a civil action for a prior EEO
matter as well as in the arbitration over the grievance. In order for the arbitration to go forward and not be
affected by the Local's apparent lack of resources to pay for it and the other grievances that are pending
arbitrations, I agreed to pay for it myself. See Attachment 1. However, as I told Mr. Bernsen, I decided to
use the competent representatives of the Local to represent me in the arbitration and modified the retainer
agreement with my attorney to reflect this change. Mr. Bernsen worked with me on the arbitration after the
change in representation but when I told him I wanted former Local Steward Jason Weyand to be the actual
representative at the hearing, Mr. Bernsen and Ms. Johnson began working to discredit and punish me by
denying me the representation I need and by delaying my arbitration. Even though Mr. Bernsen will be out
of the office starting tomorrow until after the arbitration, he appointed himself as my representative and
delayed the arbitration because of his leave.

This behavior is most clearly displayed in an email sent by Ms. Johnson (Attachment 2) in which
she not only implies that I committed fraud on the Local and the Agency but that my private attorney,
David Shapiro misrepresented his credentials to the Arbitrator and that his office told her they had not
taken my case. Though Mr. Bernsen had spoken to Mr. Shapiro on several occasions about the arbitration,
he did not correct Ms. Johnson's misstatements, and the situation escalated when Ms. Johnson forwarded
her spurious allegations to the entire dues-paying membership. Ms. Johnson also inferred in email
messages that she tape recorded her conversation with Mr. Shapiro's staff. (Attachment 3) Mr. Shapiro

denies the accusations by Ms. Johnson. (Attachment 4)  However, Ms. Johnson seems unable to retract her statements and to discontinue this conduct as the attached letter to me dated September 23, 2003 and copied to Mr. Shapiro– note that the letter is signed by Ms. Johnson as Local President (Attachment 5). This is fast growing into a situation in which the Local may be implicated for fees and costs incurred by myself and/or Mr. Shapiro, if he chose to bring an action to defend himself against these attacks.

Additionally, the Executive Committee has not scheduled a special membership meeting by Friday, September 19, 2003 as requested in a petition signed by over 60 members– much more than the 30% required to hold such a meeting. (Attachment 6)  This is a flagrant violation of the Local's own Bylaws as well as the National's Constitution and Bylaws Article XII(1)(A)(1) and (8).  Of course there is more information that I can send you but I wanted to just give you a sense of the urgency of the situation here at Local R3-77.  Thank you for your attention to this matter.

Sincerely,

Rhonda Baird
Work: (202) 326-4020 ext. 3880
Home: (301) 603-1641

Attachments

# ATTACHMENT 1



## NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES

**AFFILIATED WITH THE SERVICE EMPLOYEES INTERNATIONAL UNION, AFL/CIO**

## LOCAL R3-77

July 3, 2003

Dear Rhonda,

The Executive Committee of Local R3-77 (the "Local") of the National Association of Government Employees ("NAGE" or the "Union") voted that your grievance concerning unprofessional treatment, discrimination and retaliation should go to arbitration, and that the arbitration should proceed. The Local authorizes your attorney, David Shapiro, to conduct the arbitration on your behalf, and for him to, in effect, help represent the Local in your arbitration. However, the Local is not able to pay any fees or costs of Mr. Shapiro.

Please indicate, by signing this letter below, that you agree that: (1) the Local will not pay any fees or costs of Mr. Shapiro; (2) you will cover the Local's 25% share of the arbitration fee until a time when the Local can reimburse you; (3) you will not assert any claim against the Local for any claim you may have based on Mr. Shapiro' handling of the arbitration or based on his representation; (4) you agree that Valda Johnson and/or Stuart Bernsen or any Union representative whom they approve, such as DeLarse Montgomery, Jr., may attend any arbitration hearing; (5) Mr. Shapiro will keep Valda and Stuart up to date on the progress of your case, will notify them in advance of deadlines and scheduling, and will provide them with copies of any documents filed with respect to the arbitration proceeding; (6) in the arbitration you will seek one or more of the specific remedies stated in the Step Three grievance document; and (7) if you seek any other remedies in this matter, you will notify Valda Johnson in advance, and such remedies will be consistent with the collective bargaining agreement. By your signature, you also agree that the Local retains its rights and obligations under the Local bylaws, the NAGE national constitution and bylaws, and under law.

I and the Local fully support you in your action against management's outrageous mistreatment. Please let us know what we and the Local can do to help.

In Solidarity

Valda Johnson
President, NAGE Local R3-77

Agreed: _____    Date: ___7/3/03___
RHONDA BAIRD

# ATTACHMENT 2

## Baird Rhonda

___

**From:**  Johnson Valda

**Sent:**  Monday, September 15, 2003 7:52 PM

**To:**  Baird Rhonda

**Cc:**  Bernsen Stuart; Baker Elizabeth; Greenhill Barry

**Subject:** RE: Arbitration

Rhonda,

I don't know how to approach this topic in a way that preserve all that needs to be preserved. However, I must address some concerns.

1. You made the Union aware of your incident in OGC. The Union filed grievance and invoked arbitration.

2. The Union forwarded your case to National for review. National over a period of time decided not to take your case.

3. The Union supported you in the case, but told you there were other arbitrations before you in the queque. You were adamant that your case should take place during the summer. We told you that with all of the premediated confusion, other arbitrations/briefs/, other people before you, and with changes in working conditions, as well as financial concerns, we could not take your case to arbitration as soon as you would like.

4. You remained adamant to have your way as to the timing of the arbitration. No one had ever been so forceful in the timing, not even me. Even I waited over a year and a half to start my arbitration. You said that you would pay the cost and have your attorney represent you. The Union committed to paying its share of the arbitration- 25%. We first signed an agreement for Mona Lyons to represent you. That fell through - because you said her law firm was closing. So within several weeks, you asked for another letter for Shapiro. We finally agreed. At first, you said you wished to handle all of the costs yourself - in public meetings, you said you took out a 2nd mortage to handle the case. When we inquired about the status of the case and whether we could help, you informed us that Mr. Shapiro was on board but could not take the case to arbitration in July or August, because he had a big court case. However, you never said he would not take the case to arbitration.

5. In August, we received a letter from Mr. Moore - the arbitrator. It was addressed to Karen Esser, Ray Forster, and Mr. Shapiro. Mr. Shapiro's copy was sent to my office address. This raised questions to me. Why wasn't the arbitrator given Mr. Shapiro's address? Why was this information mailed to me.

6. An attorney from Mr. Shapiro's office has since informed me that his office had never agreed to take your case. In fact, you were informed of this when the firm first decided to do anything in representing you - in July. So, last week nor the week before was the first that you knew that Mr. Shapiro would not be represent you in the arbitration. His office did/would not confirm that they had ever spoken with Mr. Moore - the arbitrator - to set any dates. I know that the call was from Shapiro's office, because his number propped up on the telephone screen. It was the number I had called to inquire about your case. His phone number is listed.

7. Mr. Moore informed me that he was lead to believe that Mr. Shapiro worked for PBGC, and was in fact, an attorney in NAGE. He never actually phoned Mr. Shapiro's office, because somehow, someone who said he was Mr. Shapiro was always included in the conference calls. He was never told Mr. Shapiro was a private attorney, although after looking at the telephone number for Shapiro, he should have noticed the difference in the beginning of the numbers. That should have told him that Shapiro was not a part of PBGC.

Rhonda, who is telling the truth in all of this. I now have two entities - besides Stuart - that negate your side of the story. Why is that? I think that the Executive Committee deserves an explanation.

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Mon 9/15/2003 7:22 PM
**To:** Johnson Valda; Johnson Valda
**Cc:** Jeffers Dwayne; Bernsen Stuart; Baker Elizabeth; Greenhill Barry
**Subject:** RE: Arbitration

Valda, unfortunately not only have I put my credibility on the line with members of the Local but so has several other Union members. In resolving this issue, we need to be honest about the problem-- Jason. That is what it would take to move forward without a hearing on this issue. Now that all of this effort has gone into collecting signatures to arrange for a meeting, I want to request my first preference at the meeting. Please note that whether or not we can agree to a resolution before the end of the week, a meeting still needs to be held in compliance with the petition. Of course if there is a resolution, we can announce that at the meeting with a brief explanation of why the petition was necessary in the first place. I remain open to us working out a win-win situation here, if that is feasible.

-----Original Message-----
From: Johnson Valda
Sent: Mon 9/15/2003 4:20 PM
To: Johnson Valda; Baird Rhonda
Cc: Jeffers Dwayne; Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Clarification - Stuart or I will sit in with you and Dwayne at the arbitration.

-----Original Message-----
From: Johnson Valda
Sent: Monday, September 15, 2003 3:51 PM
To: Baird Rhonda
Cc: Jeffers Dwayne; Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Rhonda,
    My understanding was that you wanted to do the arbitration yourself. That is when the members of Exec. present on Friday decided that you should not represent yourself and that - that was in conflict with our written agreement that your attorney would represent you. We've written 2 letters to two different attorneys on your behalf.

How about if we start over - you and Dwayne can do the prep work and come up with the questions, etc.., and Stuart or I will sit in with you on the date of the arbitration? I have to discuss this with the Executive committee, but it may be approved by COB TODAY.

-----Original Message-----
From: Baird Rhonda
Sent: Monday, September 15, 2003 11:20 AM
To: Johnson Valda
Cc: Jeffers Dwayne; Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration
Importance: High

Please respond to my email ASAP. Time is of the essence. Thank you for your consideration of my requests.

-----Original Message-----
From: Baird Rhonda
Sent: Monday, September 15, 2003 7:30 AM
To: Johnson Valda
Cc: Jeffers Dwayne; Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Good morning. I wanted to follow-up with you to first find out if you have changed your stance on this issue and will allow my arbitration to go forward on October 2 and 3, with Jason Weyand serving as my primary representative. Your emails suggest that you need time to determine what needs to be done; Jason has informed me that he has sufficient time to make that determination and proceed on October 2 and 3. My second choice for a representative is Dwayne; he and I spoke about this last week and he agreed to represent me, if I needed him. However, if you and Stuart can find the time to prepare, I will UNDER PROTEST agree to you serving as my representatives on October 2 and 3. My trust in both you and Stuart has been badly damaged, and would likely affect our ability to work together going forward. Though I believe that much of your behavior is precipitated by the years of mistreatment by management, you do have individual responsibility for your actions. Maybe that is why I am even more committed to moving forward expeditiously, I don't want to totally loose focus as you have, and begin attacking the persons who have supported me.

If the options above aren't acceptable to you, I want to put you on notice of my intended actions to attempt to correct your unfair action.

First, I respectfully request that the date of the arbitration not be officially postponed this week to allow me time to collect the 30% signatures required to call a special meeting-- there will be no additional cost incurred by the Local if the postponement is delayed until next

Tuesday, if I understand the Arbitrator's instructions clearly;

Second, I believe that the necessary signatures of the members will be collected by COB tomorrow; I therefore request that the Executive Committee plan to call a special meeting no later than Friday to give me a meaningful opportunity to present my case to the membership and have the membership make the decision regarding whether or not I can proceed on October 2 and 3;

Third, I am only requesting that Jason be reinstated in a limited capacity to work on my case. If he desires to return full time, you and he would have to address that on another occasion; and

Finally, if any of my confidential information is sent to the membership or any other organization or individual without my express written authorization, I will take action against the Executive Committee for breach of confidentiality. Please do not disregard this request, I am very serious about this issue. You know that you have never found a petition against you with my signature on it. However, even when I have spoken up in defense of you I always stressed that there needs to be change. My decision is that I will not call the investigator about this serious breach of your duties, but once this escalates, neither you nor I will be able to stop the fallout. Believe me when I say I am sorry for the way this is going and can't help but feel that ultimately you are going to be removed from office and it will be because of your own stubborn headstrong ways.

-----Original Message-----
From: Johnson Valda
Sent: Friday, September 12, 2003 6:57 PM
To: Baird Rhonda
Cc: Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Rhonda,
    You are not stating the truth about what happened. We have signed agreement giving you permission to use Shapiro in the arbitration. In fact the correspondence from the arbitrator came to me with Shapiro's name on it. From my understanding, Stuart agreed to help you get files together. That is very different. You independently went to your attorney to change your contract. Nevertheless, we have a written agreement with you concerning your arbitration. You can't jump out of order.

Isn't Jason who said that you can't just have anybody doing arbitrations - agreeing with National that they needed to be present to pay. Isn't it you who said we have to say "no" sometimes. Did you say we have to drop some cases for good of the whole? But you don't want us to drop your case, do you?

We are not dropping your case. We aren't making you stay with Shapiro. We are simply postponing the arbitration until such time that we can adequately see what needs to be done. Didn't you all state that one person could not make decisions. Stuart didn't tell you to drop your attorney for the arbitration.. You did that yourself on Wednesday. We are asking you to be patient. I don't know how Jason has all this time. He has other cases he hasn't finished. He has an investigation to help National with, doesn't he.

-----Original Message-----
From: Baird Rhonda
Sent: Fri 9/12/2003 4:37 PM
To: Weyand Jason; Johnson Valda
Cc: Bernsen Stuart; Baker Elizabeth; Greenhill Barry; dujonhc@aol.com
Subject: RE: Arbitration

Valda, my conversation with my attorney came after SEVERAL conversations with Stuart. Let's be clear, Stuart agreed to help me, IF my attorney allowed us to go forward. He misstates my concerns-- I have very personal reasons for wanting to aggressively prosecute my claims in arbitration and he acted as if he understood. Clearly, what Stuart was doing was bluffing me hoping that Mr. Shapiro would not grant me the authority to work with the Local on the arbitration. Now he denies this.

Elizabeth and Barry, you have votes on this issue. I need to know what your positions are. Please respond ASAP with your decision on whether or not Jason can represent me on this matter and if we can proceed on October 2 and 3. Hopefully the Executive Committee will act independently and objectively on addressing my concerns.

-----Original Message-----
From: Weyand Jason
Sent: Fri 9/12/2003 3:43 PM
To: Johnson Valda; Baird Rhonda
Cc: Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Valda,
I am disappointed that you are allowing our past disagreements to come
before the needs of a member. Rhonda should be allowed to select the
representative who can best help her, and in this case, I have the time
and the ability to help her out in her case, which is time sensitive as you
well know.

I have no idea what you are referring to about the Local being sued, and
not sure who you refer to as National's cohort. Perhaps an explanation
would help me understand your position, but right now, it doesn't
look fair or in the best interests of the members. You talk about all the
pressing issues facing the Local, yet you decline an offer of help from
someone who has been very involved for almost two years. I hope you
change your mind.

-----Original Message-----
From: Johnson Valda
Sent: Friday, September 12, 2003 3:34 PM
To: Weyand Jason; Baird Rhonda
Cc: Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Jason,

Thank you, but No, Jason, at this point, we do not agree. We
are just not certain that you are acting in the best interest of the
Local and all of its members. We explained to Rhonda earlier
this year that we were doing cases on a first-in, first-out basis for
financial reasons. The members of the Local did not want to be
sued as threatened by the National and its cohort. We explained
how several members had to wait one to two years to get their
cases heard. She said she understood, but she had to have her
case asap. Shedid not care about the costs, but was willing to
get her attorney to do it and pay for it. We agreed that her
attorney could do it and the Local would pay its share in the
future. She is now putting it back to the Local. If she wants it
back to the Local, she will have to wait. There are other cases in
the pipeline before hers. You haven't yet finished your work on
the Workers' Comp issue.

-----Original Message-----
From: Weyand Jason
Sent: Fri 9/12/2003 2:08 PM
To: Baird Rhonda; Johnson Valda
Cc: Bernsen Stuart; Baker Elizabeth; Greenhill Barry
Subject: RE: Arbitration

Valda,

I am more than happy to help on Rhonda's case. In fact,
I would be willing to come back as a steward full time if
the executive board agrees. I have my share of
disagreements with the way some things are done, but
the bottom line is that I want to continue helping out
employees and serving as a steward is the best way to
do that. Let me know.

Thanks.

Jason

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Friday, September 12, 2003 1:38 PM
**To:** Johnson Valda
**Cc:** Weyand Jason; 'dujonhc@aol.com'; Bernsen
Stuart; Baker Elizabeth; Baker Elizabeth; Greenhill
Barry
**Subject:** RE: Arbitration

**Valda, I have great news for you. I just
secured the agreement of both Jason
Weyand and my sibling, Sharon Dujon, to
work on my arbitration. Jason is willing to
become a Steward again for the limited
purpose of assisting me with my arbitration.
Since the Local thought him capable of
representing bargaining unit members until
his voluntary resignation, I am sure you
would be willing to allow him to again serve
as a representative, especially since Stuart
had previously agreed to work on the case
until his leave begins on September 25.
Stuart is also a material witness to some of
the events involved in my arbitration and has
agreed to make himself available to testify at
the arbitration, and seemed understanding of
my decision not to use him as my
representative during the actual arbitration.
This arrangement hopefully alleviates any
concerns you had, if there is any other issue
you would like to discuss, feel free to email
me and my chosen representatives. I will
check messages around the two medical
appointments I have this afternoon. Thank
you for your continued understanding of my
ongoing health problems and the need for me
to expeditiously address my situation in
OGC.**

-----Original Message-----
**From:** Baird Rhonda
**Sent:** Friday, September 12, 2003 1:09 PM
**To:** Johnson Valda
**Cc:** Bernsen Stuart; Baker Elizabeth; Baker
Elizabeth; Greenhill Barry
**Subject:** RE: Arbitration

**Valda, I have had a heated discussion
with Stuart about the issues you
raise in your email. As he knows,
earlier this week, I obtained my
attorney's permission to work with
the Local on my arbitration. BEFORE
I went to my attorney, I met with
Stuart on several occasions to
explain the reasons I wanted to do
this in the first place. He encouraged
me to discuss this with my attorney
and then agreed (after I repeatedly
asked if I would have any problems
with the Local on this limited change
in representation) that the Local
would work with me to handle the
arbitration. Now I get your email
which asks questions that would only
arise if you were told of the change in**

representation.  Stuart was informed of the revision to my retainer agreement with my attorney and was assured of the fact that Mr. Shapiro did not have a problem with the change and is available if we have questions-- at $40,000 Mr. Shapiro is of course going to continue to assist with questions that arise before and during the arbitration since it all potentially affects the District Court action.

Let's be clear, the only thing that affects my dates better be an unforeseen act of God; otherwise we are going to have a HUGE problem here.  I did not pay $40,000 (and let's be clear, my lawyer is FULLY paid) to have my case delayed for any reason, especially political ones.  Before there is any further breakdown in our communication let's have a reasoned discourse about this ASAP.  I do have a medical appointment and need to leave by 2 pm.

I have always been a teamplayer and cooperative-- I am looking for the same from the Executive Committee!!

-----Original Message-----
From: Johnson Valda
Sent: Friday, September 12, 2003 12:27 PM
To: Baird Rhonda
Cc: Bernsen Stuart; Baker Elizabeth; Baker Elizabeth; Greenhill Barry
Subject: Arbitration

Rhonda,
    Good morning.  How are you?  Please advise the Executive Committee if your attorney is still representing you during the first week of October.  If not, the Local will have to postpone your arbitration until November or December.  I need a letter from your attorney no later than Monday confirming that - that is the case.

There are others who have had their cases postponed by a year or more.  So, we are still within practice.

Thanks for your teamplay and cooperation.

# ATTACHMENT 3

## Baird Rhonda

**From:**   Johnson Valda

**Sent:**   Tuesday, September 16, 2003 9:53 AM

**To:**     Baird Rhonda; Baker Elizabeth; Greenhill Barry; Jeffers Dwayne; Johnson Loraine; Perry Robert; Weyand Jason; Petta Richard; Burns Jo Amato; 'gzap3@aol.com'; 'dujonhc@aol.com'; 'dbaird8966@aol.com'

**Cc:**     Bernsen Stuart

**Subject:** RE: Update on My Arbitration

His office contact me on yesterday afternoon. I never take those calls alone. My recorder is always present.

-----Original Message-----
From: Baird Rhonda
Sent: Tue 9/16/2003 8:08 AM
To: Baker Elizabeth; Greenhill Barry; Jeffers Dwayne; Johnson Loraine; Perry Robert; Weyand Jason; Petta Richard; Burns Jo Amato; 'gzap3@aol.com'; 'dujonhc@aol.com'; 'dbaird8966@aol.com'
Cc: Bernsen Stuart; Johnson Valda
Subject: FW: Update on My Arbitration

**The information below bears out the "misstatements" by Valda and addresses items 1 through 4 in her email. For those who would like to see evidence of the scope of Mr. Shapiro's representation, please feel free to drop by my office. Of course, I have already sent an angry message to Mr. Shapiro inquiring about this alleged contact between his office staff and Valda.**

-----Original Message-----
From: Bernsen Stuart
Sent: Tuesday, August 05, 2003 10:14 AM
To: Baird Rhonda; Johnson Valda
Cc: Bernsen Stuart
Subject:   RE: Update on My Arbitration

Rhonda --

It is up to the arbitrator to control scheduling. It may be wise for a letter or motion to be filed with the arbitrator explaining the situation and the urgency and asking that he order a definite date. When Esser was on maternity leave, they offered to assign another attorney. In one arbitration, management stipulated that they have at least 11 attorneys available to do labor relations cases. In fact, they said that they could assign any of their 80 attorneys to do LMR cases.

I would be happy to discuss this further off the computer.

Stuart

-----Original Message-----
From: Baird Rhonda
Sent: Tuesday, August 05, 2003 9:05 AM
To: Johnson Valda; Bernsen Stuart
Subject:   Update on My Arbitration

Valda and Stuart, my attorney has not had any luck setting a date for arbitration because the management attorney allegedly has an emergency-- apparently her mother may need surgery for some illness or injury. Though the attorney, Ms. Esser, appears to be in the office, this emergency keeps her from scheduling the arbitration. Mr. Shapiro has tried to reach Rick Lattimer to work around this issue with tentative dates of October 2 and 3 for the arbitration.

I am still hopeful that the dates could be earlier, but that would depend on what management does with the case. They should transfer it since Ms. Esser's family situation is potentially grave (or so management alleges). You may remember that I opposed Ms. Esser serving as agency counsel since she was a part of management's alleged independent investigation into John's behavior on November 13, 2002, and is a potential witness in the arbitration. So, this issue is a creature of management's refusal to do what was right in the first place. Now, I would not be surprised if this is used as a delay tactic. I

get the sense that they are already stalling, but I don't understand why they would try to stall since they are so convinced that John and I only had a "communication" problem on November 13. If they are convicted by the results of their investigation they should be eager to give me an opportunity to air my grievance to an independent arbitrator-- after all, wouldn't he too conclude it was just a "communication" problem.

Anyway, I hope to update you this week with the actual dates of the arbitration. I am in the precarious position of not having any leave and still struggling with my health issues so I really need this addressed ASAP.

# ATTACHMENT 4

**SWICK & SHAPIRO, P.C.**
ATTORNEYS AT LAW
1225 EYE STREET, N.W., SUITE 1290
WASHINGTON, D.C. 20005

(202) 842-0300
FAX (202) 842-1418

September 17, 2003

**VIA FIRST CLASS MAIL**

Rhonda N. Baird
13615 Layhill Road
Silver Spring, Maryland 20906

Dear Rhonda:

I am writing to address false statements of Valda Johnson in her September 5, 2003 e-mail concerning her conversations with members of our office.

As reflected by the attached AMENDMENT TO RETAINER AGREEMENT, on April 16, 2003, Swick & Shapiro, P.C., entered into an Agreement to represent you regarding a variety of employment difficulties with your current employer, the Pension Benefit Guaranty Corporation ("PBGC"), including:

> (a) representation in a civil action on her EEO complaint against the PBGC (a continuation in a judicial setting of her then-pending Administrative EEO Complaint (PBGC # 03-01);

> (b) representation in an upcoming arbitration of a union grievance on her EEO retaliation claims; and

> (c) once the union grievance arbitration is concluded, representation in a civil action on the EEO retaliation claims that were the subject of the union grievance.

At your specific request, on September 10, 2003, there was an amendment to the terms of the Retainer Agreement of April 17, 2003, to the effect that the scope of work for the law firm would not include representation of you in the arbitration of the union grievance (then scheduled to commence on October 2, 2003 and conclude on October 3, 2003).

The statement by Union President Valda Johnson that an attorney from this office told her that we had never agreed to represent you in the arbitration is false. No attorney ever told her any such thing. The only attorney from this office who has spoken to Ms. Johnson is my partner, Richard Swick, who unequivocally informed her that we while had originally agreed to represent you in the grievance, there had recently been a change in that relationship and that we were no longer going to do so.

SWICK & SHAPIRO, P.C.

**Rhonda N. Baird**
**September 17, 2003**
**Page 2**

Yesterday afternoon, Ms. Johnson spoke with our receptionist and stated that you had said that we were not representing you in the arbitration and that she was calling to verify that. When our receptionist told her that she would pass on the message along, Ms. Johnson insisted that she be provided a response by 5:00 p.m.

As I was not available, Michael Church, a paralegal in our office contacted me and thereupon told Ms. Johnson that we were not representing you in connection the union arbitration. Ms. Johnson asked when the decision had been made and Mr. Church told her that he did not know, but that it had been recorded in our written agreement with you, which is accurate as reflected in the attached@ September 10, 2003, Amendment to the Retainer Agreement. At no time did Mr. Church say that we had never agreed to represent you or that the agreement had been executed in July. Ms. Johnson has obviously fabricated this date as neither our original agreement nor the amendment to it was executed in July.

This morning, Ms. Johnson called again and told our receptionist that you had told her that I would be available to speak to her about the arbitration. There had been no prior arrangement with me and I was not available. Ms. Johnson then began to query the receptionist about Mr. Church and what he said, even though the receptionist made it clear that she had not been privy to her conversation with Mr. Church the previous day. As it was obvious that Ms. Johnson was trying to make trouble (and possibly taping the conversation), the call was referred to Mr. Swick.

Ms. Johnson's implication that I led Arbitrator Robert Moore to believe that I am with the NAGE or an employee of the PGBC is an outright falsehood. Mr. Swick spoke with Mr. Moore about this issue this afternoon and Mr. Moore confirmed that it was simply misunderstanding on his part. Moreover, Mr. Moore did not confirm that he had told Ms. Johnson that he had been misled. Rather, Mr. Moore stated that he had told her that it was just his misunderstanding.

I trust that this will clarify the situation for you.

Very Truly Yours,

David H. Shapiro

Enclosures

## AMENDMENT TO RETAINER AGREEMENT

I.    Rhonda N. Baird and the law firm of Swick & Shapiro, P.C., entered into a Retainer Agreement on April 16, 2003, which provides for the law firm to advise and represent Ms. Baird in a variety of employment difficulties with her current employer, the Pension Benefit Guaranty Corporation ("PBGC"), including:

   (a) representation in a civil action on her EEO complaint against the PBGC (a continuation in a judicial setting of her then-pending Administrative EEO Complaint (PBGC # 03-01);

      and

   (b) representation in an upcoming arbitration of a union grievance on her EEO retaliation claims;

      and

   (c) once the union grievance arbitration is concluded, representation in a civil action on the EEO retaliation claims that were the subject of the union grievance.

II.   As an amendment to the terms of the Retainer Agreement of April 17, 2003, and at the specific request of Ms. Baird, the parties agree that as part of the scope of its work the law firm shall not represent Ms. Baird in the arbitration of the union grievance under the Retainer Agreement (which is now scheduled to commence on October 2, 2003 and conclude on October 3, 2003).

WHEREFORE the parties hereto hereby execute this Amendment to the Retainer Agreement on this 10th day of September 2003.

9/10/03
_____
Date

9/10/03
_____
Date

_____
Rhonda N. Baird

_____
FOR SWICK & SHAPIRO, P.C.

# ATTACHMENT 5

September 23, 2003

Dear Rhonda Baird:

I am writing to address false accusations against me in the correspondence from David Shapiro. Today, was the first time that I have spoken with David Shapiro. He relied on a conversation with Mr. Church.

First, you told us that you had hired Mona Lyons to represent you. That was in June. Then, several days later, on July 3rd, you asked us to write a letter for David Shapiro. It was then that you said you had hired him.

On September 15, 2003, after many e-mail messages from you, I phoned the law office of David Shapiro. I inquired of his involvement in your case. His receptionist relayed the message. Michael Church returned the called. He said that Mr. Shapiro would not be representing you in the arbitration. I asked when that was decided and he said, "at the time we decided to take the case." That said to me, you were told in July. Now, it could be miscommunication or lack of knowledge on Mr. Church's part, but it was what was said. This was not the total conversation.

Mr. Shapiro does not know what was said by Mr. Church, does he? Neither do you.

Sincerely,
Valda J Johnson
President, Local R3 77

cc: David Shapiro

# ATTACHMENT 6

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday to address the issue of whether Rhonda Baird's arbitration should go forward on October 2 and 3, and who her Local representative should be.**

1. *(signature)* — DAKSHA PATEL
2. *(signature)* — LINDA CAMPBELL
3. *(signature)* — ANTHONY WILSON
4. *(signature)* — REGINA WOODEN
5. *(signature)* — FELICIA JOHNSON
6. *(signature)* — WENDELL HOLMES
7. *(signature)* — MICHAEL JONES
8. *(signature)* — VICKA TEASLEY
9. *(signature)* — ALECIA WITHERSPOON
10. *(signature)* — CYNTHIA HOBBS
11. *(signature)* — TITO ROWELL
12. *(signature)* — BILL HAWKINS
13. *(signature)* — MELVIN EDMONDSON
14. *(signature)* — ROBERT BONNETTE
15. *(signature)* — DWAYNE JEFFERS

1 of 7

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday to address the issue of whether Rhonda Baird's arbitration should go forward on October 2 and 3, and who her Local representative should be.**

1. Lelia Williams
2. Loraine Johnson
3. Evonne T. McDaniel
4. Louise Fisher
5. Sharif Talib
6. Rita Boswell
7. Orfanny Vanegas
8. MAXINE WALKER
9. Sabrina Smart
10. Dwayne Myers
11. Diane Withers
12. Helen Washington
13.
14. JoAnn Henderson
15. Kim Blair

2 of 7

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday,** Sep 15, 2003,
**to address the issue of whether Rhonda Baird's arbitration should go forward on
October 2 and 3, and who her Local representative should be.**

1. _(signature)_    RHONDA BAIRD
2. _(signature)_    Jo Amato Burns
3. _(signature)_    RICHARD PETTA
4. _(signature)_    DIANA LAVIK
5. _(signature)_    ROSEMARY PHILLIPS
6. _(signature)_    CYNTHIA GREENE
7. _(signature)_    ANGELA WATKINS
8. _(signature)_    RAY PROCTOR
9. _(signature)_    DeLANE MONTGOMERY, JR.
10. _(signature)_    John Hemphill
11. _(signature)_    TODD NICKENS
12. _(signature)_    Redmont Smith
13. _____
14. _____
15. _____

3 of 7

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday to address the issue of whether Rhonda Baird's arbitration should go forward on October 2 and 3, and who her Local representative should be.**

1. *Florence Gallagher*      FLORENCE GALLAGHER
2. *Lorraine DaSilva*        LORRAINE DASILVA
3. *Rodney Carter*           RODNEY CARTER
4. *Philip F. Murphy*        PHILIP MURPHY
5. *[signature]*             JOHN McCANNON
6. *[signature]*             LARRY BOBIER
7. *Vivian McCarter*         VIVIAN McCARTER
8. *Loretta Berg*            LORETTA BERG
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

4 of 7

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday,** _Sep 15, 2003,_ RB
**to address the issue of whether Rhonda Baird's arbitration should go forward on**
**October 2 and 3, and who her Local representative should be.**

1. _[signature]_          Rudy Taylor
2. _[signature]_          Toni Montgomery-Chase
3. _[signature]_          Jason Wegand
4. _[signature]_          Jason E. Wolf
5. _[signature]_          Mary L. Washington
6. _[signature]_          Stephen E. Williams
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday to address the issue of whether Rhonda Baird's arbitration should go forward on October 2 and 3, and who her Local representative should be.**

1. *[signature]*     ROBERT PERRY
2. *[signature]*     YVONNE ROBINSON
3. *[signature]*     DEMETRICE ALLISON
4. *[signature]*     JULIA HUFF
5. *[signature]*     BETTY HOYTT
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

6 of 7

## PETITION FOR SPECIAL MEETING
## REGARDING ARBITRATION OF RHONDA BAIRD

**By my signature below, I agree that a special meeting should be called by Friday to address the issue of whether Rhonda Baird's arbitration should go forward on October 2 and 3, and who her Local representative should be.**

1. *[signature]*
2. *[signature]*
3. _____
4. _____
5. _____
6. _____
7. _____
8. _____
9. _____
10. _____
11. _____
12. _____
13. _____
14. _____
15. _____

Del Vines
Doreen Armstrong

7 of 7

# EXHIBIT  10

Form Exempt Under 44 U.S.C. 3512



UNITED STATES OF AMERICA
**FEDERAL LABOR RELATIONS AUTHORITY**

**CHARGE AGAINST A LABOR ORGANIZATION**

| FOR FLRA USE ONLY |
|---|
| Case No. |
| Date Filed |

**Complete instructions are on the back of this form.**

**1. Charged Labor Organization**
Name:  Nat'l Ass'n of Gov't Employees, Local R3-77

Address:  1200 K Street, NW
Washington DC 20005

Tel.#:  (202) 326-4020    Ext. 4145

Fax#:  (   )

**2. Charging Party (Individual, Labor Organization, Activity, or Agency)**
Name: RHONDA BAIRD

Address: 13615 LAYHILL ROAD
SILVER SPRING, MD 20906

Tel.#:  (301) 603-1641    Ext.

Fax#:  ((202) 722-8501

**3. Charged Labor Organization Contact Information**
Name: VALDA JOHNSON

Title:  PRESIDENT

Address: 1200 K Street, NW
Washington DC 20005

Tel.#:  (202) 326-4100    Ext. 3481

Fax#:

**4. Charging Party Contact Information**
Name: RHONDA BAIRD

Title: MEMBER, LOCAL R3-77

Address:  SAME AS ABOVE

Tel.#:  (   )    Ext.

Fax#:  (   )

**5. Which subsection(s) of 5 U.S.C 7116(b) and/or (c) do you believe have been violated? [See reverse]    (b)(1)**

**6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.**

In February 2003, NAGE Local R3-77 invoked arbitration for an unresolved grievance I brought against my employer, the Pension Benefit Guaranty Corporation ("PBGC"). The Executive Committee of the Local worked with me to prepare for the arbitration, until Friday, September 12, 2003. On that day, I informed the Executive Vice President/Chief Steward of the Local, Stuart Bernsen, that I wanted another member of the Local, attorney and former steward Jason Weyand, to work on the case and represent me at the hearing. I also asked to be reinstated as a steward to work on my case. Mr. Bernsen and the Union President immediately began acting in bad faith and interfering with my arbitration by sending e-mails attacking and defaming me. Mr. Bernsen's attacks have escalated to include physical intimidation of me on several occasions. The worst act of intimidation by Mr. Bernsen occurred on October 20, 2003 in the Local's office when Mr. Bernsen came around the table to make accusations in my face. The act was witnessed by the Local's President Valda Johnson, Secretary Elizabeth Baker, and Steward Delarse Montgomery.  Other acts committed by the Local's Executive Committee, especially the President Valda Johnson and Executive Vice President/Chief Steward Stuart Bernsen in retaliation for my request for someone other than Mr. Bernsen to represent me at my arbitration include, among other things:

1. Postponing my arbitration from October 2 and 3, 2003 despite my and others ability to prepare to conduct the arbitration;
2. Failure to reappoint me as a steward for over a month after my request;
3. Ordering me to work on my arbitration without allowing me official time to do so;
4. Excluding me from a telephonic status call on September 30, 2003 regarding the arbitration;
5. The sole representative for the Local and me at the teleconference, President Valda Johnson, admitted after the call that she was not familiar with the issues in my case so she did not prepare to adequately represent my interest in the call;
6. President Valda Johnson and Executive Vice President and Chief Steward Stuart Bernsen refusal to recuse themselves from my case after I filed complaints against them with the Naitonal Union and PBGC;
7. Executive Committee's deliberate delay in convening a special membership meeting in accordance with the Local's Bylaws after it received a petition to allow the Local's members to decide if my arbitration should go forward on October 2 and 3;
8. Deliberate and malicious breach of fiduciary duties and confidentiality in the dissemination of information about my case by President Valda Johnson and Executive Vice President Stuart Bernsen; and
9. Malicious and bad faith interference with my private attorney David Shapiro and his law firm.

For relief I ask:
a. To be reimbursed for all costs, expenses and legal fees I incurred as a result of the Local's multiple violations;
b. Appropriate notices posted and distributed; and
c. All other relief that is just and proper.

**7. Have you or anyone else raised this matter in any other procedure?**  ✔ No    Yes    If yes, where? [see reverse]

**8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check 'x' box]**  ☐ Fax  ☐ 1st Class Mail  ☑ In Person
☐ Commercial Delivery  ☐ Certified Mail

RHONDA BAIRD

Type or Print Your Name

Your Signature

10/29/2003

Date

FLRA Form 23 (Rev. 1/99)

# EXHIBIT  11

# WEBSTER, FREDRICKSON & BRACKSHAW
ATTORNEYS AT LAW
1775 K STREET, N.W., SUITE 600
WASHINGTON, D.C. 20006
(202) 659-8510
FAX: (202) 659-4082
WWW.WFB-LAW.COM

WENDELL W. WEBSTER
BRUCE A. FREDRICKSON
SUSAN L. BRACKSHAW
LINDA M. CORREIA
JONATHAN C. PUTH

CEDAR P. CARLTON
KEIRSTON R. WOODS

April 14, 2006

Arbitrator Robert T. Moore
311 5th Street, SE
Washington, DC 20003

Re:  *Rhonda Baird, NAGE Local R3-77 v. Pension Benefit Guaranty Corporation*

Dear Arbitrator Moore:

I write in response to your letter dated April 5, 2006 and your request for input regarding the various parties' requests for sanctions concerning certain disclosures made in connection with this matter. Ms. Baird's response follows.

## Disclosure by Grievant

At a hearing dated November 21, 2005, Ms. Baird had informed you and the Agency of the subpoena for documents in the Bernsen matter (EEOC No. 100-2005-00648X; Agency No. 04-05) and her intent to respond to the subpoena. Although on that date the Agency sought an order from you to seal the record in this case, Ms. Baird is certain that you ruled against the Agency on that very point. I have also spoken with Mr. Perry, and Mr. Perry is also certain that you denied the Agency's motion to place the record under seal. Mr. Perry recalls further that you stated explicitly that the record was not under seal. Consequently, Ms. Baird believes that you may be mistaken in your suggestion that the records in this matter are to be kept under seal.[1]

With a letter dated December 5, 2005, after determining that no order to quash had been entered, Ms. Baird responded to subpoena by attaching certain redacted transcript pages from the hearings in this matter. (Attachment 1.) As you can see from the attached documents, Ms. Baird carefully redacted each

---

[1]Indeed, you may recall that in ruling on Mr. Jeffers' production of documents in response to a subpoena from Mr. Perry, you ordered that all *medical and personnel* documents only be returned (and not all the documents that had been produced). Had you ordered the entire record be placed under seal, no such distinction would have been made.

Arbitrator Robert T. Moore
April 14, 2006

p -2-

applicable page to conform to your orders and to prevent revelation of any identifying or personal information. There has been no further dissemination of the documents.

In short, there has been no violation of any order in this matter. The documents were redacted to conform to your orders. The Agency does not possess an unfettered right to secrecy over testimony in this case, and no harm as ensued due to any disclosure by Ms. Baird. There is no cause for sanctions.

Disclosures by PBGC

The Agency obtained through Ms. Baird's district court case certain highly confidential and sensitive medical records that it then disclosed in this proceeding (inaccurately, since the disclosures were made selectively). Those disclosures were in violation of public policy that places a high degree of protection on confidential medical information. *See, e.g.,* Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. 1320d to 1320d-8 (2000) (enacted to prevent, among other things, unnecessary and unwanted disclosures of medical records). Indeed, HIPPA prevents the very sorts of disclosures made here by the Agency *See* 45 C.F.R Subtitle A, §164.512(e) (restricting to tightly defined circumstances not present here the disclosure and redisclosure of medical information in proceedings.). *See also In Re: Sealed Case*, 381 F.3d 1205 (D.C. Cir. 2004)(explaining the importance and breadth of the patient-psychotherapist privilege.).

Moreover, the Agency's disclosure resulted in the unfettered re-disclosure of the information by Mr. Jeffers and Mr. Perry, addressed below. The disclosures involved the most sensitive of medical records and disseminated throughout the Agency's workplace inaccurate information concerning Ms. Baird's medical condition. Although on notice of those re-disclosures, the Agency failed to take action calculated to end them. Indeed, the Agency had called three times for sanctions against Ms. Baird prior to suggesting that any Agency employee should be sanctioned or disciplined in any manner for disclosing the most personal of records.

Disclosures by Robert Perry and Dwayne Jeffers

Following a subpoena issued by the attorney for these individuals, Mr. Jeffers gratuitously produced personnel and medical information concerning Ms. Baird. Mr. Perry obtained the documents, including the key of identities of witnesses in this matter, and then further disseminated those documents. Strikingly, the documents produced were not even responsive to the subpoena. (*See* subpoena, at Attachment 2.) Moreover, Mr. Jeffers was subpoenaed in his individual capacity, and not as a union representative. Simply put, Mr. Jeffers did not possess these documents in an individual capacity, and his disclosures were made -- at Ms. Baird's expense -- to serve his purely personal interests. Nonetheless, as an agent of the union (a party to the proceeding), the union may be held responsible for those acts. Mr. Perry's and Mr. Jeffers' disclosures were contrary to your orders in this case.

Arbitrator Robert T. Moore
April 14, 2006

p -3-


While the limited disclosure by Ms. Baird was in conformance with your orders and resulted in no harm, the disclosures by Agency and Union officials involved highly sensitive information concerning Ms. Baird. Ms. Baird would therefore asked that these parties by sanctioned. While no sanction can undo the harm that was imposed on Ms. Baird, she does seek to recover any attorneys' fees, costs, and arbitration costs associated with this aspect of her case. Ms. Baird further seeks injunctive relief so that she may gain certainty that all wrongfully disclosed material has been returned, and appropriate apologies and notices from the Agency and the Union.

Thank you for your consideration and assistance.


Sincerely,

Jonathan C. Puth


cc:     (Without attachment 1)
        Abbey G. Hairston, Esq.
        Rhonda Baird, Esq.
        Raymond Forster, Esq.
        Karen Esser, Esq.
        Stewart Bernsen, Esq.
        Dwayne Jeffers, Esq.

# EXHIBIT   12

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | Jeffers Dwayne |
| **Sent:** | Friday, April 14, 2006 10:24 AM |
| **To:** | Perry Robert |
| **Cc:** | Jeffers Dwayne |
| **Subject:** | Phone Call With Jonathan Puth |

Robert,

I just returned the phone call of Jonathan Puth (Rhonda's attorney) who left me a voicemail when I was out of the office.
He questioned me on my recollection of the November 21, 2005 meeting with Arbitrator Robert T. Moore.
He said that Rhonda's recollection was that PBGC requested that the whole arbitration transcript and exhibits be put under seal and that the arbitrator denied their request.
I informed Jonathan Puth that I concur with that recollection.

Thank you,
Dwayne Jeffers

# EXHIBIT  13

## Hairston, Abbey

**From:**    Baird Rhonda [Baird.Rhonda@PBGC.GOV]
**Sent:**    Monday, December 05, 2005 11:53 AM
**To:**    Forster Raymond
**Cc:**    Bernsen Stuart; Hairston, Abbey
**Subject:** RE: Bernsen v. PBGC EEOC Matter

**Mr. Forster, I am not going to be found liable for violating a properly issued request for information so I am now producing the requested information (or at least what I culled on a quick review of the transcript). Frankly, I don't even want to be subject to a claim that I didn't properly respond to a request issued pursuant to the EEOC's authority. From my read of your motion, there are so many factual misrepresentations that I don't understand how you could have filed it. My understanding of the position in the arbitration is clear, despite your attempts to confuse it.**

**In the interest of my continued responsible handling of this situation, you will receive a copy of the produced information in your inbox when I come downstairs to sign out for the day.**

**Mr. Bernsen, I will leave your copy in your office.**

**Thank you.**

> -----Original Message-----
> **From:** Forster Raymond
> **Sent:** Monday, December 05, 2005 11:26 AM
> **To:** Baird Rhonda
> **Cc:** Bernsen Stuart; 'Hairston, Abbey'
> **Subject:** RE: Bernsen v. PBGC EEOC Matter
>
> Ms. Baird, I have called judge del Toro again, but only gotten her voice-mail. I have given her both my phone number and Mr. Bernsen's and asked her to call about the dispute.
>
> You remain on notice of PBGC's Motion.
>
> > -----Original Message-----
> > **From:** Baird Rhonda
> > **Sent:** Monday, December 05, 2005 11:07 AM
> > **To:** Forster Raymond
> > **Cc:** Bernsen Stuart
> > **Subject:** Bernsen v. PBGC EEOC Matter
> > **Importance:** High
> >
> > **Mr. Forster, with the impending deadline for me to produce information to Mr. Bernsen looming, I thought it would be prudent to ask if you have yet heard from the Judge re your motion to quash? Please respond to this message no later than noon because I am leaving early for health reasons and intend to comply with the request, unless you have an order from the Judge decreeing otherwise. Thank you.**

# EXHIBIT  14

Form Exempt Under 44 U.S.C. 3512

| UNITED STATES OF AMERICA<br>**FEDERAL LABOR RELATIONS AUTHORITY**<br>**CHARGE AGAINST A LABOR ORGANIZATION** | **FOR FLRA USE ONLY** |
|---|---|
| | Case No. |
| | Date Filed |

**Complete instructions are on the back of this form.**

| **1. Charged Labor Organization** | **2. Charging Party (Individual, Labor Organization, Activity, or Agency)** |
|---|---|
| Name: Nat'l Ass'n of Gov't Employees, Local R3-77 | Name: Rhonda Baird |
| Address: 1200 K Street, NW<br>Washington, D.C. 20005 | Address: 13615 Layhill Road<br>Silver Spring, MD 20906 |
| Tel.#: (202) 326-4100    Ext. 4145<br>Fax#: ( ) | Tel.#: (301) 603-1641    Ext.<br>Fax#: ((202) 722-650~1 |
| **3. Charged Labor Organization Contact Information** | **4. Charging Party Contact Information** |
| Name: Stephanie Zaiser | Name: Rhonda Baird |
| Title: Trustee, NAGE Local R3-77 | Title: Member of NAGE Local R3-77 |
| Address: 1200 K Street, NW<br>Washington, D.C. 20005 | Address: |
| Tel.#: (202) 326-4100    Ext. 4145<br>Fax#: | Tel.#: ( )    Ext.<br>Fax#: ( ) |

5. Which subsection(s) of 5 U.S.C. 7116(b) and/or (c) do you believe have been violated? [See reverse] ___ (b)(1), (3), (4), (8)

6. Tell exactly WHAT the labor organization did. Start with the DATE and LOCATION, state WHO was involved, including titles.

By letter dated January 12, 2004, Ms. Zaiser removed Local R3-77 from representing and paying for an arbitration that was properly invoked under the rules of the Local. Since that time, Ms. Zaiser has commited multiple violations of federal labor laws to include:
1. violating the duty of fair representation by failing to prosecute my claims of discrimination and violations of the CBA:
2. failure to contact and discuss my case with me despite repeated communication informing Ms. Zaiser and the National Office of NAGE that there were errors in the decisions that were being issued by representatives of the National Office'
3. Failure to explain the basis for her decision;
4. Stating, in a public Local meeting, that she made her decision in reliance on the National Union's decision, which implied that she did not independently review the record of the case;
5. Retaliating against me with the National Union because I spoke out on the failure of National to adequately represent members of the Local and failure to work with the Local to address serious workplace issues, among other things;
6. Disparate treatment of black employees who try to address discrimination issues through arbitration compared to non-blacks;
7. Repeated open and notorious violations of my privacy interest by publicly naming me and discussing my case without my consent;
8. Failure to provide me with a critical November 2003 document in my arbitration despite repeated requests;
9. Failure to grant my request to use official time to work on the arbitration myself;
10. Lying to Local members about her handling of my case;
11. Deliberately communication her position about my case to the arbitrator that caused the agency defendant to challenge to my standing to proceed;
12. Failure to provide representatives after trusteeship of the Local and then only appointing stewards from the Local when forced to do so;
13. Micromanaging the time my representative has been allowed to use to work on my aribtration;
Trying to settle an arbitration over the improper EEO structure of the agency I work for, PBGC, in a manner that is not in the bargaining units best interest and seems only intended to help PBGC avoid responsibility for its actions.

Ms. Zaiser's actions are malicious and deliberate. She has acted in a manner that signalled her intent to harm me and my case and to punish me. For relief I ask that the Local reimburse me for all costs and expenses incurred as a result of the conduct of Ms. Zaiser and for the stress her behavior has caused. Additionally, I request that the FLRA order the Local to post a notice about the misconduct of the Local and corrective measures that would be taken to address them. I also request all other just and proper remedies available in this case.

7. Have you or anyone else raised this matter in any other procedure? ✓ No ___ Yes    If yes, where? [see reverse] _____

8. I DECLARE THAT I HAVE READ THIS CHARGE AND THAT THE STATEMENTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT MAKING WILLFULLY FALSE STATEMENTS CAN BE PUNISHED BY FINE AND IMPRISONMENT, 18 U.S.C. 1001. THIS CHARGE WAS SERVED ON THE PERSON IDENTIFIED IN BOX #3 BY [check "x" box]  ☐ Fax  ☐ 1st Class Mail  ☑ In Person
☐ Commercial Delivery  ☐ Certified Mail

RHONDA BARD _____     6/11/04
Type or Print Your Name    Your Signature    Date

FLRA Form 23 (Rev. 1/99)

# EXHIBIT  15

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | Baird Rhonda |
| **Sent:** | Friday, May 06, 2005 8:42 AM |
| **To:** | Bernsen Stuart; Johnson Valda; Baker Elizabeth |
| **Cc:** | Montgomery Delarse; Nickens Todd; Johnson Loraine; 'dholway@nage.org'; 'rbarry@nage.org'; 'szaiser@nage.org'; Jeffers Dwayne; Perry Robert; Greene Cynthia; Petta Richard |
| **Subject:** | Request for a meeting to Discuss My Possible Intervention in the District Court Action |

**Importance:**    High

Stuart, Valda and Elizabeth, as you know my arbitration is under fire from the Local's Board. I am in the process of attempting to resolve my issues with them but I am not hopeful that we can consensually resolve this problem, after all you read Mr. Jeffers bombastic claims yesterday and the fact that the Board "unanimously" voted to ignore clear conflicts of interest.

I am therefore requesting some time to meet with you off the clock later today to discuss your District Court action and a thought I am exploring to intervene in that action to request to be reimbursed by NAGE and to pursue claims for defamation against both NAGE and the Trustee (claims I planned to ignore if NAGE just left me alone). For example, it would be powerful for your case against NAGE and Valda's case against PBGC, both of which are before the same Judge, to give the Court a copy of the arbitrator's decision before NAGE files its dispositive motion, which could be done as an attachment to any motion to intervene that I file. It is clear NAGE is still manipulating the Board behind the scenes and it must stop! I gave the Local until 2 p.m. to resolve this so let me know your availability after that time. I plan to get off the clock to work on this issue early afternoon. Thank you.

# EXHIBIT  16



# PBGC
**Protecting America's Pensions**

## Pension Benefit Guaranty Corporation
1200 K Street, N.W., Washington, D.C. 20005-4026

Office of the General Counsel                    **MEMORANDUM**

**TO:**    Bradley D. Belt        Vincent Snowbarger        Michele Pilipovich
           Richard Lattimer       Philip Hertz              Jay Resnick
           Tim Callaghan          Dwayne Jeffers            Ray Forster
           Ricardo Silva          Karen Esser               Robert Perry
           Richard Petta  (NAGE)                            Steve Williams

**FROM:**    Philip R. Hertz        JUN 0 5 2006
             Deputy General Counsel

**SUBJECT:**    Retaining Paper and Electronic Records for Litigation

You are receiving this memorandum because you have either been mentioned in a discovery
request in *Rhonda Baird v. PBGC*, PBGC No. 06-09, or are considered potential candidates for
future discovery in this matter. The case is about the alleged failure of PBGC to adequately
investigate and grant Ms. Baird the relief she sought in her complaints of harassment by certain
PBGC employees, mis-use of medical information by PBGC and the National Association of
Government Employees (NAGE), and blocking Ms. Baird's e-mails. Instructions to preserve
paper and electronic records in this case have been given, as needed, in earlier cases and on an
individual basis. The following message is intended to supplement prior instructions and to
provide uniform written guidelines on document preservation.

PBGC is required to preserve all paper and electronic records and documents that may be
potentially relevant to this pending litigation. All persons controlling, possessing, or handling
documents that might be relevant to the subject matter must assure that this duty is met. There
may be substantial and severe consequences for any breach of this duty.

It makes no difference whether the relevant documents or records are contained in the files of
current or former employees, present or former contract personnel, or desktop computers or
networks. Further, the obligations to preserve records and documents and to monitor
preservation practices are continuing in nature.

All potentially relevant documents and records related to this litigation, including emails and
other electronic documents, must be retained until further notice. This includes documents and
records in existence, attachments to them, and relevant documents created in the future.

cc:    Cris Birch
       Richard Graham
       Lori Bledsoe

# EXHIBIT  17

# ELECT
# RHONDA BAIRD
## PRESIDENT OF NAGE LOCAL R3-77



### PLATFORM

As President, I will work diligently, with your help, to achieve the following:

☞ Fair Career Opportunities for All

☞ Protect Jobs Against Contracting Out

☞ End the Quota System for Appraisals

☞ Seek Special Pay Rates

☞ Seek Increased Career Ladders

☞ Investigations into Questionable Management Acts and/or Programs

☞ Address Problematic Transfer of Duties

☞ Pay-for-Performance Strategies

☞ Bring Merit System Principles to PBGC

☞ EEOC Compliant EEO Program

☞ Workplace Free from Discrimination

### BACKGROUND

✓ Long-term Member of the Union

✓ Union Steward

✓ Former EEO Counselor

✓ Member CBA Negotiation Team

✓ Vigorously Campaigned to Bring CBA to *You* for Ratification

✓ Representative in Grievance Actions

✓ Representative in EEO Actions

✓ Testified for the Union

✓ Won Arbitration Proving PBGC Violations of CBA and Labor Laws

✓ Won Arbitration Proving PBGC Retaliation and Civil Rights Violations

✓ Won Arbitration Proving Misconduct by High-Level OGC and HRD Officials

> THE **ONLY** CANDIDATE FOR
> *PRESIDENT OF NAGE LOCAL R3-77*
> WITH THE EXPERIENCE AND
> VISION TO REESTABLISH A
> STRONG FUNCTIONAL UNION

## VOTE ON MONDAY, APRIL 2, 2007

*These Elections are too Important for You to Pass on the Opportunity to Speak with Your Vote*

# THIS SUMMER IS MID-TERM CBA NEGOTIATIONS. WHAT'S AT RISK?

➢ PERFORMANCE APPRAISAL SYSTEM
➢ FAIR CAREER OPPORTUNITIES
➢ CBA DISCIPLINE ARTICLE
➢ PAY FOR PERFORMANCE
➢ AWARDS

| QUALIFICATIONS | RHONDA'S HISTORY | GILBERT'S HISTORY |
|---|---|---|
| NAGE STEWARD | YES | NO |
| EEO COUNSELOR | YES | NO |
| CBA NEGOTIATIONS | YES | NO |
| TESTIFY FOR UNION | YES | NO |
| REPRESENTATIVE IN GRIEVANCES | YES | NO |
| REPRESENTATIVE IN EEO ACTIONS | YES | NO |
| PROVED CBA/LABOR LAW VIOLATIONS | YES | NO |
| PROVED CIVIL RIGHTS VIOLATIONS | YES | NO |
| REGULARLY ATTENDS UNION MEETINGS | YES | NO |

# VOTE RHONDA BAIRD FOR PRESIDENT
### *THE EXPERIENCE TO ADDRESS OUR ISSUES*

*ARE YOU GOING TO BE OUT OF THE OFFICE ON APRIL 2ND? CONTACT ANN DAVIS, DALE GRANATA AND/OR MICHAEL O'CONNELL FOR AN ABSENTEE BALLOT*

# Rhonda baird Offers Solutions

| ISSUE | PROBLEM | SOLUTION |
|---|---|---|
| **Small Size of Union** | The Union lost half of its membership when management played divide and conquer, and some members acted selfishly to grab power for themselves. | To grow, the union needs to restore trust by uniting members and employees around issues to make a better workplace for all, to improve working conditions and ensure protection. |
| **Fallout From Reorganization – OCC** | Attorneys in OCC who do ERISA and bankruptcy work may get the short end of the stick as management seeks to move important duties and responsibilities to OGC. This endangers career opportunities and morale. | The union must come up with creative strategies, and think outside the box, to bring all pension and bankruptcy duties, including fiduciary breach and appeals, back into OCC. The only legal areas that should be outside OCC are personnel matters. |
| **Reorganization Impact on DISC** | Financial Analysts, Auditors and Actuaries in DISC have suffered from poor morale and overwork following the reorganization. Many have left for better pay. The use of contractors diminishes the professionalism and stature of the office. | The union must review staffing, grade classification, the costs of using contractors, and management of the office. |
| **More Firings and Discipline** | In the past two years, more employees have been fired or suspended in disciplinary actions than ever before. When union officials miss deadlines, and cannot be trusted to be on the side of the employee, the union is viewed as a tool of management. | Provide quality representation to employees who are wrongly mistreated by management. Take initiative to assert employee rights so as to provide maximum protection. Win cases so that management will respect the union and the rights of individuals. |
| **Management Attack on Bargaining Agreement** | Later this spring, 12 articles in the CBA can be opened up. Management did not like the CBA, and got the current union president to agree to delay ratification. Management wants to get rid of fair procedures for appraisals and promotions and make it easier to discipline employees. | Educate members and employees through communications and meetings about what is at stake. Rally employees so that management sees that employees care. Show that unfairness and arbitrary systems hurt morale and efficiency and cause good employees to leave. |
| **Equal Employment Opportunity** | Even management admits serious deficiencies in recruitment of an appropriately diverse workforce and bias in promotion to higher grade levels. For employees who need to seek redress for discrimination, the PBGC has eliminated the neutral and independent EEO complaint processing system by putting personnel attorneys in OGC, led by the General Counsel, back in charge. | The union needs to use negotiations, publicity and political contacts and bring in the EEOC to ensure equal opportunity and a fair and neutral EEO system. |
| **Pay and Performance** | Two-thirds of the work of PBGC is done by private contractors. When profit margins are counted, the cost is double that of a federal employee. PBGC has brought in Richard Macy and Stephen Barber to privatize even more of PBGC. They also plan to make remaining federal jobs more like private industry with "pay for performance" that lets management play favorites over annual raises, career progress and appraisals. | Publicize the high costs and inefficiencies of contracting out. Enforce the CBA to prevent pay for performance. Prove that PBGC will be more productive and efficient and save money overall if it follows the model of agencies like the FDIC and Freddy Mac that have better pay scales than the General Schedule. |

*You need a Local Union President who sees the issues and problems, and can offer solutions.*

## Vote Monday, April 2– RHONDA BAIRD for Union President

(Meet Rhonda and hear the Debate: 12:30, Thursday, March 29, Training Center)

# EXHIBIT  18

# VOTE

✔    **Rhonda Baird**        **President**

✔    **Wayne Reed**         **Secretary**

✔    **Steven Baird**         **Treasurer**

✔    **Steven Stroik**        **Vice President**

**<u>Vote on Monday, April 2</u>**
**at 12:00 noon to 2:00 p.m.,**
**Room 170 in the Training Center**

*Recommended by*
*Stuart Bernsen*
STUART BERNSEN

# EXHIBIT   19

## Jeffers Dwayne

**From:**    Jeffers Dwayne
**Sent:**    Tuesday, April 24, 2007 6:41 PM
**To:**    Baird Rhonda; Awkward-Marshall Mischelle
**Cc:**    Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig; 'spooler@nage.org'; Petta Richard; 'Robert Perry'; Greenhill Barry; Jeffers Dwayne

**Subject:** RE: Transition

Ms. Baird,


I believe that there are some delusions of grandeur as well as innuendoes in your e-mail below.
It seems to me that your e-mail has overtones that I have some duty to the members of the union as a union official. These overtones are further bolstered by the assertions that I will primarily be interfacing with the new Chief Steward of the union.

**Lets be clear here, I do not currently serve as a union official in any capacity!!!!!**
**Thus, I have no duty to the members of the union in a union official capacity.**
**Furthermore, I am not a Steward and have no need to primarily interface or report to the new Chief Steward of the union.**
I believe that my tenure as a NAGE official ended on March 31, 2007.


Thank you,
Dwayne Jeffers

---

**From:** Baird Rhonda
**Sent:** Tuesday, April 24, 2007 1:01 PM
**To:** Jeffers Dwayne; Awkward-Marshall Mischelle
**Cc:** Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig; 'spooler@nage.org'; Petta Richard; 'Robert Perry'; Greenhill Barry
**Subject:** RE: Transition


**Mr. Jeffers, thank you for finally responding to one of my messages!  It has been disappointing to note how cavalierly some union officials treat their duty to the members of the union.  Please allow me to introduce you to the current chief steward of the union, Mischelle Awkward-Marshall.  She will likely be the primary interface between you and the union; of course, the other Executive Committee members will contact you if we have questions that must be addressed in our representative capacity.**

**Thank you.**

---

**From:** Jeffers Dwayne
**Sent:** Tuesday, April 24, 2007 12:34 PM
**To:** Baird Rhonda; Petta Richard; 'Robert Perry'; Greenhill Barry
**Cc:** Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig; 'spooler@nage.org'; Jeffers Dwayne
**Subject:** RE: Transition

Ms. Baird,

9/17/2007

As you were aware of before the election and my out of office notification after the election, I have been out in Kingstowne, VA for about 2.5 weeks this month.
I am unaware of why there would be no records from our term of administration in the union office. I know that I kept files in a file cabinet in the union office.
As you have pending court litigation against NAGE officials, I decline to respond to questions based on suppositions that serve as a "fishing expedition" for discovery purposes. I believe that the By-Laws addresses the issue of Local records.

I will not be able to answer all of your other e-mails in a timeframe that you would like as I am preparing to be out of the office next week for a jury duty summons that may last a week or so. If you have problems with this then I would suggest you take any gripes, you may have, out with Dick Petta for not moving along the elections committee matter in a timeframe that would have allowed the elections to be held in mid-March and allowed a better time frame to handle a smooth transition.


Thank you,
Dwayne

---

**From:** Baird Rhonda
**Sent:** Wednesday, April 04, 2007 1:14 PM
**To:** Petta Richard; 'Robert Perry'; Jeffers Dwayne; Greenhill Barry
**Cc:** Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig
**Subject:** Transition


**Dear former Executive Committee members:**

**This is just a quick message to let you know that the new board would like to meet with you or communicate with you ASAP regarding the status of any pending matters you're addressing on behalf of the union. There was a very preliminary meeting with Dick on Monday. One troubling thing I learned from that meeting is that there were no records from your administration in the union office. Instead, they are apparently in the possession of individual Committee members. Please provide us with an accounting of any and all property of the union in your possession. The manner in which we took office has impacted our ability to smoothly transition; so we have to move quickly to secure information.**

**We would also like an update on grievances and/or negotiations you were/are engaged in. If you're aware of any other matter we should be alerted to, just send a message to us.**

**On behalf of the bargaining unit, thank you for your service. The new Executive Committee looks forward to working with you.**

**Rhonda Baird**

9/17/2007

# EXHIBIT   20

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | Jeffers Dwayne |
| **Sent:** | Thursday, April 26, 2007 6:16 PM |
| **To:** | 'spooler@nage.org'; Baird Rhonda; Petta Richard; Hardrockp8@aol.com; Greenhill Barry |
| **Cc:** | dholway@nage.org; Baird Steven; Reed Wayne; Stroik Steve; Yamaoka Craig; Awkward-Marshall Mischelle; glightfootwalker@nage.org; rbarry@nage.org; jrucidlo@nage.org; Jeffers Dwayne |
| **Subject:** | RE: FW: Transition |

**Attachments:** NAGE.wpd; Innuendoes & Related Matters

Susanne,

It is clear to me that your e-mail below is summarizing Article IV, Section 11 of the National By-Laws.

The Local's By-Laws that were in effect for most of our tenure had a higher requirement and duty than the National By-Laws.



NAGE.wpd (49
    KB)

I have attached the Local's By-Laws for the reading pleasure of anyone on this e-mail who is not familiar with them.

The Local By-Laws explicitly state :
*Article VI − Officers' Powers and Duties*

## *Secretary. Is responsible for all Local records and correspondence and maintains files.* *Assists the President in the preparation of brochures, pamphlets, articles, bulletins, notices and publicity. Records minutes of all meetings of the Executive Committee and the Local and reads them at meetings. Oversees the distribution of literature to members and the maintenance of bulletin boards. Submits updated membership records to the NAGE office. Is the third highest ranking Local officer, and acts for the Local in the absence of the President and Executive Vice President including with signatory authority where appropriate.*

During my tenure as a officer of NAGE Local R3-77, I disposed of the Local's records in proper fashion that was in compliance with the higher standard of the Local By-Laws record-keeping while being in compliance with National By-Laws. **I exercised the <u>reasonable person standard</u> and <u>common sense rule</u> of providing the Secretary the local records on a "FIFO" style method of delivering copies when I received them.** This is obviously a much better method of record keeping than waiting until several years pass and trying to remember what files you have. This is exactly I feel no need to respond to Rhonda Baird suppositions and other innuendoes. Rhonda Baird (President) claims to have all this union experience at NAGE Local R3-77, thus she should obviously know who to go to as a point of contact for the Local's Records. Rhonda Baird is well aware that I never got official notice of the National's suspension of Local By-Laws until you verified it at the March 8, 2007 union meeting. As you previously stated, I should continue to



operate normally and I continued to abide by the higher standard of the Local By-Laws regardless of them being suspended. I have completed my tour of duty.

Pursuant to my April 24, 2007 separate phone conversations with Gina and yourself, I explained that I am no longer a union official in any capacity and had no intentions of applying to be a Steward under this regime as I am in fear of retaliation from Rhonda Baird. I also have no intentions of being subservient to someone who is unaware of elementary and basic By-Law procedures. Rhonda Baird has not even been in office for a month and this is the latest unwelcome, undisciplined, and uncontrolled attacks on myself based on nothing more than propaganda and innuendoes.

# There has been <u>no</u> failure on my part to turn over the Local's Records!!!!!

I have enclosed a warning to Rhonda Baird several weeks ago about the persistent propaganda and innuendoes that she likes to carry on with.



Innuendoes &
Related Matters

Rhonda Baird has failed to heed my warning, so it looks like I may have to do what I have to do.

As for Rhonda Baird's delusions of grandeur and innuendoes that I am unhappy about the outcome of the election, that is **quite laughable**. I have absolutely <u>no</u> intentions of contesting the April 2, 2007 election results nor trying to bring in an "independent union". There was no competitive race for office as I did not campaign in any fashion and no one campaigned on my behalf as I was and continue to be tied up with the US Airways pension plans and the Ariel valuation system. I was not even in the office on election day. I do have plenty documentation of the campaigning by the current executive board (except Craig Yamaoka) or on their behalf. **Particularly noteworthy is a flyer signed by Stuart Bernsen with recommendation for employees to vote for Rhonda Baird, Wayne Reed, Steven Sant, and Steven Stroik.** I had union members inform me that Stuart used PBGC telephone system to contact them during work hours relaying this same recommendation. I told union members that they would not see any flyers from me or see me campaigning because my thoughts are that if you want an executive board member who has not even come up through the ranks as a Steward of Local R3-77 then you get what you get. I never declared myself the "heir apparent" of the union leadership because the was a term given to me by well wishers who wanted me to run for President so that they won't have to deal with a President who wants to cause drama around every corner along with her two "Honorary Executive Board" members. I am sorry but I have other priorities in mind. I am not even thinking about being a union official or even attending a union meeting. I have more relaxing thoughts such as planning a vacation to a tropical destination such as the Bahamas. I want to enjoy some rest and relaxation on the beach during the day engaging in water activities such as Jet-Skiing while spending my nights enjoying the island night life while sipping on an ice cold Corona!!!!!

I will take a look at the other e-mails from Rhonda Baird and respond <u>at my leisure</u> with a cc: to you if necessary.
Thank you for your cooperation and understanding in this matter.

Good luck with this piece of work that you have on your hands!!!!!
You all have a great day!!!!!

Thank you,
Dwayne Jeffers
**Federal Employee**
**Quite Happy & Content In A Non-Union Official Status**

 **Take note of the big smile!!!!!**

(Former Vice President at Large, Former Chief Steward, & Former Steward of NAGE Local R3-77)

-----Original Message-----
From: Susanne Pooler-Johnson [mailto:spooler@mx1.nage.org]
Sent: Thursday, April 26, 2007 10:18 AM
To: Baird Rhonda; Petta Richard; Jeffers Dwayne; Hardrockp8@aol.com; Greenhill Barry
Cc: spooler@nage.org; dholway@nage.org; Baird Steven; Reed Wayne; Stroik Steve; Yamaoka
Craig; Awkward-Marshall Mischelle; glightfootwalker@nage.org; rbarry@nage.org;
jrucidlo@nage.org
Subject: Re: FW: Transition

Dear Former NAGE R3-77 Officers:

It is NAGE National's position that all local grievance files, open and closed cases, negotiations,
proposals, settlement agreements, records and any and all material that is in your possession
that is related to your duties as an local officer of the NAGE Local R3-77 must be provided to the
new local president and new officers immediately. Please note this instruction obligates you to
include any and all information or materials you have received or obtained in your capacity as a
local union officer.
If you have any questions or need clarification regarding this instruction, please do not hestiate to
contact me at one of the numbers below.
Thank you for your cooperation and expediency in this matter.

Susanne Pooler-Johnson


Susanne Pooler-Johnson
NAGE/IBPO
National Representative
601 N. Fairfax Street
Suite 125
Alexandria, VA 22314
spooler@nage.org
1-866-412-7790
703-519-0300
703-519-0311 (fax)


Quoting Baird Rhonda <Baird.Rhonda@pbgc.gov>:

> NAGE National, if i have not made my position on this clear enough, i'll
> repeat it.  The issue of the failure of former officers to turn over
> documents and information is yours to resolve.  It flows directly from your

> failure to address complaints about violations  by the very officers who are
> now not forthcoming with information.
>
> This administration of the union has been and will continue to fulfill our
> duty to the members.  However, we have been and continue to be impeded by the
> failure of former officers to provide us with information on a timely basis.
> It is a predictable outcome of the situation allowed to develop at our
> Local.
>
> For the first time in years, we had democractically elected officers who came
> largely from competitive races. The membership was informed of my suit
> against NAGE National filed on my behalf and on behalf of the Local. I
> wanted to ensure they made informed decisions.  The results of the election
> spoke volumes to me, and i hope to National.  Members here want real
> representation and no more politics.  To send that message strongly, they
> replaced every incumbent union official, in a contested position, by a margin
> of at least 2 to 1.  The mandate of this administration is clear.  If Mr.
> Jeffers, the self-declared "heir apparent" of the union leadership, has a
> problem accepting his ouster from office, he needs to take it up with the
> members who overwhelming voted against him.
>
> This administration will continue to work to obtain real results for members,
> which includes successfully arguing for managment to stay the unilaterally
> implemented Discipline Directive and Performance Management Order.  The
> distractions of dealing with behavior that predates our election will not be
> allowed to impede our work.
>
> Thank you for handling this situation.  Please keep the Executive Committee
> informed of your efforts and if you need any information from us, don't
> hestiate to contact me.
>
> Rhonda Baird
> President
> NAGE Local R3-77
>
> _____
>
> From: Jeffers Dwayne
> Sent: Tue 4/24/2007 6:41 PM
> To: Baird Rhonda; Awkward-Marshall Mischelle
> Cc: Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig;
> 'spooler@nage.org'; Petta Richard; 'Robert Perry'; Greenhill Barry; Jeffers
> Dwayne
> Subject: RE: Transition
>
>
> Ms. Baird,
>
>
> I believe that there are some delusions of grandeur as well as innuendoes in
> your e-mail below.
> It seems to me that your e-mail has overtones that I have some duty to the
> members of the union as a union official. These overtones are further
> bolstered by the assertions that I will primarily be interfacing with the new
> Chief Steward of the union.
>

> Lets be clear here, I do not currently serve as a union official in any
> capacity!!!!!
> Thus, I have no duty to the members of the union in a union official
> capacity.
> Furthermore, I am not a Steward and have no need to primarily interface or
> report to the new Chief Steward of the union.
> I believe that my tenure as a NAGE official ended on March 31, 2007.
>
>
> Thank you,
> Dwayne Jeffers
>
> _____
>
> From: Baird Rhonda
> Sent: Tuesday, April 24, 2007 1:01 PM
> To: Jeffers Dwayne; Awkward-Marshall Mischelle
> Cc: Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig;
> 'spooler@nage.org'; Petta Richard; 'Robert Perry'; Greenhill Barry
> Subject: RE: Transition
>
>
>
> Mr. Jeffers, thank you for finally responding to one of my messages!  It has
> been disappointing to note how cavalierly some union officials treat their
> duty to the members of the union.  Please allow me to introduce you to the
> current chief steward of the union, Mischelle Awkward-Marshall.  She will
> likely be the primary interface between you and the union; of course, the
> other Executive Committee members will contact you if we have questions that
> must be addressed in our representative capacity.
>
> Thank you.
>
>
> _____
>
> From: Jeffers Dwayne
> Sent: Tuesday, April 24, 2007 12:34 PM
> To: Baird Rhonda; Petta Richard; 'Robert Perry'; Greenhill Barry
> Cc: Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig;
> 'spooler@nage.org'; Jeffers Dwayne
> Subject: RE: Transition
>
>
> Ms. Baird,
>
>
> As you were aware of before the election and my out of office notification
> after the election, I have been out in Kingstowne, VA for about 2.5 weeks
> this month.
> I am unaware of why there would be no records from our term of administration
> in the union office. I know that I kept files in a file cabinet in the union
> office.
> As you have pending court litigation against NAGE officials, I decline to
> respond to questions based on suppositions that serve as a "fishing
> expedition" for discovery purposes. I believe that the By-Laws addresses the

> issue of Local records.
>
> I will not be able to answer all of your other e-mails in a timeframe that
> you would like as I am preparing to be out of the office next week for a jury
> duty summons that may last a week or so. If you have problems with this then
> I would suggest you take any gripes, you may have, out with Dick Petta for
> not moving along the elections committee matter in a timeframe that would
> have allowed the elections to be held in mid-March and allowed a better time
> frame to handle a smooth transition.
>
>
> Thank you,
> Dwayne
>
> _____
>
> From: Baird Rhonda
> Sent: Wednesday, April 04, 2007 1:14 PM
> To: Petta Richard; 'Robert Perry'; Jeffers Dwayne; Greenhill Barry
> Cc: Stroik Steve; Reed Wayne; Baird Steven; Yamaoka Craig
> Subject: Transition
>
>
>
> Dear former Executive Committee members:
>
> This is just a quick message to let you know that the new board would like to
> meet with you or communicate with you ASAP regarding the status of any
> pending matters you're addressing on behalf of the union.  There was a very
> preliminary meeting with Dick on Monday.   One troubling thing I learned from
> that meeting is that there were no records from your administration in the
> union office.  Instead, they are apparently in the possession of individual
> Committee members.  Please provide us with an accounting of any and all
> property of the union in your possession.  The manner in which we took office
> has impacted our ability to smoothly transition; so we have to move quickly
> to secure information.
>
> We would also like an update on grievances and/or negotiations you were/are
> engaged in.  If you're aware of any other matter we should be alerted to,
> just send a message to us.
>
> On behalf of the bargaining unit, thank you for your service.  The new
> Executive Committee looks forward to working with you.
>
> Rhonda Baird
>
> _____
> This email has been scanned by the SEIU/NAGE/IBPO Email Security System for
> viruses and spam. For questions or more information please call the IT
> Department at (617) 376-7272 or (617) 376-7231
> _____
>

_____

This email has been scanned by the SEIU/NAGE/IBPO Email Security System for viruses and
spam. _____

# EXHIBIT  21

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RHONDA BAIRD,

PLAINTIFF PRO SE

**SUMMONS IN A CIVIL CASE**

V.

*DAVID HOLWAY, ETAL*
RICHARD PETTA, PRÉSIDENT NATIONAL
ASSOCIATON OF GOVERNMENT
EMPLOYEES LOCAL R3-77

CASE NUMBER  1:06CV01985

JUDGE: John D. Bates

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 11/20/2006

TO: (Name and address of Defendant)

RICHARD PETTA
NAGE LOCAL R3-77
1200 K STREET, NW
WASHINGTON D.C. 20005
( AS AN OFFICER )

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ▉▉▉ *PRO SE* (name and address)

RHONDA BAIRD
13615 LAYHILL ROAD
SILVER SPRING, MD 20906

an answer to the complaint which is served on you with this summons, within _____ **20** _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

**NOV 2 0 2006**

DATE

(By) DEPUTY CLERK

# EXHIBIT  22

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RHONDA BAIRD,

**PLAINTIFF PRO SE**

**SUMMONS IN A CIVIL CASE**

V.

*David Holway, Et Al*

DWAYNE JEFFERS, OFFICER AND CHIEF
STEWARD, NATIONAL ASSOCIATON OF
GOVERNMENT EMPLOYEES LOCAL R3-77

CASE NUMBER   1:06CV01985

JUDGE: John D. Bates

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 11/20/2006

TO: (Name and address of Defendant)

DWAYNE JEFFERS
NAGE LOCAL R3-77
1200 K STREET, NW
WASHINGTON D.C. 20005
(AS AN OFFICER)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ▮▮▮▮▮ *PRO SE* (name and address)

RHONDA BAIRD
13615 LAYHILL ROAD
SILVER SPRING, MD 20906

an answer to the complaint which is served on you with this summons, within _____**20**_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

NOV 2 0 2006

CLERK

DATE

(By) DEPUTY CLERK

# EXHIBIT  23

**Jeffers Dwayne**

| | |
|---|---|
| From: | Baird Rhonda |
| Sent: | Wednesday, June 15, 2005 4:40 PM |
| To: | Petta Richard; Greene Cynthia; Perry Robert; Jeffers Dwayne |
| Cc: | 'csmith@dc.seyfarth.com'; Hairston, Abbey; Forster Raymond; Esser Karen; 'dholway@nage.org'; 'rbarry@nage.org'; 'szaiser@nage.org'; 'sjpooler@erols.com'; Bernsen Stuart; Johnson Valda |
| Subject: | Misuse of Evidence from my Arbitration |

Importance:    High

Dear Local R3-77 Officers:

The Local appears to be in flagrant violation of Arbitrator Moore's order in my case by retaining the records of the case and disseminating information from it without approval from the parties in the action (or at least without my approval, I can't speak for PBGC's representatives) or more importantly without permission for Arbitrator Moore.

I observed a copy of an affidavit from a member of the Inspector General's staff on Robert Perry's door this afternoon. The affidavit was submitted by PBGC in my arbitration (after the close of the hearing). It was among the documents retained by the Local after Mr. Jeffers was removed as one of my co-representatives, and after I expressly requested that the information be returned. This is exactly the kind of misconduct I sought to avoid. Not only did I make the request to Mr. Jeffers personally, I also made it to the Local and the National union.

Since the Local's Board refused to return the documents and I informed you of the gag order on the information, you are responsible for Mr. Jeffers' actions of providing the document to Mr. Perry. Of course you know that you gave the Arbitrator jurisdiction over Mr. Jeffers and this Board by inserting an independent presence in the proceeding. Thus, I am going to request sanctions for this flagrant conduct. Indeed, Local President Richard Petta expressly stated (at the special meeting to discuss my arbitration) that they might need to use the documents and therefore need to retain them. I informed Mr. Petta that the information was protected and he did not have the right to use them. Well, it should have been clear the union doesn't have the right to authorize Mr. Perry to use it as he has.

Of course, if PBGC or the IG's office provided an independent copy of the document, please let me know ASAP so that my letter to the Arbitrator can be as accurate as possible. Frankly, I don't believe either PBGC or the IG would have dared to do so with the current climate at the agency.

I intend to request sanctions from the Arbitrator for this misconduct. Therefore, if there is any clarifying information that contradicts this e-mail please let me know ASAP. Thank you.

Rhonda Baird
Grievant & PBGC Employee

# EXHIBIT  24

**Jeffers Dwayne**

| | |
|---|---|
| **From:** | Jeffers Dwayne |
| **Sent:** | Thursday, October 11, 2007 11:40 AM |
| **To:** | Yamaoka Craig; Stroik Steve; Reed Wayne; Blair Kim; Baird Rhonda |
| **Cc:** | Jeffers Dwayne; Robert Perry (Home); Greenhill Barry; Petta Richard; 'dholway@nage.org'; 'rbarry@nage.org'; 'glightfootwalker@nage.org'; 'jrucidlo@nage.org'; 'spooler@nage.org' |
| **Subject:** | NAGE Local R3-77 Representation With Regard To November 20, 2006 District Court Lawsuit |

**Importance:**    High
**Sensitivity:** Confidential

**Attachments:**   RE: FLRA Decision; RE: Request for Representation; RE: Request for Representation

Dear NAGE Local R3-77 Executive Committee,

I will not be at the meeting today, however I wonder if the Local will be informing the membership of the fact that the FLRA investigated and dismissed all charges (filed by Rhonda Baird) against NAGE Local R3-77 and NAGE National.



RE: FLRA
Decision

These charges encompass most of the very same claims that Rhonda Baird in her November 20, 2006 District Court lawsuit against NAGE National and NAGE Local R3-77.

      

RE: Request for  RE: Request for
Representation..Representation...

The Local now has possession of an FLRA decision which claims jurisdiction for most of the very same claims that Rhonda Baird in her November 20, 2006 District Court lawsuit against NAGE National and NAGE Local R3-77. Is NAGE Local R3-77 going to deliver a written response to Dick Petta's request for representation with regard the lawsuit?

I have discussed this matter with Dick Petta who is the former Local President and current Steward of NAGE Local R3-77. Dick informed me that three PBGC Attorneys (Vicente Murrell, Sam Batsell, and Merrill Boone) who work in the Office of the Chief Counsel and are dues paying members of Local R3-77 who have given the Local their opinion that Local R3-77 is in fact a Defendant in the November 20, 2006 District Court lawsuit as it alleges that actions were done in officers "official capacities". These dues paying members who work ask ERISA Bankruptcy attorneys for PBGC advised that the Local file for bankruptcy to shield itself from liability and can discharge the lawsuit against Local R3-77. I attended an emergency Local meeting where the Local President, Rhonda Baird, shot down this idea of using bankruptcy to protect Local R3-77.

Pursuant to my April 24, 2007 phone conversation with Gina Lightfoot-Walker, NAGE Deputy General Counsel, I was also advised that I should request representation from Local R3-77 as the lawsuit alleges that actions were done in officer's "official capacities". I was also advised by NAGE Deputy General Counsel that the new Local President, Rhonda Baird, has a lawsuit against herself as head of Local R3-77. I declined to request representation by NAGE Local R3-77 as the Local has an affirmative duty to defend the lawsuit by National By-Laws. See NAGE National By-Laws Article XII Section 1(B)(4) highlighted below.

# NATIONAL CONSTITUTION & BY-LAWS OF THE NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES
## Adopted at the 2006 National Convention
## September 10-13, 2006

### ARTICLE XII
### DISCIPLINE OF LOCALS AND MEMBERS
#### SECTION 1.
*A. Local officers or members may be charged with the following:*

*(1) Violation of any specific provision of this Constitution, or of the By-Laws of the Local Unit;*

*(2) Violation of the oath of loyalty and/or their duty to the International Union, NAGE, the Local Unit, and/or the members thereof;*

**(3) Misfeasance, malfeasance, or nonfeasance such that they have breached their duty to the International, NAGE, the Local unit, and/or the members thereof;**

*(4) Disloyalty or conduct unbecoming a member;*

*(5) Financial malpractice;*

*(6) Corrupt or unethical practices or racketeering;*

*(7) Advocating or engaging in dual unionism or secession;*

*(8) Disobedience to the regulations, rules, mandates and decrees of the International Union or NAGE or the Local Unit;*

*(9) The wrongful taking or retaining of any money, books, papers or any other property belonging to the International Union, NAGE or Local Unit; or the wrongful destruction, mutilation or erasure of any books, records, bills, receipts, vouchers or other property of the National Union or the Local Unit;*

*(10) Working as a strike breaker or violating wage or work standards established by the International Union or NAGE or a Local Unit;*

*(11) The bringing of false charges against a member or officer without good faith or with malicious intent;*

*(12) Failing to pay his or her proper union membership dues, or failing to remit proper dues from the local to the National;*

*(13) Discrimination or advocacy of forbidden discrimination against any other member*

on the basis of race, ethnicity, creed, color, religion, gender, marital status, sexual orientation, national origin, ancestry, age, or disability.

If such charges are substantiated in accordance with the procedures established hereafter,
such remedial and/or punitive action can be taken as is justified and in the best interest of the organization and its members.

## B. Disciplinary action, up to and including the imposition of trusteeship or the

## dissolution of the local unit, may be taken:

*(1) When a local, through misfeasance, malfeasance, or nonfeasance fails to meet its duty of fair representation to its members;*
*(2) When a local fails to meet its financial obligations to the National, or to any other vendor or obligee.*
*(3) When the local fails in its duty to its membership;*

### (4) When the Local fails to preserve and protect its assets, fails to meet its legal

### obligations, or fails in any other duty such that its obligations to the members, the

### National, the International, or the Local itself are not being met.

*30*

*C. For the purposes of this document, the following words are defined as follows:*
*1. "Misfeasance" - The improper performance of an act(s) which a person is supposed to do.*
*2. "Malfeasance" - The doing of an act(s) which a person is not supposed to do at all.*
*3. "Nonfeasance" - The omission of or failure to perform an act(s) which a person is supposed to do.*

I had a consultation with the law firm of Weinstock, Friedman, & Friedman about this lawsuit and they advised me that this lawsuit is the most bizarre thing that they have seen in their legal career. The law firm of Weinstock, Friedman, & Friedman confirmed that the new Local President, Rhonda Baird, has a lawsuit against herself as head of Local R3-77. The law firm of Weinstock, Friedman, & Friedman advised me I should answer the lawsuit in the individual capacity and get it dismissed from my individual capacity as it alleges that actions were done in officers "official capacities".

Dick Petta, current NAGE Local R3-77 Steward, advised me that the NAGE Local R3-77 Executive Committee has had quite a few meetings on this matter and admitted that Local R3-77 is in fact party to the lawsuit as it alleges that actions were done in officers "official capacities". Dick also advised me that the NAGE Local R3-77 Executive Committee voted to set aside $3,000 of NAGE Local R3-77 dues money to reimburse legal fees of former officers who were named in the lawsuit. I advised Dick that I am a former officer of NAGE Local R3-77 and have no authority to defend the lawsuit on the Local's behalf. I will not be fronting the money to defend the Local, thus not requiring reimbursement. I seriously doubt that David Holway is paying Bredhoff & Kaiser's legal

fees out of his own pocket, then requesting that NAGE National reimburse him. I am pretty sure that NAGE National directly pays Bredhoff & Kaiser's legal fees.

While the new Local R3-77 President, Rhonda Baird, may be claiming that she has recused herself from this matter, her own lawsuit states that the Local President is ultimately responsible for actions of officers and the Local which is why she has Dick Petta as a Defendant. Why would the same not hold true when here when the Local President is fully aware that this matter has been lingering for about 6 months without action. With a meritorious defense that is contained in the September 28, 2007 FLRA decision, I am bewildered as to why Local R3-77 is not taking action to defend the lawsuit.

**I am currently a dues paying member and I would like a response in writing as to what NAGE Local R3-77 plans to due about this matter as Dick Petta brought this matter up since April 2007 and he informed me that he has not received a written and declarative response from NAGE Local R3-77. I am also requesting to see the minutes of all NAGE Local R3-77 Executive Committee meetings since April 2, 2007. If there was e-mail correspondence on this matter by the NAGE Local R3-77 Executive Committee, then I would like to see their deliberations in writing. If my request is denied, I would like a written response outlining the reasons and rationale.**


Thank you,
Dwayne Jeffers
Former Local Official

| | |
|---|---|
| **From:** | Yamaoka Craig |
| **Sent:** | Wednesday, October 10, 2007 6:45 PM |
| **To:** | Stroik Steve; Reed Wayne; Blair Kim; Baird Rhonda |
| **Subject:** | Monthly Meeting |

General Reminder:

Tomorrow, 10/11/07 at 12:00pm, NAGE Local R3-77 will have its monthly members meeting. Main topic of discussion will be the upcoming Mid-Term Negotiations. Please plan to attend this important meeting. Thank you.

# EXHIBIT  25

## Jeffers Dwayne

**From:** Baird Rhonda

**Sent:** Thursday, April 26, 2007 5:22 PM

**To:** Petta Richard; Baird Steven; Reed Wayne; Stroik Steve; Yamaoka Craig

**Subject:** RE: Request for Representation

**Dick, of course i will recuse myself from this decision since this is the suit i brought against NAGE, and the Local's former officers. However, i request an opportunity to speak to the Executive Committee members about it because the suit was brought on my behalf *and on behalf of the Local*.**

---

**From:** Petta Richard
**Sent:** Thu 4/26/2007 4:18 PM
**To:** Baird Rhonda; Baird Steven; Reed Wayne; Stroik Steve; Yamaoka Craig
**Cc:** Petta Richard
**Subject:** Request for Representation

On April 25, 2007, I was advised by Gina Lightfoot Walker, Deputy General Council of NAGE, that the national office would not be representing the Local's interests in District Court case number 1:06CV01985, a.k.a. Rhonda Baird v. David Holway, President of NAGE, Richard Petta, an officer of NAGE, Dwayne Jeffers, and Robert Perry. She further advised that I request representation by Local R3-77 since the suit involves my actions as President of the Local. I hereby request representation by the Local in this matter. Further, responses to this suite are due to the court by May 2, 2007, and therefore quick action by the Executive Committee is necessary.